UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM<br>1170 Country Lane<br>Winston-Salem, N.C. 27107,<br><br>    *Plaintiff,*<br><br>v.<br><br>DONALD C. WINTER<br>Secretary of the Navy<br>The Pentagon<br>Washington, D.C. 20350,<br><br>    *Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT

Jurisdiction

1. The Court has jurisdiction under 28 U.S.C. § 1331, 10 U.S.C. § 1552, and the Fifth Amendment.

Parties

2. Plaintiff, a white male, is a retired Navy Chaplain.

3. Defendant is Secretary of the Navy.

Facts

4. On August 1, 1996, plaintiff was involuntarily retired in accordance with a recommendation of the Fiscal Year ("FY") 1996 Selective Early Retirement Board ("SERB").

5. The SERB was governed by a precept that established a preference for minority personnel.

6. The precept's "Supplemental Guidance" provided, in pertinent part:

3. The Department of the Navy is dedicated to equality of treatment for all personnel without regard to race, creed, color, sex, or national origin. Aggressive commitment to equal opportunity is critical.

    a. Many minority officers have been assigned involuntarily outside the traditional career development patterns, i.e., recruiting, equal opportunity and specific billets requiring minorities. These assignments though beneficial to the interests of the Navy, have resulted in those officers having career patterns different from officers who have been able to serve in their primary or warfare specialties. In making your determination of those officers who are best suited for retention, you must view such assignments as having the same value as assignments within the primary or warfare specialty.

    b. The 1988 CNO [Chief of Naval Operations] Study Group Report on Equal Opportunity in the Navy, which is available to you, noted that minority officers who, prior to entering the Navy, had limited interaction with a predominantly majority environment, may take a longer time to adjust and perform to the level of their contemporaries. This may result in initially lower fitness reports at the junior officer level (through O-3 [full Lieutenant]) and a higher percentage of "late bloomers" than their majority counterparts. You must consider this when evaluating a minority officer.

    c. In evaluating the records of eligible officers, you should be aware that past discrimination may have operated to the disadvantage of minority officers. Such discrimination may have manifested itself in comparatively lower fitness reports. Equivalent performance by a minority officer and a non-minority officer may not have resulted in equivalent fitness reports. You just consider this when evaluating minority officers.

7. When engaged in by the federal government, racial discrimination violates the equal protection component of Fifth Amendment due process.

8. Under SECNAVINST 5350.16, *Equal Opportunity (EO) within the Department of the Navy*—

a. "Unlawful discrimination based on race, ethnicity, color, religion, gender or national origin is strictly *prohibited* and will not be tolerated" (emphasis in original);

b. "Unlawful discrimination" "[i]ncludes discrimination on the basis of race, ethnicity, color, national origin, religion, or sex that is not otherwise authorized by law or regulation";

c. "The [Department of Defense]-wide military program of [Equal Opportunity] . . . provides an environment in which servicemembers are ensured an opportunity to rise to the highest level of responsibility possible in the military profession, dependent only on merit, fitness and capability"; and

d. "Persons shall be evaluated on individual merit, fitness and capability, regardless of race, ethnicity, color, sex, national origin or religion."

9. Starting in 2002, plaintiff sought relief from the Board for Correction of Naval Records ("BCNR") on various grounds.

10. In a 2003 amended application, he asked the BCNR to overturn the SERB because the Supplemental Guidance constituted illegal reverse racial discrimination.

11. The BCNR denied plaintiff's amended application.

12. In later correspondence which the BCNR treated as a request for reconsideration, plaintiff stated through counsel:

3

The Supplemental Guidance unmistakably places a "thumb on the scale" by stating that "[a]ggressive commitment to equal opportunity is critical." This is not subtle, and it represents reverse discrimination that inures to the detriment of white officers such as Chaplain Byrum. The rest of ¶ 3 continues this theme.

