# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM,<br><br>       Plaintiff,<br><br>       v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      Civil Action No. 06-02102 (RJL) |

## DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS

Dated: May 7, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

**/s/ Kathryn L. Wyer**
KATHRYN L. WYER
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7218
Washington, D.C.  20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

## TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.     THE UNITED STATES HAS NOT WAIVED SOVEREIGN IMMUNITY
          FOR PLAINTIFF'S CLAIM IN THIS COURT. . . . . . . . . . . . . . . . . . . . . . . . . 3

          A.    The Tucker Act Provides An Adequate Remedy For Plaintiff's Claim
               In The Court of Federal Claims . . . . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . 4

          B.    This Court Lacks Jurisdiction Even Though Plaintiff's Tucker Act
               Claim Is Now Barred By The Statute of Limitations . . . . . . . . . . . . . . . .7

    II.    PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES
          BECAUSE HE DID NOT REQUEST, AND WAS NOT GRANTED OR
          DENIED, A SPECIAL BOARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    III.   PLAINTIFF'S FACIAL CONSTITUTIONAL CHALLENGE IS TIME
          BARRED AND HIS BCNR CHALLENGE FAILS TO STATE A CLAIM . . . 12

          A.    Because Navy Regulations Place The Burden Of Proof On BCNR
               Applicants, Plaintiff Fails To State A Claim That The BCNR's
               Decisionmaking Process Was Improper . . . . . . . . . . . . . . . . . . . . . . . . 13

          B.    Plaintiff Failed To Bring A Facial Constitutional Challenge Within Six
               Years Of His Retirement And Cannot Do So Now . . . . . . . . . . . . . . . . 16

    IV.   PLAINTIFF CANNOT SPLIT HIS CLAIM BY ARGUING HIS SELECTION
          WAS CAUSED BY RACIAL DISCRIMINATION IN ONE PROCEEDING
          AND BY RELIGIOUS DISCRIMINATION IN ANOTHER . . . . . . . . . . . . . . 18

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

# TABLE OF AUTHORITIES

Allegheny County Sanitary Auth. v. EPA,
    732 F.2d 1167 (3d Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Berkley v. United States,
    48 Fed. Cl. 361 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Brem-Air Disposal v. Cohen,
    156 F.3d 1002 (9th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Bublitz v. Brownlee,
    309 F. Supp. 2d 1 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

Dougherty v. BCNR,
    784 F.2d 499 (3d Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Frizelle v. Slater,
    111 F.3d 172 (D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Hadera v. INS,
    136 F.3d 1338 (D.C. Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Kidwell v. Dep't of the Army,
    56 F.3d 279 (D.C. Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Kreis v. Sec'y of Air Force,
    866 F.2d 1508 (D.C. Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Larsen v. United States Navy,
    No. 02-2005, 2007 WL 1241861 (D.D.C. Apr. 30, 2007) . . . . . . . . . . . . . . . . . . . 18-19

Larson v. Northrop Corp.,
    21 F.3d 1164 (D.C. Cir. 1994)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 17

Lebrun v. England,
    212 F. Supp. 2d 5 (D.D.C. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Levant v. Roche,
    384 F. Supp. 2d 262 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Martinez v. United States,
    333 F.3d 1295 (Fed. Cir. 2003) (en banc)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

iii

Mittleman v. United States Treasury,
    773 F. Supp. 442 (D.D.C. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Ortiz v. Sec'y of Defense,
    41 F.3d 738 (D.C. Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

P&V Enters. v. United States Army Corps of Eng'rs,
    466 F. Supp. 2d 134 (D.D.C. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Randall v. United States,
    95 F.3d 339 (4th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Ricks v. United States,
    65 Fed. Cl. 826 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7, 14, 18

Roth v. United States,
    378 F.3d 1371 (Fed. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Sinclair v. United States,
    66 Fed. Cl. 487 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Spannaus v. Dep't of Justice,
    824 F.2d 52 (D.C. Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Spinelli v. Goss,
    446 F.3d 159 (D.C. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Stanton v. District of Columbia Court of Appeals,
    127 F.3d 72 (D.C. Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Suburban Mortgage Assocs., Inc. v. HUD,
    480 F.3d 1116 (Fed. Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5, 6

Tootle v. Sec'y of Navy,
    446 F.3d 167 (D.C. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

Tortorella v. United States,
    No. 06-10054, 2007 WL 1243939 (D. Mass. Apr. 30, 2007) . . . . . . . . . . . . . . . . . . . . . . 6

Transohio Savings Bank v. OTS,
    967 F.2d 598 (D.C. Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Velikonja v. Ashcroft,
    355 F. Supp. 2d 197 (D.D.C. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Webman v. Fed. Bur. of Prisons,
    441 F.3d 1022 (D.C. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

W. Shoshone Nat'l Council v. United States,
    357 F. Supp. 2d 172 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Williston Basin Interstate Pipeline Co. v. FERC,
    475 F.3d 330 (D.C. Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5 U.S.C. §§ 701-706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10 U.S.C. § 628 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

