UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD C. WINTER )<br>In his Official Capacity as Secretary, )<br>DEPARTMENT OF THE NAVY, )<br>)<br>Defendant. )<br>) | Civil Action No. 06-02102 (RJL) |

**DEFENDANT'S MOTION TO STAY PROCEEDINGS RELATED TO
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure and this Court's inherent authority, defendant hereby respectfully moves this Court to stay further proceedings on plaintiff's motion for summary judgment filed on April 27, 2007 – including related briefing and oral argument – until after the Court decides defendant's pending motion to dismiss for lack of jurisdiction filed on March 19, 2007. As fully explained in defendant's motion to dismiss and its supporting papers, this Court lacks subject matter jurisdiction to consider plaintiff's claim. As explained herein, the Court has the inherent power to control its docket and, moreover, the Court's jurisdiction is a threshold issue which should be resolved before the Court considers, or requires defendant to address, the merits of plaintiff's claim.

In the alternative, defendant requests that the Court allow defendant 30 days from the date of any order denying this request for a stay in which to file an opposition to plaintiff's Motion for

Summary Judgment.[1]

## BACKGROUND

Plaintiff's Complaint in this matter was filed on December 11, 2006. On March 19, 2007, defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted, respectively. As explained in defendant's memorandum in support of that motion, the Court lacks subject matter jurisdiction to afford plaintiff the relief requested in his Complaint because, inter alia, plaintiff has failed to exhaust his administrative remedies and the statute of limitations on his claim has run. As explained below and in defendant's reply memorandum, the Court also lacks subject matter jurisdiction because the United States has not waived sovereign immunity for defendant's claim. On April 27, 2007, Plaintiff filed a consolidated brief opposing defendant's motion to dismiss and moving for summary judgment.

## ARGUMENT

Defendant has presented the Court with a dispositive jurisdictional motion. The Court has the inherent power to control its docket and is required to address its own jurisdiction as a threshold issue and to hold plaintiff to his burden of persuasion in regard to jurisdictional issues. Unless and until the Court determines that it has subject matter jurisdiction to address the merits

---

[1] On April 16, 2007, defendant's counsel and plaintiff's counsel discussed the question of postponing proceedings on the merits of plaintiff's claim until after the Court resolved the jurisdictional arguments raised in defendant's motion to dismiss. Plaintiff's counsel indicated that he opposed such a postponement. On May 3, 2007, defendant's counsel contacted plaintiff's counsel regarding the scheduling of further briefing in this case. As plaintiff's counsel was at the airport about to board a plane to Korea, counsel were unable to reach an agreement on scheduling. Plaintiff's counsel reiterated his opposition to this motion and indicated he planned to return to the United States on May 17, 2007.

of the Complaint, the Court should issue an order staying all proceedings on the merits, including briefing and oral argument.

Every court has the "inherent" power to "stay proceedings" as it deems appropriate in order to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for the litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); accord United States v. W. Elec. Co., Inc., 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995) (recognizing a trial court's "inherent power to control the sequence in which it hears matters on its calendar").

Moreover, the Supreme Court has unequivocally stated that "jurisdiction [must] be established as a threshold matter," before proceeding to the merits of an action, and that this requirement "is 'inflexible and without exception.'" Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (emphasis added) (quoting Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 382 (1884)). The "first and fundamental" question for any court is that of jurisdiction. Id. at 94 (quoting Great S. Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 453 (1900)). "'Without jurisdiction the court cannot proceed at all in any cause,'" other than to "'announc[e] the fact and dismiss[]" the case. Id. (quoting Ex parte McCardle, 74 U.S. 506, 514 (1968)).

Defendant has argued that plaintiff failed to exhaust the administrative remedy set forth in 10 U.S.C. § 1558 for challenges to selection board decisions. Failure to exhaust administrative remedies presents a jurisdictional bar to judicial review under Rule 12(b)(1). Norman v. United States, 467 F.3d 773, 775 (D.C. Cir. 2006). Defendant's argument that plaintiff's claim falls outside the statute of limitations period of 28 U.S.C. § 2401(a) likewise raises a jurisdictional issue under current Circuit precedent. Felter v. Kempthorne, 473 F.3d 1255, 1260 (D.C. Cir. 2007); Harris v. FAA, 353 F.3d 1006, 1008 (D.C. Cir. 2004). Additionally, after defendant's

motion to dismiss was filed, defendant became aware of the Federal Circuit's recent opinion in Suburban Mortgage Associates, Inc. v. HUD, 480 F.3d 1116 (Fed. Cir. 2007), clarifying that the waiver of sovereign immunity contained in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, for nonmonetary claims against the United States, does not apply when a plaintiff, although not expressly seeking money damages, could have obtained an adequate remedy by filing a monetary claim under the Tucker Act, 28 U.S.C. § 1491. Suburban Mortgage Assocs., Inc., 480 F.3d at 1124-25. As explained in defendant's reply memorandum in support of his motion to dismiss, Suburban Mortgage applies here because plaintiff has an adequate remedy in the Court of Federal Claims through a Tucker Act claim seeking back pay pursuant to the Military Pay Act, 37 U.S.C. § 204. The lack of an APA waiver of sovereign immunity for Plaintiff's claim also deprives this Court of jurisdiction. Webman v. Fed. Bur. of Prisons, 441 F.3d 1022, 1025 (D.C. Cir. 2006).[2]

