UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Rev. GEORGE P. BYRUM,         )
                                       )
         *Plaintiff,*        )
                                       )
      v.               )          Civil No. 06-02102 (RJL)
                                       )
DONALD C. WINTER,         )
                                       )
         *Defendant.*     )          Judge Leon


PLAINTIFF'S MOTION FOR LEAVE TO FILE
SURREPLY TO DEFENDANT'S REPLY IN
SUPPORT OF MOTION TO DISMISS

*Introduction*

Plaintiff respectfully moves for leave to file a surreply to defendant's reply because that reply injects a new issue. Counsel for defendant (Kathryn Wyer of the Department of Justice) has advised us that defendant consents to this motion.

*Argument*

"A surreply may be filed only by leave of Court, and only to address new matters raised in a reply, to which a party would otherwise be unable to respond." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am.*, 238 F. Supp. 2d 270, 276-77 (D.D.C. 2002). The Secretary's reply raises an argument that was not included in his Motion to Dismiss. Specifically, he contends (at 3) that "[a]lthough Plaintiff's complaint avoids any mention of money damages, the fact that Plaintiff had an adequate remedy for his claim if he had sought back pay in the Court of Federal Claims deprives this Court of jurisdiction because there is no applicable

statutory waiver of sovereign immunity." Because the Secretary waited until his re-

ply brief before raising this issue, Rev. Byrum has not had an opportunity to re-

spond.

*Conclusion*

For the foregoing reasons, plaintiff respectfully seeks leave to surreply to de-

fendant's reply. A proposed surreply and a proposed Order are submitted herewith.

Respectfully submitted,

/s/
Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Brent C. Harvey (501155)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., 2d Floor
Washington, DC 20036
(202) 466-8960 tel
(202) 293-8103 fax

*Attorneys for Plaintiff*

May 18, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Rev. GEORGE P. BYRUM,      )
                                    )
           *Plaintiff,*       )
                                    )
     v.               )          Civil No. 06-02102 (RJL)
                                    )
DONALD C. WINTER,        )
                                    )
          *Defendant.*     )          Judge Leon


PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY

*Argument*

The Secretary's reply raises (at 3-7) an argument that was not asserted in his

Motion to Dismiss. The gist of it is as follows:

> Although Plaintiff's complaint avoids any mention of money damages,
> the fact that Plaintiff had an adequate remedy for his claim if he had
> sought back pay in the Court of Federal Claims deprives this Court of
> jurisdiction because there is no applicable statutory waiver of sover-
> eign immunity.

This argument rests on the decision of the Federal Circuit in *Suburban Mortgage*

*Associates, Inc. v. HUD*, 480 F.3d 1116 (Fed. Cir. 2007). It has no basis in the law of

this Circuit, and following it here would set the Court on a collision with settled

Circuit precedent. Under cases such as Kidwell and Tootle, there is § 1331 federal

question jurisdiction—a jurisdiction Congress has not conferred on the Court of

Federal Claims—even if APA review of a military correction-board decision were to

lead to monetary relief. The Court of Appeals has been emphatic about this, and has

clearly telegraphed that if there is a substantial non-monetary basis for an APA ac-

tion, the possibility or even the likelihood that some monetary benefit will accrue to the successful plaintiff does not oust the District Court of jurisdiction to review agency action. Rev. Byrum handily meets this test because the relief he ultimately seeks from overturn the BCNR's decision is, among other things, restoration to active duty. That is the end of the matter, and renders the Secretary's motion frivolous.

The Secretary's new argument impermissibly seeks to expand *Suburban* in a way that would divest the District Courts of *any* jurisdiction over claims that might have collateral monetary consequences. Defendant cites (at 6) *Tortorella v. United States*, No. 06-10054, 2007 WL 1243939 (D. Mass. 2007), to further support his position.

