UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Rev. GEORGE P. BYRUM, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil No. 06-02102 (RJL) |
| | ) | |
| DONALD C. WINTER, | ) | |
| | ) | |
| *Defendant.* | ) | Judge Leon |

PLAINTIFF'S OPPOSITION TO MOTION TO STAY
PROCEEDINGS RELATED TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGEMENT

Summary judgment briefing should not be stayed. It is perfectly obvious, as the Secretary observes (at 2), that "[t]he Court has the inherent power to control its docket." It is also plainly the case that jurisdiction must be addressed before non-jurisdictional issues come under consideration. But neither of these familiar propositions leads to the conclusion that the Court should permit piecemeal litigation. The administrative record has been filed and nothing prevents the Secretary from responding on the merits to Rev. Byrum's cross-motion for summary judgment. Doing so makes eminent good sense.

Invoking Judge Walton's decision in *P&V Enters. v. U.S. Army Corps of Engineers*, 466 F. Supp. 2d 134, 143 (D.D.C. 2006), the Secretary claims (at 5) that a stay is particularly appropriate because Rev. Byrum's "claim rests entirely on his attempt to bring [1] a facial constitutional challenge to [2] a Navy regulation that is no longer in effect, [3] based on an alleged injury that occurred over ten years ago" (bracketed

numbering added).

*P&V* has nothing to do with this case and each of the three propositions noted above is demonstrably false. This case does not challenge any regulation. Rather, it concerns guidance the Secretary issued to the particular Selective Early Retirement Board ("SERB") that considered Rev. Byrum. That guidance was not found in any Navy regulation. Second, the case is not a broad pre-enforcement challenge; rather it concerns the actual, past use of that guidance. Third, although the underlying events obviously occurred over 10 years ago, the cause of action arises from the BCNR's denial of relief—an agency decision that is independently reviewable under the APA and that occurred only last year. The Secretary entertained Rev. Byrum's claim on the merits, and denied it. That denial is plainly subject to judicial review now.[1]

The Secretary's reliance (at 5-6) on *United Transp. Serv. Employees of America, CIO v. Natl' Mediation Bd.*, 179 F.2d 446, 454 (D.C. Cir. 1949), for the proposition that the parties and the Court are condemned to piecemeal litigation whenever a defendant moves to dismiss will come as news to the Bench and Bar. There are certainly times when two-step briefing is warranted—this is not one of them—but nothing in *United Transp.* imposes a rule to that effect, and that case has not been so understood over the half-century since it was decided. Combined briefing on arguments that implicate dismissal, on the one hand, and other dispositive arguments, on the other, is common practice before this and other federal district courts.

---

[1] The Secretary's motion to stay inappropriately addresses (at 3-4) the merits of his pending motion to dismiss. We respond to his argument on the merits in the separate reply we are filing today.

The Secretary's subtext seems to be that since Rev. Byrum did not seek relief with respect to the SERB immediately, it does not lie in his mouth to resist the wasteful and delay-inducing consequences of the stay the Secretary seeks. This is a non sequitur. Rev. Byrum's application to the BCNR was not rejected as untimely; his lawsuit here is certainly timely; and the Secretary has proffered no substantial claim of prejudice from having to set forth his position on all issues at once. Doing so will help the Court and is transparently in keeping with the core purpose of the Federal Rules of Civil Procedure, Rule 1 of which calls for "the just, speedy, and inexpensive determination of every action."

While the Court must decide the jurisdictional issue before reaching the merits, there would be no waste of judicial resources if the parties were to put before it their views of all of the issues in a single integrated set of motion papers. There is no basis for pretending otherwise.

For the foregoing reasons, the Secretary's motion to stay should be denied. A proposed Order is submitted herewith. As indicated in that Order, the Secretary should be afforded the usual time for responding to Rev. Byrum's cross-motion.

Respectfully submitted,

/s/
Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Brent C. Harvey (501155)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, DC  20036
(202) 466-8960

*Attorneys for Plaintiff*

May 18, 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Rev. GEORGE P. BYRUM,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　*Plaintiff,*　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　　　Civil No. 06-02102 (RJL)
　　　　　　　　　　　　　　　　　)
DONALD C. WINTER,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　*Defendant.*　　　)

## ORDER

On consideration of defendant's motion to stay proceedings, plaintiff's opposition thereto, and the entire record, it is, by the Court, this _____ day of _____, 2007,

ORDERED that said motion be, and the same hereby is, DENIED. Defendant shall file his opposition to plaintiff's cross-motion for summary judgment within the period prescribed by the rules.

United States District Judge