UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-02102 (RJL) |
| ) | |
| DONALD C. WINTER ) | |
| In his Official Capacity as Secretary, ) | |
| DEPARTMENT OF THE NAVY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY
IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure and this Court's inherent authority, defendant respectfully requests leave to file a surreply in further support of his motion to dismiss. See <u>Flynn v. Veazey Constr. Corp.</u>, 310 F. Supp. 2d 186, 189 (D.D.C. 2004) (affirming that a district court may in its discretion grant leave to file a surreply). After filing the opening memorandum in support of his motion to dismiss on March 19, 2007, defendant became aware of another jurisdictional issue as a result of a recent Federal Circuit opinion. Because briefing of defendant's original motion to dismiss was still underway, defendant addressed the additional jurisdictional issue in his reply memorandum, filed on May 7, 2007, in support of that motion rather than as a separate motion to dismiss pursuant to Fed. R. Civ. P. 12(h)(3). On May 18, 2007, plaintiff, with defendant's consent, requested leave to file a surreply to respond to this

additional issue.[1]

Because defendant has not otherwise had an opportunity to reply to the points raised in plaintiff's surreply, defendant now seeks leave to do so in a final surreply, attached as an exhibit to this motion. A party's reply to an opposing party's response may be particularly helpful to the Court because the opposing party's arguments can serve to focus the original party's attention on the issues in dispute. Here, defendant's surreply squarely addresses plaintiff's contention that the sovereign immunity argument raised in defendant's reply brief is "frivolous" in light of D.C. Circuit law. <u>See</u> Pl.'s Surreply at 2. Defendant believes that this jurisdictional question merits the Court's attention and that defendant's surreply will assist the Court in addressing the issue. For these reasons, defendant respectfully requests that the Court grant defendant leave to file the attached surreply in support of his motion to dismiss.

Dated: May 29, 2007					Respectfully submitted,

							PETER D. KEISLER
							Assistant Attorney General
							JEFFREY A. TAYLOR
							United States Attorney
							VINCENT M. GARVEY
							Deputy Branch Director

							**/s/ Kathryn L. Wyer**
							KATHRYN L. WYER (Utah Bar #09846)
							Trial Attorney, U.S. Department of Justice
							Civil Division, Federal Programs Branch
							20 Massachusetts Ave. NW, Room 7218
							Washington, D.C.  20001

---

[1] On May 16, 2007, defendant's counsel consented to plaintiff's request to file a surreply and in turn requested consent from plaintiff's counsel to respond in an additional surreply. In a subsequent voicemail, plaintiff's counsel indicated he was not inclined to consent.

Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-02102 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S SURREPLY IN SUPPORT OF MOTION TO DISMISS**

**ARGUMENT**

The Federal Circuit's reasoning in Suburban Mortgage Assocs., Inc. v. HUD, 480 F.3d 1116 (Fed. Cir. 2007), should lead this Court to conclude that the United States has not waived sovereign immunity for purposes of this case and that Plaintiff's claim must therefore be dismissed. Because Plaintiff has an adequate remedy for his claim in the Court of Federal Claims under the Military Pay Act, 37 U.S.C. § 204, the sovereign immunity waiver in the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, does not apply. Plaintiff does not dispute that he had a cause of action under the Military Pay Act in the Court of Federal Claims, and that the remedy available in that forum is entirely adequate.

Plaintiff asserts that D.C. Circuit law nevertheless vests jurisdiction over his claim in the district court because his Complaint does not explicitly request monetary relief. Pl.'s Surreply at 2. However, the D.C. and Federal Circuits agree that a plaintiff may "in essence" be seeking

monetary relief even where money is not expressly mentioned in the complaint. Here, money is the only thing that Plaintiff stands to gain through this action, and this case is therefore substantially different from those cited by Plaintiff. Even if Plaintiff were to prevail on the merits of his claim, the only remedy that this Court could award under 10 U.S.C. §1558 would be to remand Plaintiff's case to the Navy for a harmless error determination or consideration by a special board. Moreover, even if Plaintiff's selection for early retirement were declared void, he could only receive back pay, not reinstatement, because Plaintiff would have exceeded the maximum number of years in active service set by 10 U.S.C. § 633. Accordingly, Plaintiff's Complaint is properly construed as seeking monetary relief.

