UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM,         ) | |
| )  | |
| Plaintiff,      ) | |
| )  | |
| v.              ) | Civil Action No. 06-02102 (RJL) |
| )  | |
| DONALD C. WINTER        ) | |
| In his Official Capacity as Secretary, ) | |
| DEPARTMENT OF THE NAVY,   ) | |
| )  | |
| Defendant.     ) | |
| )  | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS
RELATED TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**ARGUMENT**

This Court should stay proceedings related to plaintiff's summary judgment motion until the significant jurisdictional questions raised in defendant's motion to dismiss have been resolved. Defendant's motion to dismiss has now been fully briefed and is awaiting resolution by this Court.[1] Alternatively, if the Court denies this motion to stay, the Court should allow defendant 30 days from the date of the Court's order in which to file an opposition to plaintiff's summary judgment motion.

Plaintiff's memorandum in opposition cites Fed. R. Civ. P. 1, which states that the Rules should be "construed and administered to secure the just, speedy, and inexpensive determination

---

[1] In addition to defendant's initial memorandum in support of his motion to dismiss, plaintiff's response, and defendant's reply, plaintiff was granted leave to file, and did file, a surreply on May 24, 2007, and defendant has requested leave to file a surreply in response on May 29, 2007. Other than the surreply attached to defendant's motion, no further submissions by either party related to the motion to dismiss are anticipated.

of every action." This mandate simply requires a court, in exercising its discretion in applying the Rules, to balance the interests of the parties and the interests of justice so as to avoid undue prejudice. See Nelson v. Adams USA, Inc., 529 U.S. 460 (2000) (recognizing, with citation to Rule 1, that "[t]he Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees"). As plaintiff concedes, the Court has discretion to stay proceedings in a particular case or on a particular motion in accord with this requirement. United States v. W. Elec. Co., Inc., 46 F.3d 1198, 1207 n.7 (D.C. Cir. 1995). Plaintiff fails to assert any actual prejudice that he would suffer as a result of defendant's proposed stay. Moreover, no prejudice is discernible under the circumstances.

In contrast, as explained in defendant's opening brief, defendant seeks to avoid engaging in an in-depth analysis of the facial constitutionality of a discontinued precept, which has never been evaluated in any prior judicial proceeding.[2] Defendant believes that this analysis would ultimately prove unnecessary in light of the jurisdictional issues – which, plaintiff concedes, the Court will have to address as a threshhold matter. Moreover, plaintiff bears the burden of establishing subject matter jurisdiction. See Anderson v. Wiggins, 460 F.Supp.2d 1, 6 (D.D.C. 2006). It is therefore appropriate to stay summary judgment proceedings until jurisdictional questions are resolved. Furthermore, any additional resources that might be expended by the Court itself as a result of the requested stay, if defendant's motion to dismiss were denied, should be balanced against the savings in time and resources and the avoidance of constitutional issues if the motion to dismiss is granted.

---

[2]While plaintiff now disputes defendant's characterization of his claim as a "facial constitutional challenge," Pl.'s Opp. to Stay at 1-2, plaintiff's opposition to defendant's motion to dismiss clearly asserted that "[t]he SERB precept's racial classification language facially violates the Due Process Clause of the Fifth Amendment," Pl.'s Opp. to Dismissal at 13. Indeed, as previously explained, that assertion forms the entire basis of plaintiff's claim.

**CONCLUSION**

For the reasons stated here and in defendant's initial memorandum, the Court should stay all proceedings – including briefing and oral argument – on plaintiff's Motion for Summary Judgment until it resolves defendant's pending motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. Alternatively, in light of the issues that defendant would have to address if the Court denies a stay, the Court should grant defendant 30 days from the date of any order denying this request in which to file an opposition to plaintiff's Motion for Summary Judgment.

Dated: May 29, 2007

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

**/s/ Kathryn L. Wyer**
KATHRYN L. WYER (Utah Bar #09846)
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW, Room 7218
Washington, D.C. 20001
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov
*Attorneys for Defendant*