Paragraph 3a refers to assignment patterns—"recruiting, equal opportunity and specific billets requiring minorities"—that have no meaningful application in the case of Chaplain Corps officers. The provision is also improper because board members would have no way of knowing whether the minority officers had in fact served in such assignments *involuntarily.*

The "late bloomer" theory imposed on the board members by ¶ 3b affords an unjustified across-the-board benefit on minority officers by effectively telling board members they may discount fitness reports earned while such officers served in the first three pay grades. Non-minority officers may also be "late bloomers" for cultural and socio-economic reasons (*e.g.*, rural roots, poverty, foreign birth, and/or limited educational opportunities), but the Supplemental Guidance nowhere recognizes this.

Finally, ¶ 3c is improper because (a) it rests on the notion that a study completed seven years earlier, with no indication that the earlier conditions were applicable to the officers being considered by the FY96 SERB, and (b) encourages board members to discount the fitness reports of the minority Chaplains under consideration in the absence of any evidence that the claimed historical disparity asserted actually applied to those officers.

The practical effect of ¶ 3 was to afford minority personnel a preference in the board's decisional process based on generic assertions about the treatment of minority personnel, rather than focusing on the records of the individual minority officers. Taken as a whole, ¶ 3 violates the equal protection component of Fifth Amendment due process. The Supplemental Instructions do not withstand strict scrutiny, which is the pertinent test.

13. The BCNR again denied relief.

## Cause of Action

14. The averments of ¶¶ 1-13 are incorporated herein by reference.

15. The BCNR's denial of relief was contrary to law.

## Prayer

WHEREFORE, having no adequate remedy at law, plaintiff prays that the Court—

a. set aside the BCNR's decisions;

b. order defendant to—

    (i) reinstate him on active duty;

    (ii) correct his record to show that he was never retired and by expunging all reference to the SERB; and

    (iii) cause him to be considered for promotion to Captain; and

c. grant such other and further relief as may in the circumstances be just and proper.

Respectfully submitted,

*Eugene R. Fidell*

Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, DC 20036
(202) 466-8960

December 11, 2006

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Rev. GEORGE P. BYRUM
1170 Country Lane
Winston-Salem, NC 27107

## DEFENDANTS

DONALD C. WINTER
Secretary of the Navy
The Pentagon
Washington, DC 20350

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Forsyth County
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eugene R. Fidell
Matthew S. Freedus
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., Second Floor
Washington, DC 20036
(202)466-8960

ATTORNEYS (IF KNOWN)

Hon. Jeffrey A. Taylor
United States Attorney
c/o Chief, Civil Division
Attn: Civil Process Clerk
555 4th Street, N.W.
Washington, DC 20001

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

- ○ **A. Antitrust**
  - ☐ 410 Antitrust

- ○ **B. Personal Injury/Malpractice**
  - ☐ 310 Airplane
  - ☐ 315 Airplane Product Liability
  - ☐ 320 Assault, Libel & Slander
  - ☐ 330 Federal Employers Liability
  - ☐ 340 Marine
  - ☐ 345 Marine Product Liability
  - ☐ 350 Motor Vehicle
  - ☐ 355 Motor Vehicle Product Liability
  - ☐ 360 Other Personal Injury
  - ☐ 362 Medical Malpractice
  - ☐ 365 Product Liability
  - ☐ 368 Asbestos Product Liability

- ● **C. Administrative Agency Review**
  - ☐ 151 Medicare Act
  - Social Security:
  - ☐ 861 HIA ((1395ff)
  - ☐ 862 Black Lung (923)
  - ☐ 863 DIWC/DIWW (405(g)
  - ☐ 864 SSID Title XVI
  - ☐ 865 RSI (405(g)
  - Other Statutes
  - ☐ 891 Agricultural Acts
  - ☐ 892 Economic Stabilization Act
  - ☐ 893 Environmental Matters
  - ☐ 894 Energy Allocation Act
  - ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

- ○ **D. Temporary Restraining Order/Preliminary Injunction**

  Any nature of suit from any category may be selected for this category of case assignment.

  *(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. § 1331, 10 U.S.C. § 1552, and the Fifth Amendment

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND: YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE December 11, 2006    SIGNATURE OF ATTORNEY OF RECORD *[signature]*

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.