10 U.S.C. § 1552 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 11, 15

10 U.S.C. § 1558 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 4, 9, 10, 11, 12, 16, 18

28 U.S.C. § 1292(d)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

28 U.S.C. § 1491 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4, 7

28 U.S.C. § 1631 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

28 U.S.C. § 2401(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 17

28 U.S.C. § 2501 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

37 U.S.C. § 204 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

32 C.F.R. § 723.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 14

32 C.F.R. § 723.9 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

## <u>INTRODUCTION</u>

Plaintiff has failed to establish this Court's subject matter jurisdiction or rebut Defendant's contention that he has failed to state a claim, and this Court should therefore dismiss this case. Plaintiff's response to Defendant's motion to dismiss relies on his application to the Navy's administrative correction board – or more specifically, a petition for reconsideration of the board's decision on his initial application – as a vehicle to mount a facial challenge to an equal opportunity instruction that is over ten years old and no longer in effect. The correction board properly considered Plaintiff's application to correct his military record and his subsequent petitions for reconsideration. The board applied the standards it was required to apply under its governing regulations. As explained below, Plaintiff's application to the correction board cannot give rise to a facial constitutional challenge in this Court, and Plaintiff has failed to provide any authority to the contrary.

First, the recent Federal Circuit decision in <u>Suburban Mortgage Assocs., Inc. v. HUD</u>, 480 F.3d 1116 (Fed. Cir. 2007), makes clear that the United States has not waived sovereign immunity in this case. Although Plaintiff fails to mention monetary relief in his Complaint, back pay is at issue in this litigation. Plaintiff therefore has an adequate remedy for his claim under the Military Pay Act in the Court of Federal Claims. The availability of relief in that court deprives this Court of jurisdiction.

Second, Plaintiff's application for correction of his military record did not serve to exhaust the administrative remedy that is statutorily required for challenges to selection board decisions. Plaintiff never requested that a special board consider his early retirement selection anew, and the Secretary never granted or denied such a request, as required under 10 U.S.C. §

1

1558.  In arguing to the contrary, Plaintiff incorrectly characterizes the correction board

proceeding that did occur as a proceeding of a special board.  But the correction board here did

not consider Plaintiff's selection anew; it considered whether Plaintiff's record should be

corrected because of probable material error or injustice.  Plaintiff prematurely attempts to seek

relief that can only be obtained through a special board.

Third, Plaintiff's facial constitutional challenge to the 1996 SERB precept accrued on

August 1, 1996, the date of his early retirement, and is now barred by the six-year statute of

limitations.  While Plaintiff claims to be challenging a December 8, 2006 correction board

decision, he argues that the level of scrutiny and burden of proof applicable in the context of a

facial constitutional challenge should still apply to the Court's review.  However, the correction

board is not a court of law that issues legal opinions on the facial validity of Navy regulations

which this Court would review de novo.  Rather, correction board regulations place the burden

on an applicant to provide clear and convincing evidence of material error or injustice in the

applicant's record, and unless the applicant meets this burden, the correction board is entitled to

presume that the Navy acted properly.  Thus, to the extent Plaintiff's claim subjects the

correction board decision to review, Plaintiff fails to assert any cognizable defect in the board's

decisionmaking process.  Accordingly, if his claim is not dismissed as time barred, it must be

dismissed for failure to state a claim.

Fourth, Plaintiff's attempt to assert inconsistent theories in different proceedings

regarding the reason for his selection for early retirement is in violation of the rule against claim

splitting.  Plaintiff should not be allowed to pursue a claim in one proceeding in this court on the

theory that the only possible reason for his selection was religious discrimination, and

2

simultaneously pursue a claim in a separate proceeding on the theory that his selection was caused by racial discrimination. The only way to reconcile these competing theories and to ensure consistent results is to dismiss this case and require Plaintiff to attempt to raise his racial discrimination argument in the earlier-filed Gibson et al. v. United States Navy et al., No. 06-1696, proceeding.

## ARGUMENT

## I.     THE UNITED STATES HAS NOT WAIVED SOVEREIGN IMMUNITY FOR PLAINTIFF'S CLAIM IN THIS COURT

Although Plaintiff's Complaint avoids any mention of money damages, the fact that Plaintiff had an adequate remedy for his claim if he had sought back pay in the Court of Federal Claims deprives this Court of jurisdiction because there is no applicable statutory waiver of sovereign immunity. See Suburban Mortgage Assocs., Inc. v. HUD, 480 F.3d 1116, 1125-26 (Fed. Cir. 2007).[1] The United States is immune from suit without its consent, and this consent is

---

[1] Defendant did not raise the issue of sovereign immunity in his initial memorandum in support of his motion to dismiss. Defendant did not become aware until after that motion was filed of the Federal Circuit's recent ruling in Suburban Mortgage Associates, Inc. v. HUD, 480 F.3d 1116 (Fed. Cir. 2007), clarifying the waiver of sovereign immunity provided by the Administrative Procedure Act, 5 U.S.C. §§ 701-706, in relation to claims for which an adequate remedy is available under the Tucker Act, 28 U.S.C. § 1491(a). Under 28 U.S.C. § 1292(d)(4)(A), the Federal Circuit has exclusive jurisdiction over appeals from decisions on motions pursuant to 28 U.S.C. § 1631 to transfer cases from a federal district court to the Court of Federal Claims in order to cure want of jurisdiction. See W. Shoshone Nat'l Council v. United States, 357 F. Supp. 2d 172, 175 n.6 (D.D.C. 2004). Defendant has not filed a motion to transfer here because, as explained below, it is clear that Plaintiff's claim would be time barred in the Court of Federal Claims, and a transfer would therefore not be "in the interest of justice." 28 U.S.C. § 1631. Nevertheless, in light of the Federal Circuit's authority in this area, its opinion in Suburban Mortgage should be accorded substantial weight. Because the analysis in Suburban Mortgage would be dispositive on the issue of this Court's subject matter jurisdiction, Defendant brings it to the attention of the Court. See Fed. R. Civ. P. 12(h); Williston Basin Interstate Pipeline Co. v. FERC, 475 F.3d 330, 336 (D.C. Cir. 2006) ("[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." (internal

a prerequisite to a court's jurisdiction.  Webman v. Fed. Bur. of Prisons, 441 F.3d 1022, 1025

(D.C. Cir. 2006).  Sovereign immunity may be waived by statute, but any such waiver must be

strictly construed in favor of the sovereign.  Id.