Defendant has therefore raised a number of jurisdictional issues. The burden is on plaintiff to establish subject matter jurisdiction, and a decision in defendant's favor on any one of the issues raised will terminate this litigation. See Anderson v. Wiggins, 460 F.Supp.2d 1, 6 (D.D.C. 2006) ("There is a presumption against federal court jurisdiction and the burden is on . . . the plaintiff . . . to establish that the Court has subject matter jurisdiction over the action." (internal quotation omitted)). In such circumstances, the proper course is to decide the "first and

---

[2] Although defendant did not raise the sovereign immunity issue in his opening memorandum in support of his motion to dismiss, a court must dismiss an action whenever it appears that subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3). "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." Williston Basin Interstate Pipeline Co. v. FERC, 475 F.3d 330, 336 (D.C. Cir. 2006) (internal quotation omitted).

fundamental" jurisdictional issues before requiring parties to litigate the merits of plaintiff's claim. See Steel Co., 523 U.S. at 94.

     A stay is particularly appropriate here because plaintiff's claim rests entirely on his attempt to bring a facial constitutional challenge to a Navy regulation that is no longer in effect, based on an alleged injury that occurred over ten years ago. As defendant argues in the papers supporting his motion to dismiss, a facial constitutional challenge of this sort is only allowed where (1) the plaintiff claims injury within the past six years as a result of the facial defect, or (2) the plaintiff has filed a petition for amendment or rescission of the challenged regulation that was denied within the past six years. P&V Enters. v. United States Army Corps of Eng'rs, 466 F. Supp. 2d 134, 143 (D.D.C. 2006).

     This plaintiff meets neither of these conditions, so plaintiff's facial constitutional challenge fails to state a claim on which relief may be granted. There is no reason to submit to the Court unnecessarily the constitutionality of a precept that no longer exists. See Christopher v. Harbury, 536 U.S. 403, 417 (2002) (recognizing "the obligation of the Judicial Branch to avoid deciding constitutional issues needlessly"). Yet, in order to respond fully to plaintiff's summary judgment motion, defendant would, in the course of arguing in the alternative, be obligated to address the constitutionality of the challenged regulation. In this context, the Court should adhere to the principle that "[a] defendant should not be put to the trouble and expense of any further proceeding, and the time of court should not be occupied with any further proceeding," until the plaintiff successfully establishes that subject matter jurisdiction exists. United Transport Serv. Employees of America, CIO v. Nat'l Mediation Bd., 179 F.2d 446, 454 (D.C. Cir. 1949).

Plaintiff should be held to his burden of persuading this Court of its subject matter jurisdiction before the Court allows any further proceedings in this case. Certainly, plaintiff would suffer no prejudice as a result of the requested stay. Having waited nearly six years before initiating any administrative or judicial action challenging his selective early retirement, and an additional four years before filing this action, plaintiff can surely wait until the threshold question of subject matter jurisdiction is resolved. Resolution of the issues raised by defendant's pending Motion to Dismiss – which directly implicate whether plaintiff has stated a proper claim to any of the relief that he seeks by way of his Motion for Summary Judgment – is a critical, and necessary, antecedent to any review of the merits of plaintiff's claim. As implied by the Court of Appeals in United Transport, it is defendant who would be prejudiced in the absence of a stay because he would be required to address merits issues to which he would otherwise not turn, as well as repeating jurisdictional arguments that he has already made.

Because staying further proceedings on plaintiff's Motion in the circumstances of this case is the proper course in light of the Supreme Court's admonition that the "first and fundamental" question to be addressed by a Court is the "threshold" issue of jurisdiction, Steel Co., 523 U.S. at 94-95, which is plaintiff's burden to establish, and because such a stay would be both reasonable and practicable, see Landis, 299 U.S. at 254, defendant moves for the relief sought herein. Defendant is prepared to advise the Court, after conferring with plaintiff, within 10 days of the Court's resolution of defendant's pending Motion to Dismiss of a proposed schedule for resolving any issues that might remain. Should the Court decline to enter the stay requested herein, and in light of the litigation commitments of defendant's counsel in other cases, defendant respectfully requests that the Court grant defendant 30 days from the date of any order

denying this request for a stay in which to oppose plaintiff's Motion for Summary Judgment.

## CONCLUSION

For all of the stated reasons, defendant respectfully requests that the Court stay all proceedings – including briefing and oral argument – on plaintiff's Motion for Summary Judgment until it resolves defendant's pending motion to dismiss for lack of subject matter jurisdiction. Alternatively, defendant requests that the Court allow defendant 30 days from the date of any order denying this request for a stay in which to file an opposition to plaintiff's Motion for Summary Judgment.

Dated: May 7, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

**/s/ Kathryn L. Wyer**
KATHRYN L. WYER
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7218
Washington, D.C. 20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM,<br><br>    Plaintiff,<br><br>    v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>    Defendant. | Civil Action No. 06-02102 (RJL) |

**[Proposed] ORDER**

Upon the Court's consideration of defendant's motion to stay proceedings related to plaintiff's motion for summary judgment and the opposition thereto, it is, this _____ day of _____, 2007,

ORDERED that defendant's motion to stay is granted; and it is

FURTHER ORDERED that further proceedings – including briefing and oral argument – related to plaintiff's motion for summary judgment shall be stayed pending the Court's ruling on defendant's motion to dismiss.

                                                                                                          _____

                                                                                                          The Honorable Richard J. Leon<br>                                                                                                          United States District Judge