Rev. Byrum's claim is easily distinguishable from those in *Suburban* and *Tortorella*. In *Suburban*, the plaintiff sought payment on a contract for insurance. In *Tortorella*, the plaintiff sought payment of temporary duty travel and transportation allowances to reimburse expenses incurred as a result of his recall to active duty. Thus, unlike this case, both *Suburban* and *Tortorella* involved complaints for monetary damages.

Rev. Byrum was forced to retire after a 1996 Selective Early Retirement Board ("SERB") determined that his performance did not warrant further retention. A.R. 214-19. The SERB functioned under a precept that gave unconstitutional preference to minority personnel. A.R. 703-11.

Rev. Byrum's claim asserts that the BCNR's decision – which upholds the precept and denies him a Special Selection Board – is contrary to law. He has asked the Court to set aside that decision and order defendant to reinstate him on active duty, correct his record to show that he was never retired and by expunging all reference to the SERB, and, finally, to cause him to be considered for promotion to Captain.

In an effort to escape the undeniable fact that Rev. Byrum's claim neither requests money damages nor suggests that the non-monetary relief is a sham or insubstantial, the Secretary suggests (at 5) that Rev. Byrum has made an implicit claim for back pay in excess of $10,000, and therefore the Court of Federal Claims has exclusive jurisdiction (conveniently, a jurisdiction that would lead nowhere because the Tucker Act jurisprudence treats the statute of limitations has having run from the time he was involuntarily retired).

The Court of Appeals has repeatedly rejected this argument. *Kidwell v. Department of the Army*, 56 F.3d 279, 285-86 (D.C. Cir. 1995); *Vietnam Veterans v. Secretary of the Navy,* 843 F.2d 528, 533-35 (D.C. Cir.1988); *Wolfe v. Marsh,* 846 F.2d 782, 783 (D.C. Cir. 1988), *aff'g on reh'g* 835 F.2d 354 (D.C. Cir. 1987); *see also, e.g., Calloway v. Brownlee*, 366 F. Supp. 2d 43, 53 (D.D.C. 2005).

The Secretary further argues (at 5-6) that Rev. Byrum's requested equitable relief lacks value independent of any future potential for monetary relief and should thus be viewed as a pretext for avoiding the Court of Federal Claims' exclusive ju-

risdiction. The Secretary's effort (at 6) to belittle Rev. Byrum's service accomplishments and downplay his involuntary retirement is annoying, but immaterial.

Rev. Byrum was forced out of the military through the SERB. He challenged the SERB through the BCNR. The BCNR, whose duty it is to correct Navy members' records, was arbitrary, capricious, and contrary to law when it denied him relief. He brought his claim in this Court under the APA because "[i]t is the duty of the federal courts to inquire whether an action of a military agency conforms to the law, or is instead arbitrary, capricious or contrary to the statutes and regulations governing that agency." *Dilley v. Alexander*, 603 F.2d 914, 920 (D.C. Cir. 1979). *Suburban* does not preclude claims like that of Rev. Byrum, as the opinion itself indicates.[1] The APA's waiver of sovereign immunity applies.

*Conclusion*

For the foregoing reasons, the Secretary's effort to tease a dismissal out of *Suburban* is without merit.

Respectfully submitted,

*/s/*
Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Brent C. Harvey (501155)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W., 2d Floor
Washington, DC 20036
(202) 466-8960 tel
(202) 293-8103 fax

---

[1] "A plaintiff seeking relief, other than monetary relief, from a disputed government agency action could challenge that action in district court under the APA." *Suburban*, 480 F.3d at 1122.

*Attorneys for Plaintiff*

May 18, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Rev. GEORGE P. BYRUM, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil No. 06-02102 (RJL) |
| | ) | |
| DONALD C. WINTER, | ) | |
| | ) | |
| *Defendant.* | ) | |

ORDER

On consideration of plaintiff's motion for leave to file a surreply to defendant's reply, it is, by the Court, this ____ day of _____, 2007,

ORDERED that said motion be, and the same hereby is, GRANTED.

United States District Judge