The Federal Circuit's analysis in Suburban Mortgage is consistent with both Kidwell v. Dep't of the Army, 56 F.3d 279 (D.C. Cir. 1995), and Tootle v. Sec'y of the Navy, 446 F.3d 167 (D.C. Cir. 2006) – the two D.C. Circuit opinions on which Plaintiff chiefly relies – although the opinions approach the question of district court jurisdiction from different angles. Suburban Mortgage analyzes whether statutory exceptions in the APA render its sovereign immunity waiver inapplicable. Tootle and Kidwell focus on whether the Tucker Act, 28 U.S.C. § 1491, grants the Court of Federal Claims exclusive jurisdiction over a claim because the claim in essence seeks monetary relief of more than $10,000.[1] Where Court of Federal Claims jurisdiction is exclusive, a district court lacks federal question jurisdiction under 28 U.S.C. § 1331. As discussed below, these analyses are interrelated, and in this case both require the

---

[1] See Tootle, 446 F.3d at 171-72 (quoting the government's argument that plaintiff's claim was "in essence" one for monetary relief and thus fell "within the exclusive jurisdiction of the Court of Federal Claims"); Kidwell, 56 F.3d at 283 (reviewing a district court's holding that plaintiff's "suit fell into the category of cases within the sole jurisdiction of the Court of Federal Claims").

conclusion that this Court lacks jurisdiction over Plaintiff's claim.

The Federal Circuit's opinion in Suburban Mortgage, interpreting the Supreme Court's analysis in Bowen v. Massachusetts, 487 U.S. 879 (1988), recognizes that the APA does not waive sovereign immunity for a claim if the plaintiff has an adequate remedy elsewhere. Suburban Mortgage Assocs., 480 F.3d at 1124 (citing 5 U.S.C. § 704).[2] The adequate remedy exception in § 704 precludes review "under the more general provisions of the APA" that would be "duplicative of more specific statutory procedures for judicial review." Bangura v. Hansen, 434 F.3d 487, 501 (6th Cir. 2006) (citing Bowen, 487 U.S. at 903). The question of whether an adequate remedy for a plaintiff's claim is available under a statutory provision specifically tailored to the plaintiff's situation simply requires a comparison of the remedy sought by the plaintiff with the remedy available under the other statute in order to determine whether the remedy under the alternative statute is adequate. Suburban Mortgage Assocs., 480 F.3d at 1126-27. If the remedy is adequate, the plaintiff must bring the claim under the more specific statutory provision. The Military Pay Act is the specific provision that, together with the Tucker Act, provides an adequate remedy in this case. Kindred v. United States, 41 Fed. Cl. 106 (1998) (recognizing that pursuant to the Military Pay Act, "a service member may file a complaint in the Court of Federal Claims for back pay on the basis that he has been unlawfully discharged") (citing Holley v. United States, 124 F.3d 1462, 1465-67 (Fed. Cir. 1997)); see also Roth v. United States, 378 F.3d 1371, 1384 (Fed. Cir. 2004) (recognizing such a claim would receive

---

[2]The "adequate remedy" exception to the APA's sovereign immunity waiver, set forth in 5 U.S.C. § 704, is independent of the "money damages" exception set forth in 5 U.S.C. § 702. . Bowen, 487 U.S. at 891 (indicating that § 702 and § 704 raise separate questions); Suburban Mortgage Assocs., 480 F.3d at 1125 ("There is no need to address the § 704 'money damages' limitation [if] § 704 precludes adjudication under the APA.").

adequate equitable as well as monetary relief under the Tucker Act); Mitchell v. United States, 930 F.2d 893, 896 (Fed. Cir. 1991) (pointing to the "extensive experience" of the Court of Federal Claims in "reviewing decisions of corrections boards in military pay cases").[3]

Plaintiff is correct that monetary relief remains part of the equation because a request for monetary relief is a prerequisite for Tucker Act jurisdiction. See Suburban Mortgage Assocs., 480 F.3d at 1125 (recognizing that "the jurisdictional requirements of the Tucker Act [must be] satisfied"); Tootle, 446 F.3d at 176-77 (rejecting the notion "that a federal district court can be deprived of jurisdiction by the Tucker Act when no jurisdiction lies in the Court of Federal Claims"). As Plaintiff clearly could have sought back pay in the Court of Federal Claims, the only question is whether his omission of an explicit request for money in his Complaint allows him to circumvent that court's jurisdiction.[4]

Both the D.C. and Federal Circuits have held that a complaint may be construed as seeking monetary relief even where money is not mentioned in so many words. Suburban Mortgage Assocs., 480 F.3d at 1124, 1126 (emphasizing that a plaintiff may be "understood to be seeking a monetary reward from the Government" "regardless of the form in which the complaint

---

[3]The fact that, as in this case, the statute of limitations has run on a plaintiff's Tucker Act claim "does not mean that [the Court of Federal Claims] could not offer a full and adequate remedy; it merely means that [the plaintiff] did not file his complaint in time to take advantage of that remedy." Martinez v. United States, 333 F.3d 1295, 1320 (Fed. Cir. 2003) (en banc).