 For claims seeking nonmonetary relief against the government, the Administrative

Procedure Act ("APA"), 5 U.S.C. §§ 701-706, waives sovereign immunity, but only if there is no

"adequate remedy . . . available elsewhere."  Transohio Savings Bank v. OTS, 967 F.2d 598, 607

(D.C. Cir. 1993).   For nontort claims seeking monetary relief, judicial review is available under

the Tucker Act, 28 U.S.C. § 1491, and the Court of Federal Claims has exclusive jurisdiction

over Tucker Act claims that exceed $10,000.  See Suburban Mortgage Assocs., Inc., 480 F.3d at

1121 n.8.

 Here, if Plaintiff were ultimately successful in his claim, the statutory scheme would

entitle him to back pay from the date of his early retirement.  See 10 U.S.C. §§ 1552(c), 1558(c).

As Plaintiff's early retirement occurred in 1996, there is no question that this amount would

exceed $10,000.  As explained below, Plaintiff's failure to mention money damages in his

Complaint does not change the availability of an adequate remedy for his claim under the Tucker

Act, and the APA therefore does not waive sovereign immunity in this case.

**A.** **The Tucker Act Provides An Adequate Remedy For Plaintiff's Claim In The Court of Federal Claims**

 In Suburban Mortgage Associates, Inc. v. HUD, a recent opinion issued on March 12,

2007, the Federal Circuit reexamined "the jurisdictional boundary between the Tucker Act and

the [APA]."  480 F.3d at 1117.  In its discussion, the court emphasized the recurring difficulty

---

quotation omitted)).

4

with plaintiffs attempting to avoid Tucker Act jurisdiction by claiming to seek only equitable

relief, even though they would receive monetary damages if they prevailed in their claim. See id.

at 1124 (referring to "a sort of cottage industry among lawyers attempting to craft suits,

ultimately seeking money from the Government, as suits for declaratory or injunctive relief

without mentioning the money"); see also Bublitz v. Brownlee, 309 F. Supp. 2d 1, 6 (D.D.C.

2004) (similarly recognizing this difficulty and holding that "not all complaints asking for

equitable relief will be taken at face value" when assessing Tucker Act jurisdiction) (citing

Kidwell v. Dep't of the Army, 56 F.3d 279, 284 (D.C. Cir. 1995))).

　　　　The Federal Circuit in Suburban Mortgage therefore concluded that a jurisdictional

analysis should begin with an inquiry into whether an adequate Tucker Act remedy is available.

480 F.3d at 1125; accord Randall v. United States, 95 F.3d 339, 346 (4th Cir. 1996). Such an

approach avoids the necessity of attempting to make "linguistic distinction[s]" between claims

that expressly seek money and those that are "dress[ed] up" as claims for equitable relief.

Suburban Mortgage Assocs., Inc., 480 F.3d at 1124. The question becomes not whether the

plaintiff did seek money in his complaint, but whether it would be possible to obtain adequate

relief if a monetary claim were filed in the Court of Federal Claims.[2] See id. at 1126 (observing

---

　　　　[2]The D.C. Circuit has held that the Court of Federal Claims has exclusive jurisdiction
over a claim where a plaintiff "'in essence' seeks more than $10,000 in monetary relief," even
where the complaint does not request money damages. Kidwell, 56 F.3d at 284. Because this
question requires an examination of what a plaintiff is seeking, rather than whether an adequate
remedy is available in the Court of Federal Claims, the D.C. Circuit's analysis has focused
primarily on the complaint itself, but only if the equitable relief requested is "not 'negligible in
comparison' with the potential monetary recovery." Tootle v. Sec'y of Navy, 446 F.3d 167, 176
(D.C. Cir. 2006). On the other hand, where the equitable relief sought by a plaintiff "lacks
considerable value independent of any future potential for monetary relief," a court is justified in
viewing the asserted request "merely as a pretext in an attempt to avoid the Court of Federal
Claims' exclusive jurisdiction." Bublitz, F. Supp. 2d at 7 (internal quotation omitted). This is so

that any of the independent limitations on the APA's waiver of sovereign immunity, whether the "adequate remedy" limitation or the "money damages" limitation, is "enough to deny a district court jurisdiction under the APA").  At least one federal district court has already recognized the clarity that Suburban Mortgage brings to this analysis.  Tortorella v. United States, No. 06-10054, 2007 WL 1243939, at *3 (D. Mass. Apr. 30, 2007).