[4]Plaintiff does not dispute that the amount of back pay in question exceeds $10,000. A back pay claim would thus be subject to the exclusive jurisdiction of the Court of Federal Claims. If the amount of back pay did not exceed $10,000, Plaintiff would still have an adequate remedy in the Court of Federal Claims, and he would also have an adequate remedy in district court under the Little Tucker Act, 28 U.S.C. § 1346. Because Federal Circuit law controls the interpretation of the Little Tucker Act, 28 U.S.C. § 1295(a)(2), any Little Tucker Act claim would also be barred by the statute of limitations under Martinez. Thus, the amount of back pay does not affect the issue of sovereign immunity under the APA.

is drafted"); Kidwell, 56 F.3d at 284 ("[D]istrict court jurisdiction is not established merely because a suit fails to pray for a money judgment." (internal quotation omitted)). While the D.C. Circuit has referred to a "bright line rule" requiring a claim for monetary relief to be apparent in the complaint, Tootle, 446 F.3d at 174, this bright line "turns out to be rather dim" because a claim for monetary relief may be present even if not expressed in "'plain language.'" Bublitz v. Brownlee, 309 F. Supp. 2d 1, 6 (D.D.C. 2004) (quoting Kidwell, 56 F.3d at 284).

Where a plaintiff only requests equitable relief, but this relief "triggers the payment of money" and is not otherwise "of sufficient importance," the district court lacks jurisdiction. Id. at 8. The Court of Appeals in Tootle confirmed this rule when it recognized the "most important[]" question in its analysis to be whether the equitable relief sought by the plaintiff had "significant value" independent of any monetary benefit that would derive from it. 446 F.3d at 174-75; see Kidwell, 56 F.3d at 284. Among Plaintiff's requested remedies of reinstatement, correction of his military record, and an order requiring his consideration for promotion, Plaintiff only points to reinstatement, or "restoration to active duty," as having substantial value independent of monetary relief. Pl.'s Surreply at 1-2. While reinstatement may have independent value in some circumstances, here it does not.

First, as explained in Defendant's opening and reply briefs in support of his Motion to Dismiss,[5] the Court may not order Plaintiff's reinstatement even if Plaintiff were to prevail on the merits. Under 10 U.S.C. § 1558, which governs judicial review in cases involving selection board decisions, where a court overturns the Secretary's decision not to grant a claimant a special board to reconsider a selection board decision anew, the appropriate remedy is to "remand the

---

[5]See Def.'s Op. Br. at 17 n.9; Def.'s Reply Br. at 18 n.12.

case to the Secretary . . . , who shall provide for consideration by a special board." Id. § 1558(f)(2)(B).[6] Furthermore, where the alleged defect in the selection board proceeding is an unconstitutional instruction, the Secretary should have discretion to perform a harmless error analysis rather than convening a special board. See Ricks v. United States, 65 Fed. Cl. 826, 834 (2005). Section 1558 specifically states that the correction of a claimant's military record regarding a selection board action is to be made "in accordance with a recommendation made by a special board." 10 U.S.C. § 1558(a).[7] Reinstatement is a consequence of such a record correction, as is back pay. Id. § 1558(c). Thus, Plaintiff's entitlement to reinstatement is hardly independent of his entitlement to back pay; rather, both remedies would automatically derive from a record correction following a special board proceeding.

The fact that the equitable remedy Plaintiff expressly seeks depends on the very same administrative process that would also provide him with the monetary relief that his Complaint

---

[6]As explained in Defendant's Reply memorandum, Plaintiff's depiction of the BCNR proceeding that he purports to challenge as a "special board" proceeding under § 1558 is plainly inaccurate since the BCNR was not designated as a special board and did not consider Plaintiff's selection for early retirement anew. The BCNR proceeding therefore can at best be construed as equivalent to a denial of a special board by the Secretary. Of course, Defendant has also argued that the Secretary made no special board determination at all in this case because Plaintiff failed to request a special board as required under § 1558.