Here, an adequate remedy for Plaintiff's claim is available in the Court of Federal Claims. Regardless of whether Plaintiff's Complaint is construed as seeking review of the Board for Correction of Naval Records ("BCNR")'s decisions or as directly challenging his early retirement, he could have brought the challenge by seeking back pay in the Court of Federal Claims pursuant to the Military Pay Act, 37 U.S.C. § 204.  See Roth v. United States, 378 F.3d 1371, 1383-84 (Fed. Cir. 2004); Sinclair v. United States, 66 Fed. Cl. 487, 490-91 (2005). Indeed, there can be no question that this is so, as the Court of Federal Claims has considered challenges nearly identical to the one Plaintiff has brought here, where a servicemember's discharge or early retirement was claimed to be invalid based on an allegedly unconstitutional instruction in effect at his promotion or selective early retirement board.  E.g., Ricks v. United

---

even where the monetary benefits "would flow to the plaintiff . . . from the structure of statutory and regulatory requirements governing compensation when a servicemember's files change."  Id. at 8 (internal quotation omitted).  Plaintiff's claim would be subject to exclusive Court of Federal Claims jurisdiction under this analysis because,  unlike cases in which a servicemember seeks to overturn a dishonorable discharge, here Plaintiff has no "dignity interest" in the equitable relief he requests – reinstatement and consideration for promotion.  Compare Kidwell, 56 F.3d at 285 (changing the basis for plaintiff's discharge would lift shame associated with dishonorable discharge), with Bublitz, F. Supp. 2d at 8 (plaintiff has no dignity interest in changing the dates of his service).  Even if Plaintiff's claim for equitable relief did have some independent value, however, Plaintiff still would have an  "adequate remedy" in the Court of Federal Claims under the analysis described in Suburban Mortgage.  By focusing on the availability of an adequate remedy under the Tucker Act as an initial matter, the Court avoids the need to evaluate the nature of the equitable relief that Plaintiff seeks.

States, 65 Fed. Cl. 826 (2005); Berkley v. United States, 48 Fed. Cl. 361 (2000), rev'd on

nonjurisdictional grounds, 287 F.3d 1076 (Fed. Cir. 2002).

Moreover, the remedy available in the Court of Federal Claims for such actions is

adequate.  As the Federal Circuit has recognized, in order to provide an entire remedy, the Tucker

Act expressly allows the court in a Military Pay Act case to "'issue orders directing restoration to

office or position, placement in appropriate duty or retirement status, and correction of applicable

records.'"  Roth, 378 F.3d at 1384 (quoting 28 U.S.C. § 1491(a)(2)).  There is nothing that

Plaintiff requests in his Complaint that he could not have obtained if he had filed and prevailed

on a Military Pay Act/Tucker Act claim in the Court of Federal Claims.

**B.    This Court Lacks Jurisdiction Even Though Plaintiff's Tucker Act Claim Is
       Now Barred By The Statute of Limitations**

As Plaintiff notes, it is settled law under the Tucker Act that the statute of limitations in

military discharge cases begins to run on the date of discharge, whether the servicemember

challenges the discharge itself or a correction board's review of the discharge decision.  Martinez

v. United States, 333 F.3d 1295, 1308 (Fed. Cir. 2003) (en banc) (holding that correction board

proceedings do not toll the Tucker Act's six-year statute of limitations set forth in 28 U.S.C. §

2501).  As Plaintiff retired on August 1, 1996, the statute of limitations on a Tucker Act claim

expired on August 1, 2002.  However, the fact that Plaintiff is now time barred from bringing his

claim in the Court of Federal Claims does not change the conclusion that an adequate remedy

precludes the APA's waiver of sovereign immunity in this case.  See Mittleman v. United States

Treasury, 773 F. Supp. 442, 451 (D.D.C. 1991) (dismissing claims as barred by the statute of

limitations applicable to a statutory claim after holding that the statute provided an adequate

remedy); see also Brem-Air Disposal v. Cohen, 156 F.3d 1002, 1005 (9th Cir. 1998) (holding

that plaintiff's failure to comply with the statutory notice requirement of the Resource

Conservation and Recovery Act did not render a suit under that Act an inadequate remedy that

would allow the APA's waiver to be effective); Allegheny County Sanitary Auth. v. EPA, 732

F.2d 1167, 1177 (3d Cir. 1984) (holding APA review was unavailable where a plaintiff had an

adequate remedy through the citizen suit provision of the Water Pollution Control Act, despite

the latter's notice requirement).

      To the contrary, recognizing the Court of Federal Claims as the proper forum for

Plaintiff's claim appropriately avoids the potential of providing Plaintiff with a windfall as a

result of his delay in filing his court challenge.  Courts have recognized that the fact that

monetary relief is at issue – whether or not a plaintiff expressly requests it – is an important

consideration in determining whether the decision of an administrative review board results in

the accrual of a new cause of action for purposes of the statute of limitations.  See Martinez, 333

F.3d at 1309 (citing the fact that "the passage of time would increase the potential liability of the

United States for back pay" in support of its holding that no new cause of action is created by a

correction board decision); Dougherty v. BCNR, 784 F.2d 499, 502 (3d Cir. 1986) (supporting its

recognition of a renewed six-year statute of limitations for review of a BCNR decision by

observing that plaintiff had expressly relinquished any claim to money damages, and the case

thus presented "no danger of accumulating damages by delaying bringing a corrective action").

      Moreover, a plaintiff should not be able to circumvent the exclusive jurisdiction of the

Court of Federal Claims over Tucker Act claims where more than $10,000 is at issue merely by

waiting until the statute of limitations on their Tucker Act claim has run before filing suit in a

district court.  Such a result would be contrary to Congress's intent, expressed through 28 U.S.C.