[7]The Federal Circuit has explained that under 10 U.S.C. § 628, the statute that plays the same role with respect to judicial review of promotion board decisions that § 1558 plays with respect to selective early retirement board decisions, a Secretary who refers an officer's claim challenging his prior passover for promotion to a special selection board ("SSB") need not order the "constructive reinstatement" of an officer who had been discharged as a result of his failure to be promoted "– via the purge of . . . passovers from the officer's record – . . . in order to present the officer's record to an SSB." Porter v. United States, 163 F.3d 1304, 1321 (Fed. Cir. 1998). Constructive reinstatement, which would automatically entitle the officer to back pay, id. at 1305, would only be available if the SSB ultimately determines that the officer was entitled to promotion.

fails to mention distinguishes this case from Kidwell.  There, the D.C. Circuit declined to discern a monetary claim that derived "from the structure of statutory and regulatory requirements governing compensation when a servicemember's files change" because of the *immediate* independent value of the sought equitable relief – regardless of further administrative proceedings.  Kidwell, 56 F.3d at 285-86 (citing the value of designating servicemember's discharge as "honorable"); see also Tootle, 446 F.3d at 175 (recognizing that a court's declaration that a servicemember's "fit for duty" designation was invalid would have immediate significant value by effecting his disability retirement).  Significant independent value cannot be ascribed to equitable relief that the Court has no power to award directly, and that would necessarily include monetary relief if obtained through a further administrative process.

     Second, based on the statutory limitations on years of active service, any "restoration to active duty" that Plaintiff might ultimately receive would only be constructive, leaving monetary relief – in the form of back pay up to the date of his mandatory release – as the sole available remedy of consequence.  At the time of Plaintiff's selective early retirement on August 1, 1996, he had served a total of 21 years in active service.  AR 3.  Under 10 U.S.C. § 633(a), an active duty servicemember at the rank of commander – Plaintiff's rank at the time of his retirement – may serve no more than 28 years in active service.  If Plaintiff's record were corrected now so as to void his 1996 selection for early retirement, he would already be more than three years past the date of mandatory release, and return to active duty would be unavailable.[8]  Smith, 384 F.3d at

---

[8]Any extension of service beyond 28 years could only be accomplished through further administrative promotion or continuation proceedings where selection is a matter of military discretion.  While Plaintiff asks to be considered by a special selection board for promotion to captain, under 10 U.S.C. § 634(a), an active duty servicemember at the rank of captain may serve no more than 30 years.  While the statutory framework provides that servicemembers may be

1296 (recognizing that "an order by the court . . . would not have the effect of allowing [an] officer to continue in rank for a period longer than is permitted by statute"); Spehr v. United States, 51 Fed. Cl. 69, 82 ("Enlisted members of the armed forces do not have a legal right to remain in the service after their terms of enlistment expire."). The only nonmonetary effect of constructive reinstatement would be to change the dates of Plaintiff's service, which has been recognized as "quintessentially 'insubstantial'" relative to the "large monetary payout" that would also be involved. Bublitz, 309 F. Supp. 2d at 8; see also James v. Caldera, 159 F.3d 573, 583 (Fed. Cir. 1998) (plaintiff makes a claim of "present entitlement to money in the form of back pay" when he argues that he had a "right to remain on active duty [for a period longer than he actually did] . . . because he was entitled to be paid for the services he performed while on active duty").

Because Plaintiff's Complaint should be construed as seeking monetary relief and because Plaintiff had an adequate remedy in the Court of Federal Claims, the APA does not waive the United States' sovereign immunity in this case.

---

continued on active duty, this would require selection by a selection board. 10 U.S.C. § 637(b)(3) (stating that continuation cannot extend beyond an officer's sixty-second birthday). Even if Plaintiff were entitled to be considered for continuation, the Supreme Court has held that "one is not entitled to the benefit of a position until he has been duly appointed to it." United States v. Testan, 424 U.S. 392, 402 (1976). The mere chance to be considered cannot constitute equitable relief of substantial independent value relative to an actual entitlement to back pay. Plaintiff's claim of entitlement to be considered for promotion is equally insubstantial.

**CONCLUSION**

For the reasons set forth here and in Defendant's other filed papers, Defendant's motion to dismiss should be granted.

Dated: May 29, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

**/s/ Kathryn L. Wyer**
KATHRYN L. WYER (Utah Bar #09846)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7218
Washington, D.C. 20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil Action No. 06-02102 (RJL)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[Proposed] ORDER**

Upon the Court's consideration of defendant's motion for leave to file a surreply in support of his motion to dismiss, it is, this _____ day of _____, 2007,

ORDERED that defendant's motion for leave to file a surreply is granted.

_____

The Honorable Richard J. Leon
United States District Judge