§ 2501, that the interest in repose "trump a plaintiff's right to seek a remedy" after the six-year

limitations period has expired.  Larson v. Northrop Corp., 21 F.3d 1164, 1172 (D.C. Cir. 1994).

The statute of limitations is therefore not an appropriate factor to consider when assessing

whether the United States has consented to suit under the APA based on a plaintiff's lack of an

adequate remedy elsewhere.

Because Plaintiff has an adequate remedy in the Court of Federal Claims, the APA does

not waive sovereign immunity for his claim, and this Court therefore lacks subject matter

jurisdiction over this case.  Because the statute of limitations on Plaintiff's Tucker Act claim has

run, this Court should dismiss Plaintiff's claim.[3]

## II.    PLAINTIFF FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES BECAUSE HE DID NOT REQUEST, AND WAS NOT GRANTED OR DENIED, A SPECIAL BOARD

Plaintiff failed to exhaust the administrative remedy required under 10 U.S.C. § 1558 for

SERB decision challenges.  Under this provision, judicial review of SERB decisions is

unavailable unless a servicemember's claim has either been considered by a special board or the

Secretary has denied the convening of a special board.  See 10 U.S.C. § 1558(f).   Plaintiff

---

[3]As noted supra, note 1, Defendant has not sought, in the alternative, that the Court transfer this case to the Court of Federal Claims, pursuant to the Court's authority under 28 U.S.C. § 1631 to consider whether such a transfer is "in the interest of justice."  See Tootle, 446 F.3d at 173.  Because Federal Circuit law is clear that Plaintiff's claim would be time barred as of six years from the date of Plaintiff's retirement, or August 1, 2002, it would be futile for the Court to effect such a transfer here.  See Hadera v. INS, 136 F.3d 1338, 1341 (D.C. Cir. 1998) (holding it would not be in the interest of justice to transfer a claim that would have been untimely if filed in the other forum).

acknowledges in his response brief that § 1558 applies to this action, yet he summarily dispenses with the statute's exhaustion requirement by stating that a BCNR "can serve" as a special board and that the BCNR itself stated that Plaintiff had satisfied the exhaustion requirement for purposes of BCNR consideration.  Pl.'s Statement of Points & Authorities ("Pl.'s Opp.") at 10-11.[4]  However, Plaintiff conflates the specific requirements of § 1558 with the general procedures for petitions for correction of records under 10 U.S.C. § 1552.  Plaintiff's reading would render § 1558 meaningless and allow any applicant for correction of his military record to circumvent the express statutory restrictions on judicial review of selection board decisions.

There is a difference between a "special board" and a records correction board.  Under § 1552, a records correction board determines whether there has been "error" or "injustice" in a servicemember's military record.  10 U.S.C. § 1552(a)(1).  In contrast, a "special board" stands in the place of a previously convened selection board to determine whether a servicemember who was previously either considered or not considered by that selection board should now be recommended for early retirement, among other possibilities.  Id. § 1558(b)(1)(A).  Essentially, a special board conducts a  de novo review of a servicemember's suitability for a particular military status while a correction board simply addresses whether an individual's record contains a clear error or whether equitable considerations warrant relief.

The different functions of these boards are reflected in the relative difficulty of obtaining

---

[4]In this memorandum, Defendant will refer to Plaintiff's Statement of Points and Authorities as "Pl.'s Opp.," and to Defendant's opening memorandum in support of his motion to dismiss as "Def.'s Mem."  As neither version of the Statement that Plaintiff filed includes page numbers, Defendant's page references refer to the ECF-generated numbers at the top right corner of the pages of Plaintiff's Statement.

consideration by them.  A petition for correction of a servicemember's record under § 1552, such as that filed by Plaintiff, is made by filling in a form that goes directly to the BCNR.  32 C.F.R. § 723.3 (directing applicant to address application to BCNR); see AR 1 (Plaintiff's initial application using BCNR application form).  BCNR consideration of § 1552 applications is automatic, subject to the jurisdictional limitations in § 723.3(c), which include the requirement that the applicant have "exhaust[ed] all available administrative remedies."  Id. § 723.3(c)(4).[5]

There is no such automatic consideration of special board applications under § 1558.  The exhaustion requirement in § 1558 specifies that a claimant must submit a "complete application for consideration by a special board" to the Secretary, 10 U.S.C. § 1558(f)(4), and that the Secretary must then decide whether or not to submit the application to a special board for consideration, id. § 1558(f)(1).  Thus, under that statute, a special board will consider an application *only if* the Secretary determines consideration is appropriate, or a court overturns the Secretary's denial of a special board.  Id. § 1558(f)(1), (2)(B).  Moreover, the BCNR may serve as a special board for purposes of § 1558 *only* "*if* designated as a special board by the Secretary" for purposes of a particular claimant's application.  Id. § 1558(b)(1)(B) (emphasis added).  It is clear in this case that the BCNR only considered whether Plaintiff's record should be corrected due to error or injustice, based on the arguments he presented.  The BCNR never considered

_____

[5]Of course, the exhaustion requirement in § 723.3(c) for purposes of BCNR consideration is quite different from that in § 1558 for judicial review of selection board decisions, and the BCNR's statement that Plaintiff here exhausted his administrative remedies refers to the former, not the latter.  See, e.g., Ortiz v. Sec'y of Defense, 41 F.3d 738, 739 (D.C. Cir. 1994) ("former servicemembers [seeking to petition the correction board regarding their discharge must] exhaust their administrative remedies with the [military Discharge] Review Board before seeking redress from the Correction Board").

anew whether Plaintiff should be selected for early retirement, as a special board would have.

By attempting to recast the BCNR's consideration of Plaintiff's application for correction of his record, and his subsequent petitions for reconsideration, as a recommendation or report of a special board, Plaintiff is attempting to bypass not only the exhaustion requirement of § 1558(f) but also the remedy provided by that statute. The statute requires that a court that overturns the Secretary's denial of a special board must remand the case to the Secretary so that a special board may consider whether the claimant is entitled to the ultimate relief (here, reinstatement and consideration for promotion) that is sought. Id. § 1558(f)(2)(B).

Here, the Secretary never had an opportunity to grant or deny a special board because Plaintiff never requested one. The BCNR did not act as a special board, and no board other than the original 1996 SERB has considered whether Plaintiff should be selected for early retirement. Because Plaintiff failed to exhaust the administrative remedy required under § 1558(f), this Court lacks jurisdiction to consider Plaintiff's claim. See Spinelli v. Goss, 446 F.3d 159, 162 (D.C. Cir. 2006) (plaintiff's failure to comply with a statutory exhaustion requirement that is a prerequisite to judicial review deprives the court of subject matter jurisdiction).

## III. PLAINTIFF'S FACIAL CONSTITUTIONAL CHALLENGE IS TIME BARRED AND HIS BCNR CHALLENGE FAILS TO STATE A CLAIM

To the extent Plaintiff seeks to mount a facial constitutional challenge to an instruction in the precept governing his 1996 SERB, with the corresponding scrutiny and burden of proof that this would entail, his claim accrued on the date of his early retirement and is therefore barred by the six year statute of limitations. 28 U.S.C. § 2401(a). On the other hand, to the extent Plaintiff seeks review of whether the BCNR decision is "contrary to law," the legal standard to which the

12

BCNR would be held incorporates a level of scrutiny and burden of proof that are different from those which a court of law would apply, and Plaintiff fails to state a claim that could prevail when these different standards are taken into account.

Plaintiff's response brief makes clear that he is trying to have it both ways: He insists that his claim seeks review of the December 8, 2006 BCNR decision, Pl.'s Opp. at 11-12[6], yet his argument asks the Court to review the 1996 precept applying the scrutiny and burden of proof appropriate to a facial constitutional challenge, Pl.'s Opp. at 15, 16. Accordingly, this Court should either dismiss this case as time barred, because Plaintiff's arguments attempt to disguise a facial challenge as a review of a BCNR decision, or dismiss for failure to state a claim, because Plaintiff's arguments fail to recognize the standards that the BCNR itself is required to apply, and which a reviewing court must take into account when analyzing whether the BCNR's decision is "contrary to law."

A.    **Because Navy Regulations Place The Burden Of Proof On BCNR Applicants, Plaintiff Fails To State A Claim That The BCNR's Decisionmaking Process Was Improper**

The flaw in Plaintiff's position is revealed in his characterization of the BCNR decision as having "held that the SERB precept did not violate the Constitution." Pl.'s Opp. at 9. Essentially Plaintiff would have this Court treat the BCNR as if it were a court of law whose "holdings" on issues of law this Court would review de novo. However, the determination of whether the BCNR decision – as distinct from the 1996 SERB decision – is "contrary to law"

---

[6]Plaintiff's response brief alleges that "[t]he complaint challenges the December 8, 2006 denial of his claim." Pl.'s Opp. at 12.

must be made with reference to the standards governing BCNR proceedings.

Under Navy regulations, the BCNR may deny an application for correction of record "if it determines that the evidence of record fails to demonstrate the existence of probable material error or injustice." 32 C.F.R. § 723.3(e)(2). The BCNR is entitled to presume that Naval officers have acted in accordance with the law "in the absence of substantial evidence to the contrary." Id. Moreover, "[a]pplicants have the burden of overcoming this presumption." Id.; see Lebrun v. England, 212 F. Supp. 2d 5, 15 (D.D.C. 2002) (recognizing applicants' burden to rebut this presumption "by clear and convincing evidence"). When applicants seek reconsideration of the BCNR's denial of their application, their burden becomes even greater. Under the governing Navy regulation, reconsideration is only permitted if the applicant presents "new and material evidence," which must be evidence that was "not reasonably available to the applicant at the time of the previous application." 32 C.F.R. § 723.9. Thus, contrary to Plaintiff's assertions, the BCNR did not act "contrary to law" when it placed the burden on Plaintiff to establish the existence of "probable material error or injustice" or to provide "new and material evidence" of such error or injustice in his multiple petitions for reconsideration. Rather, the BCNR was acting in compliance with its governing regulations.[7]

---

[7]Plaintiff argues that the BCNR "inverted the burden of proof," and that the Navy "never proved that Rev. Byrum would have been involuntarily retired in any event." Pl.'s Opp. at 16. These arguments refer to the "harmless error" standard that would apply if a court had held that a regulation is facially unconstitutional in order to determine whether a plaintiff is entitled to relief. See Ricks, 65 Fed. Cl. at 831 (holding that where a court has held that a military board instruction is unconstitutional, the court should remand to the Secretary for his application of the harmless error test). In Frizelle v. Slater, 111 F.3d 172, 179 (D.C. Cir. 1997), a case cited by Plaintiff, the Court of Appeals described the Coast Guard as having applied this standard after an applicant had produced "substantial evidence" that the military had failed to follow its own personnel policies in regard to him. See id. at 177-78. However, there is no question that a

14

The administrative record shows that, in keeping with its function as an entity designed to grant equitable relief in the case of clear error or material injustice, the BCNR did not engage in a facial constitutional analysis of the kind that would be expected of a court of law.  AR 691-3. Nor did the advisory opinion given by the Office of the Judge Advocate General ("OJAG").  AR 681.  Rather, the OJAG opinion cited the 1995 determinations by the Navy JAG that the SERB precept was legally unobjectionable and that the SERB report listing Plaintiff as having been selected for early retirement was legally sufficient, together with a prior 2004 BCNR finding. AR 681.  Based on Plaintiff's failure to offer "new and material evidence" to contradict any of these determinations, the OJAG opinion concluded that "reconsideration is unwarranted."  AR 681.  Again, under Navy regulations, the BCNR, which concurred with the OJAG opinion, was entitled to presume that the 1995 JAG determinations and a prior panel's findings were proper, and to hold Plaintiff to the burden of establishing the contrary.[8]  The BCNR's decisionmaking

_____

correction board applicant bears the initial burden of proof.  Id. at 177 (deferring to correction board's conclusion that plaintiff had failed to provide sufficient evidence in regard to many of his claims).

[8]The BCNR's minority opinion suggested that the OJAG opinion was not responsive to the Assistant General Counsel ("AGC")'s initial direction that Plaintiff's final petition should be given additional consideration.  AR 692; see AR 694 (AGC memo).  In the minority's view, in order to comply with the AGC's direction, the OJAG opinion should have "analyze[d] the language of the precept in light of applicable case law," as well as "analyz[ing] statistical data relevant to the effect the language had on [Plaintiff]."  AR 692.  However, the majority noted that "no statistics have been presented" by Plaintiff.  AR 692.  The AGC had also directed that Plaintiff's counsel be given an opportunity to comment on the OJAG opinion.  AR 694.  When presented with this opportunity, Plaintiff's counsel did not attempt to rebut the OJAG's conclusions but simply referred back to his initial letter.  AR 720.  The same AGC who had issued the direction cited by the minority then approved, on behalf of the Secretary, the BCNR's majority position.  AR 693.  This process reflects the Secretary's understanding that the nature of BCNR review does not involve in-depth constitutional analysis, and that the initial burden of proof is on the applicant.  This understanding is proper and entitled to deference.  See 10 U.S.C. § 1552(a) (delegating the promulgation of correction board procedures to the Secretary, and

process was in accord with its governing regulations, and the Court should therefore hold that Plaintiff has failed to state a viable claim that the BCNR decision was contrary to law, or arbitrary or capricious.  Levant v. Roche, 384 F. Supp. 2d 262, 267 (D.D.C. 2005) (judicial review of a military correction board decision  "requires the Court 'to determine only whether the . . . decision making process [of the Secretary, acting through the board,] was deficient, not whether [its] decision was correct'" (quoting Kreis v. Sec'y of Air Force, 866 F.2d 1508, 1511 (D.C. Cir. 1989))).

**B.    Plaintiff Failed To Bring A Facial Constitutional Challenge Within Six Years Of His Retirement And Cannot Do So Now**

In regard to Plaintiff's constitutional argument, as discussed in Defendant's opening brief, nothing prevented Plaintiff from bringing a facial challenge to the 1996 SERB precept in court within six years of the date of his early retirement, without first seeking recourse before the BCNR.[9]  Def.'s Mem. at 25-26.  If he had done so, the standard of review applicable to facial constitutional challenges would have applied.[10]  However, the six-year statute of limitations set

---

indicating that record correction is warranted "when the Secretary considers it necessary to correct an error or remove an injustice").  Plaintiff has cited no authority to the contrary.

[9]Even the exhaustion requirement of 10 U.S.C. § 1558(f) would not have applied to such a facial constitutional challenge.  See 10 U.S.C. § 1558(g); Def.'s Mem. at 18 n.10.  Thus, there is no basis for tolling the statute of limitations on a facial challenge.

[10]Defendant does not concede that the language in the 1996 precept renders it unconstitutional on its face.  In Defendant's separately-filed motion to stay proceedings related to Plaintiff's summary judgment motion, Defendant has asked this Court to stay proceedings – including briefing and oral argument – related to Plaintiff's summary judgment motion until the Court has resolved the jurisdictional issues raised by Defendant.  If the Court denies Defendant's motion, Defendant has asked the Court for additional time to respond to Plaintiff's summary judgment motion.

forth in 28 U.S.C. § 2401(a) "suggests a judgment by Congress that when six years has passed . . . , the value of repose will trump other interests, such as a plaintiff's right to seek a remedy." Larson, 21 F.3d at 1172. Moreover, this Circuit regards § 2401(a) not only as a statute of repose but also as "a jurisdictional condition attached to the government's waiver of sovereign immunity," which must be strictly construed. Spannaus v. Dep't of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987). It would violate Congress's expressed interest in repose, and contravene an explicit limit on the United States' waiver of sovereign immunity, to allow Plaintiff to use the Navy's correction board as a means of circumventing the six-year statute of limitations in § 2401(a).

This Court should therefore dismiss Plaintiff's facial constitutional challenge to the 1996 SERB precept as time barred because this claim accrued on the date of Plaintiff's early retirement, and expired six years later, on August 1, 2002. Plaintiff's successive petitions to the BCNR for correction of his record do not provide a vehicle for bringing a court challenge to the facial validity of a military regulation. P&V Enters. v. United States Army Corps of Eng'rs, 466 F. Supp. 2d 134, 143 (D.D.C. 2006) (recognizing that a facial constitutional challenge to an agency regulation must be brought within six years of the date when the claimant was allegedly injured by the regulation).[11] Any residual challenge to the BCNR decision itself should likewise be dismissed for failure to state a claim, as explained above.

---

[11]A facial challenge may also be brought within six years of the agency's rejection of plaintiff's petition for amendment or rescission of the challenged regulation. Id. However, since the language in the 1996 SERB precept is no longer in effect, this avenue is not available to Plaintiff in this case.

**IV.    PLAINTIFF CANNOT SPLIT HIS CLAIM BY ARGUING HIS SELECTION WAS CAUSED BY RACIAL DISCRIMINATION IN ONE PROCEEDING AND BY RELIGIOUS DISCRIMINATION IN ANOTHER**

If the Court declines to dismiss Plaintiff's claim on any of the grounds described above, the claim should be dismissed as duplicative of the challenge that Plaintiff has already mounted in the ongoing litigation in <u>Gibson et al. v. United States Navy et al.</u>, No. 06-1696 (D.D.C. transferred from N.D. Fla. Sept. 29, 2006).  The rule against claim-splitting, like the doctrine of res judicata, prohibits a plaintiff from filing the same cause of action in multiple proceedings, regardless of whether the arguments offered in the various proceedings are the same or different.  <u>See</u> <u>Stanton v. District of Columbia Court of Appeals</u>, 127 F.3d 72, 78 (D.C. Cir. 1997) (recognizing that res judicata bars a plaintiff from filing the same cause of action but raising different arguments).

Plaintiff's claims, here and in <u>Gibson</u>, constitute a single cause of action because they stem from the same transaction – Plaintiff's selection for early retirement by the 1996 SERB.  <u>See</u> <u>id.</u>  There is no question that Plaintiff is seeking the same relief in both cases – including reinstatement and consideration for promotion.[12]  <u>Compare</u> Compl., Prayer., <u>with</u> <u>Gibson</u> Compl., ¶ X.C.8, at 141.  Thus, if he prevailed in one case, his claim in the other case would be barred by

_____

[12]In either case, such relief would have to come ultimately as a result of further agency proceedings and could not be ordered directly by a district court.  <u>See</u> 10 U.S.C. § 1558(f)(2)(B) (indicating that the only relief that a servicemember could receive, if a court reversed a Secretary's decision not to convene a special board in response to his request, is a special board that would reconsider his selection for early retirement); <u>see also</u> <u>Ricks</u>, 65 Fed. Cl. at 831 (holding, in a Tucker Act case, that when a plaintiff prevails in asserting a constitutional challenge to an instruction governing a promotion board, a court should remand to the military service to conduct a harmless error analysis instead of ordering a special selection board under 10 U.S.C. § 628).

res judicata, <u>Stanton</u>, 127 F.3d at 78, or would be considered moot, <u>Larsen v. United States Navy</u>, No. 02-2005, 2007 WL 1241861, at *9 (D.D.C. Apr. 30, 2007).

Plaintiff asserts that his claim in <u>Gibson</u> does not involve the December 8, 2006 BCNR decision and that the religious discrimination issue in <u>Gibson</u> is distinct from the racial discrimination issue here. Pl.'s Opp. at 12. The two issues are obviously related, however, since if, as Plaintiff contends in the <u>Gibson</u> complaint, Plaintiff's selection for early retirement could *only* have been the result of religious discrimination, Compl. ¶ III.A.5, at 14, <u>Gibson</u>, No. 06-1696 (filed Oct. 23, 2006), it could not have been the result of racial discrimination, as he contends here. Moreover, it is surely significant that Plaintiff supports his assertion in the <u>Gibson</u> complaint by stating that he had compared the records of the Chaplain Corps servicemembers who were retained with his own record, <u>id.</u>, yet none of his petitions to the BCNR provided any comparative details that would support his racial discrimination claim, and Plaintiff now asserts that "the pertinent data" in this regard "were peculiarly within the Navy's ken." Pl.'s Opp. at 16. If the religious and racial discrimination issues had been raised together in a single case, these inconsistencies would ultimately be sorted out in the Court's final decision, and only one scenario, at most, would prevail. In contrast, allowing Plaintiff to split his claim risks inconsistent results, which the rule against claim-splitting is designed to avoid. <u>Velikonja v. Ashcroft</u>, 355 F. Supp. 2d 197, 200 (D.D.C. 2005).

In the interests of efficient judicial administration and avoiding inconsistent results, this Court should dismiss Plaintiff's claim in this case as duplicative of his claim in <u>Gibson</u>.

19

## CONCLUSION

Because, for the foregoing reasons, this Court lacks subject matter jurisdiction and

Plaintiff has failed to state a claim, Defendant's motion to dismiss should be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

**/s/ Kathryn L. Wyer**
KATHRYN L. WYER
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7218
Washington, D.C. 20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

20