UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rev. GEORGE P. BYRUM,     )
     )
     *Plaintiff,*     )
     )
     v.     )     Civil No. 06-02102 (RJL)
     )
DONALD C. WINTER,     )
     )
     *Defendant.*     )     Judge Leon

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT AND OPPOSITION
TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

ORAL ARGUMENT REQUESTED

Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Brent C. Harvey (501155)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, DC 20036
(202) 466-8960

*Attorneys for Plaintiff*

March 3, 2008

Table of Contents

*Page*

Introduction........................................................................................................... 1

Argument ............................................................................................................... 1

   I.     REV. BYRUM EXHAUSTED HIS ADMINISTRATIVE REMEDIES ........... 1

   II.    THE COMPLAINT IS NOT TIME-BARRED .................................................. 2

   III.   THE SECRETARY HAS FAILED TO DEMONSTRATE LACHES............... 3

   IV.   THE BCNR'S DECISION IS CONTRARY TO LAW ..................................... 5

   V.    IF THE BCNR'S DECISION IS OVERTURNED, § 628 REQUIRES THAT THE SECRETARY BE DIRECTED TO REFER REV. BYRUM'S RECORD TO AN SSB ........................................................... 8

   VI.   THE CASE IS NOT BARRED BY SOVEREIGN IMMUNITY ...................... 9

Conclusion ........................................................................................................... 11

Table of Citations

Cases:

*Allen v. Card*, 799 F Supp. 158 (D.D.C. 1992).................................................... 4
*Chappell v. Wallace*, 462 U.S. 296 (1983)........................................................... 6
*Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971)...................... 6
*Detweiler v. Peña*, 38 F.3d 591 (D.C. Cir. 1994) .......................................... 4
*Frizelle v. Slater*, 111 F.3d 172 (D.C. Cir. 1997) ..................................... 7, 8
*ICC v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270 (1987) .................. 2
*James Madison Ltd. v. Ludwig*, 82 F.3d 1085 (D.C. Cir. 1996) ................... 6
*Jelinek v. Heckler*, 764 F.2d 507 (D.C. Cir. 1985)........................................ 2
*Nat'l Rifle Ass'n v. Federal Election Comm'n*, 854 F.2d 1330 (D.C. Cir. 1988) .......... 2
*Poulin v. Bowen*, 817 F.2d 865 (D.C. Cir. 1987) .......................................... 2
*Service v. Dulles*, 354 U.S. 363 (1957) ...................................................... 2

Constitution and Statutes:

U.S. Const............................................................................................................. 6

i

Administrative Procedure Act, 5 U.S.C. § 706(2) ................................................ 3, 6
10 U.S.C. § 619(a)(2)(B) ................................................................................. 11
10 U.S.C. § 628(g)(1)(A) .................................................................................. 9
10 U.S.C. § 628(g)(1)(B) .................................................................................. 9
10 U.S.C. § 633 ............................................................................................... 10
10 U.S.C. § 634 ............................................................................................... 10
10 U.S.C. § 635 ............................................................................................... 11
10 U.S.C. § 636(a) .......................................................................................... 11
10 U.S.C. § 637(b)(3) ...................................................................................... 11
10 U.S.C. § 1251(a) ........................................................................................ 10
10 U.S.C. § 1251(c) ........................................................................................ 11
10 U.S.C. § 1251(d) ........................................................................................ 11
10 U.S.C. § 1552(b) .......................................................................................... 4
10 U.S.C. § 1558(b)(1)(B) ................................................................................. 2
28 U.S.C. § 2401 .............................................................................................. 3

Regulations:

SECNAVINST 1420.1B (Mar. 28, 2006) ............................................................. 2
32 C.F.R. § 723.9 ............................................................................................... 2

### Glossary

APA ..............................................................................Administrative Procedure Act
A.R. ......................................................................................Administrative Record
BCNR ...............................................................Board for Correction of Naval Records
SERB ......................................................................Selective Early Retirement Board
SSB ............................................................................... Special Selection Board

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rev. GEORGE P. BYRUM,                    )
                                         )
                    *Plaintiff,*         )
                                         )
         v.                              )          Civil No. 06-02102 (RJL)
                                         )
DONALD C. WINTER,                        )
                                         )
                    *Defendant.*         )          Judge Leon


PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT AND OPPOSITION
TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

*Introduction*

The Secretary's convoluted arguments for summary judgment are without merit. The Court should deny his motion and grant summary judgment for Rev. Byrum. Oral argument is respectfully requested.

*Argument*

I

REV. BYRUM EXHAUSTED HIS ADMINISTRATIVE REMEDIES

Once again, the Secretary insists (at 7-8) that the Court lacks jurisdiction because Rev. Byrum failed to exhaust his administrative remedies. This argument is a reprise of one made in the Secretary's March 19, 2007 Motion to Dismiss, which the Court correctly denied by minute order on January 8, 2008. It was preposterous then, as explained on pages 6-7 of Rev. Byrum's April 27, 2007 Statement of Points and Authorities in Support of Cross-Motion for Summary Judgment and Opposition

1

to Defendant's Motion to Dismiss ("main brief") (Dkt. 10), and remains so. The BCNR expressly—and correctly—found that Rev. Byrum had exhausted his administrative remedies, A.R. 692 (¶ 3a), and its decision was approved by the Secretary's delegate. A.R. 693. He asked that his case be referred to an SSB.

Beyond this, the BCNR can serve as a "special board" for SSB purposes, 10 U.S.C. § 1558(b)(1)(B), and consistent with this, the Secretary has given the BCNR explicit authority to recommend that a case be referred to an SSB. SECNAVINST 1420.1B (Mar. 28, 2006) (¶ 24n(2)) (attached). He is bound by that regulation. *Service v. Dulles*, 354 U.S. 363 (1957). The BCNR therefore properly entertained Rev. Byrum's request,[1] and did so at the direction of the Secretary's delegate. Neither the BCNR nor the Secretary's delegate, nor, for that matter, the Navy in its advisory opinion, ever raised any question as to whether an SSB request may be sub-

---

[1] The Secretary's suggestion (at 21-22) that the BCNR's recommended decision (as approved by the Secretary's delegate) is unreviewable is without merit. The BCNR's broad reconsideration regulation contemplates reconsideration based not only on "new and material evidence" but also on "other matter (including, but not limited to, any factual allegations or arguments why the relief should be granted)." 32 C.F.R. § 723.9. Quite simply, the agency granted reconsideration but denied relief on the merits. On August 11, 2006, the Assistant General Counsel "reviewed the information provided [in counsel's letter of May 2, 2006] and determined that additional consideration of Commander Byrum's petition is appropriate." A.R. 670. (He even directed that a new panel be convened for this purpose. *Id.*) Relying on this directive from above, the BCNR treated the matter as an approved request for reconsideration. A.R. 671. The "formal action . . . is dispositive." *ICC v. Brotherhood of Locomotive Eng'rs*, 482 U.S. 270, 281 (1987). The BCNR's recommended decision makes it clear that the board understood itself—as directed—to be reconsidering the case, not considering *whether* to reconsider, A.R. 691 (¶ 1), and nowhere disputes the propriety of reconsideration, recommending instead "[t]hat relief"—rather than "reconsideration"—be denied." A.R. 692. The case thus falls squarely within the category of reviewable agency action. *E.g., Nat'l Rifle Ass'n v. Federal Election Comm'n*, 854 F.2d 1330, 1336 (D.C. Cir. 1988), citing *Poulin v. Bowen*, 817 F.2d 865, 869 (D.C. Cir. 1987), and *Jelinek v. Heckler*, 764 F.2d 507, 508 (D.C. Cir. 1985).

mitted to the BCNR. *See* Main Br. at 7. It is much too late to pretend that Rev. Byrum failed to touch one of the required bases.

No agency can be permitted to litigate on the basis of an argument directly contrary to its own decision. Any other rule would sound the death knell of orderly procedure.

## II

## THE COMPLAINT IS NOT TIME-BARRED

The Secretary also repeats (at 8-10) his earlier claim that Rev. Byrum's complaint is time-barred. We addressed this as well in our main brief at 7-8. This is an action for APA review of the BCNR's decision. As a result, the Secretary's reliance on cases arising in different postures is misplaced. The agency never took the position below that Rev. Byrum's constitutional objection to the Supplemental Guidance was improper in the context of the BCNR process, and it is too late for the Secretary, in effect, to repudiate his own delegate's action and take such a position now for the first time.

As we previously explained, the six-year period for review of the BCNR decision, 28 U.S.C. § 2401, runs from the date it was approved by the Secretary's delegate. It is undisputed that Rev. Byrum filed his complaint less than six years from the date of the final agency action. That is the end of the matter.

## III

## THE SECRETARY HAS FAILED TO DEMONSTRATE LACHES

The Secretary's claim (at 30 n.12) that Rev. Byrum is guilty of laches is without merit. For one thing, even though the defense of laches is available before the BCNR,

*Detweiler v. Peña*, 38 F.3d 591, 595 (D.C. Cir. 1994), citing, *inter alia, Allen v. Card*, 799 F Supp. 158, 165 (D.D.C. 1992), the Navy never asserted it before the BCNR. A.R. 37, 59, 173-78, 254-65, 418-21, 674-81. Nor did the BCNR or the Secretary's delegate find that the passage of time had prejudiced the Navy's ability to respond. A.R.292, 652, 658, 691-93 . Indeed, the BCNR expressly held that it was in the interest of justice, *see* 10 U.S.C. § 1552(b), to consider Rev. Byrum's case on the merits. A.R. 692 (¶ 3b). If there were any merit to a claim of laches, the Navy waived it.

In any event, there is no basis for such a claim. The agency action on review was approved on December 11, 2006, A.R. 693, and the Complaint was filed the same day. Dkt. 1. There was no delay at all, much less an unreasonable one, and obviously the Secretary can point to no prejudice to his ability to defend the case that accrued during the time between his delegate's signature on the BCNR's recommended decision and the filing of the Complaint.

The Secretary complains (at 30 n.12), however, that seven years elapsed between Rev. Byrum's selective early retirement and the initial assertion of his reverse discrimination contention before the BCNR. Lapse of time in itself is not prejudice, and even now the Secretary has not demonstrated that his ability to respond has in fact been prejudiced. He points to no specific documents, persons, or information that became unavailable during that period or, for that matter, in the intervening years.[2] Indeed, since his papers say that "[i]n order to put forth a com-

---

[2] Quite the reverse, in its May 19, 2004 advisory opinion, the Navy was able to make a firm factual representation that no re-grading had occurred. A.R. 255 (¶ 3b), 263-64 (¶ 3b), 265 (¶ 4); *see also* A.R. 681 (¶ 4b). This certainly casts doubt on the

pelling interest argument at this point, the Secretary would have to search the Navy's archives, attempt to identify and find the individuals responsible for implementing the instruction, and gather and conduct analyses of relevant data as it existed at the time," the conclusion is inescapable that (a) he has conducted no such search, attempted no such identification, and gathered and conducted no such analyses, and (b) he never put forth a compelling interest argument before the BCNR.

Unlike the 30-day comment period it imposed on Rev. Byrum, *e.g.*, A.R. 61, 179, 422, 682, and the 30- or 60-day period it imposed for other advisory opinions, A.R. 166, 168-69, 253 (¶ 3), the BCNR imposed no time limit on the Navy when, on August 22, 2006, it sought an advisory opinion in response to the May 2, 2006 settlement letter that it treated as a request for reconsideration. A.R. 673. The Navy took until November 16, 2006 to reply, and its lengthy submission nowhere indicates that it needed more time. A.R. 674-81.

The time for the Secretary to have asserted laches was when this case was before him. It is too late now. But even if that were not so, he has not even begun to carry his burden on this affirmative defense, and has given the Court no basis to remand in order to afford him another opportunity to do so.

## IV

## THE BCNR'S DECISION IS CONTRARY TO LAW

The Secretary's effort to defend the BCNR majority's decision beats around the

---

Secretary's claim that he has been prejudiced in his ability to respond.

bush, and finally comes to rest (at 29) with a request for a remand. Given the more than ample time the BCNR and the Secretary's delegate had to consider this matter, and the precision with which Rev. Byrum set forth his constitutional objections in his May 2, 2006 submission, A.R. 654-55, the agency does not deserve another bite at the apple. Indeed, nothing in the Secretary's papers suggests that on remand the Navy has a response on the merits to Rev. Byrum's constitutional objection to the Supplemental Guidance under which the SERB was required to function. To the extent there are arguments to refute that objection, it was incumbent on the Secretary to show his hand when the matter was before him. Having failed to do so, there is no reason to remand.

One point made by the Secretary merits special mention. He suggests (at 18) that the BCNR's decision is reviewable only for whether its process was flawed. But decisions of the correction boards are reviewable, among other things, to determine whether they are contrary to law (including the Constitution). 5 U.S.C. §§ 706(2)(A)-(B). The Secretary's theory seems to be that so long as he and the BCNR touch all the right procedural bases, the Court is powerless to overturn a correction board decision. The Court of Appeals has observed that "judicial review of agency action under the APA must go beyond the agency's procedures to include the substantive reasonableness of its decision." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1098 (D.C. Cir. 1996) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 415 (1971)). It would certainly be strange if the BCNR's decisions were reviewable for "substantive reasonableness" or, as the Supreme Court noted in *Chappell v. Wallace*,

462 U.S. 296, 303 (1983), for substantial evidence, but that reviewing courts such as this were powerless to act where the BCNR errs in a matter concerning our Nation's most fundamental law—the Constitution itself.

Finally, the Secretary contends that Rev. Byrum failed to submit necessary evidence and has misconceived the applicable allocation of burdens of proof. Neither point is well-taken. Rev. Byrum fully discharged his duty when he drew the BCNR's attention to a manifestly unconstitutional Supplemental Guidance that bound the SERB. It then became incumbent on the Navy to show that he was not harmed as a result, in the sense that he would have been "SERBed" in any event. *Frizelle v. Slater*, 111 F.3d 172 (D.C. Cir. 1997). Because the Navy made no such showing when the case was before the BCNR, Rev. Byrum is entitled to judgment.

The Secretary's effort (at 25-28) to pin the blame for missing evidence on Rev. Byrum stands the burden of proof on its head. The Navy possessed all the records pertinent to whether he was harmed by the objected-to provisions of the Supplemental Guidance. Nothing prevented it from attempting to show lack of harm while the case was before the BCNR, but all it ever did along that line was to show there was no literal re-grading of minority officers' records. A.R. 263-64 (¶ 3b), 681 (¶ 4b). Re-grading, however, was not raised in the March 2, 2006 settlement inquiry that the Navy treated as a request for reconsideration. The objections set forth in that letter were in no way refuted by the fact that no records were re-graded in connection with the SERB.

Moreover, the Secretary's motion represents a textbook example of impermis-

sible *post hoc* rationalization in its suggestion (at 25 *et seq.*) that Rev. Byrum should have produced evidence other than statistical evidence (which the Navy obviously possessed). The only missing evidence referred to by the BCNR majority and dissenter was statistical evidence. A.R. 692. It is far too late for the Secretary to try to improve on what the BCNR actually said in support of its recommended decision (and which his delegate approved without comment).

V

IF THE BCNR'S DECISION IS OVERTURNED, 10 U.S.C. § 628<br>REQUIRES THAT THE SECRETARY BE DIRECTED TO REFER<br>REV. BYRUM'S RECORD BE REFERRED TO AN SSB

The Secretary's contentions that (28-30) all the Court can do is order a remand to give him another bite at the apple and (30-34) he alone can decide on any further relief are equally misplaced. The Secretary had ample opportunity to defend the Supplemental Guidance when the case was before the BCNR. He did so, albeit unpersuasively, and has pointed to no reason he should be afforded another opportunity. Since the SERB was conducted under unconstitutional instructions, and since the Navy failed to carry its *Frizelle* burden of proving before the BCNR that Rev. Byrum would have been involuntarily retired in any event, the SERB and retirement must be set aside and Rev. Byrum would, for starters, be entitled to be deemed to have continued on active duty until his retirement date.[3]

---

[3] The Secretary's description (at 34) of Rev. Byrum's May 2, 2006 settlement inquiry, A.R. 654, as having "acknowledged that plaintiff would have passed the 'date of mandatory retirement' if he were deemed to have remained on active duty instead of being selected for early retirement" mischaracterizes that letter, which speaks for itself and acknowledges no such thing, referring instead to the "date of

8

As for Rev. Byrum's request that his record be referred to an SSB for remedial consideration for promotion to Captain, that aspect of the relief is squarely covered by 10 U.S.C. § 628(g)(1)(B):

> If a court sets aside a determination by the Secretary of a military department not to convene a special selection board under this section, it *shall* remand the case to the Secretary concerned, who *shall* provide for consideration by such a board. [Emphasis added.]

Under the plain language of this statute, neither the Court nor the Secretary have discretion once it is decided that the Secretary's denial of an SSB is, as here, not only "contrary to law" but also "not based on substantial evidence." *See* 10 U.S.C. §§ 628(g)(1)(A)(ii), -(iv).

## VI

## THE CASE IS NOT BARRED BY SOVEREIGN IMMUNITY

Undeterred by the Court's denial of his motions both to dismiss and for leave to file a surreply, the Secretary has simply renewed (at 34-37) the contention belatedly raised on pp. 3-7 of his May 7, 2007 Reply in Support of Motion to Dismiss (Dkt. 13) that the Court lacks subject matter jurisdiction because the government has not waived sovereign immunity. *See also* Def. [Proposed] Surreply in Support of Motion to Dismiss (May 29, 2007) (Dkt. 19), *leave to file denied*, June 5, 2007.

This contention is fully addressed in Rev. Byrum's May 18, 2007 Surreply (Dkt.

---

mandatory retirement *by reason of age*," the last four words having been conveniently omitted in the Secretary's quotation. In any event, the sentence referred to is an inquiry and nothing more. The letter itself is headed "Privileged—Settlement Communication," A.R. 654, and we consented to its being made a part of the record only after—and because—the Navy elected to treat it as a request for reconsideration. A.R. 720.

15), to which the Court's attention is respectfully invited. The Secretary's assertion that the case has only to do with money—or, as one of his argument headings recites (at 34), that "the only relief that might ultimately be available" to Rev. Byrum "is monetary" (p. 34 (argument heading))—is patently false. Rev. Byrum has requested that an SSB consider him for promotion to Captain, as well as reinstatement on active duty. The Secretary argues (at 37) that "[i]f it were ultimately determined that plaintiff's selective early retirement were void, however, he would not at that point be able to return to active duty." It is true that simply setting aside his SERB would not in itself restore him to active duty, because if he were afforded constructive service as a Commander he would have to be deemed to have retired in April 2003, upon completion of 28 years' active commissioned service. 10 U.S.C. § 633.

But that date is irrelevant to the Court's jurisdiction because what Rev. Byrum seeks is not simply the setting aside of his early retirement, but also remedial consideration for promotion to the higher grade of Captain (and reinstatement on active duty). Citing 10 U.S.C. § 634(a), the Secretary argues (at 34 n.14; *see also* 3-4) that "an active duty servicemember at the rank of captain may serve no more than 30 years." This is seriously misleading. Naval Captains, who ordinarily must retire on completion of 30 years active commissioned service under § 634, may be continued on active duty to age 62,[4] a birthday Rev. Byrum will not celebrate until April 7, 2011, having been born on April 7, 1949. A.R. 3.

What is more, because he is a Chaplain, Rev. Byrum's retirement is subject to

---

[4] The Secretary admitted this (at 8 n.8, citing 10 U.S.C. § 637(b)(3)) in the surreply that the Court correctly denied him leave to file last year. *See also* 10 U.S.C. § 1251(a).

deferment until May 1, 2017 if the Secretary determines that doing so is in the best interest of the Department of the Navy, 10 U.S.C. §§ 1251(c), ‑(d)(1), and even longer if extension of the deferment is necessary for the Department's needs. 10 U.S.C. § 1251(d)(2). Even without such a deferment, because Rev. Byrum is less than 59 years of age, he could, if selected for Captain once his SERB is set aside, serve on active duty for at least[5] several years. It follows that it is simply not so, as the Secretary contends (at 37), that "the only thing he could hope to gain" is back pay and related financial benefits. The relief he seeks—including consideration by an SSB and the potential for reinstatement on active duty—is substantial. The case is properly here.[6]

*Conclusion*

For the foregoing reasons and those previously stated, Rev. Byrum's motion for summary judgment should be granted and the Secretary's corresponding motion should be denied.

A revised proposed Order more accurately reflecting the relief sought is submitted herewith.

---

[5] After only a year as a Captain Rev. Byrum would be eligible for consideration for promotion to Rear Admiral (lower half). 10 U.S.C. § 619(a)(2)(B). If selected, he could remain on active duty for another five years. 10 U.S.C. § 635. The Chief of Navy Chaplains is a Rear Admiral (upper half). If Rev. Byrum achieved that grade he could remain on active duty even longer. 10 U.S.C. § 636(a).

[6] The Secretary's failure to brief this matter all at once, as well as his repeated requests for extensions of time, have whittled away the time Rev. Byrum could serve if selected for promotion to Captain and continuation past the normal 30‑year limit for that grade. In the circumstances, we respectfully request that the Court act as expeditiously as possible.

Respectfully submitted,

/s/
Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Brent C. Harvey (501155)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, DC  20036
(202) 466-8960

*Attorneys for Plaintiff*

March 3, 2008



**DEPARTMENT OF THE NAVY**
OFFICE OF THE SECRETARY
1000 NAVY PENTAGON
WASHINGTON DC 20350-1000

SECNAVINST 1420.1B
N132F/PERS-48
March 28,2006

<u>SECNAV INSTRUCTION 1420.1B</u>

From:  Secretary of the Navy

Subj:  PROMOTION, SPECIAL SELECTION, SELECTIVE EARLY
       RETIREMENT, AND SELECTIVE EARLY REMOVAL BOARDS FOR
       COMMISSIONED OFFICERS OF THE NAVY AND MARINE CORPS

Ref:   (a) Title 10, U.S. Code
       (b) DoD Directive 1320.12 of 27 Sep 05
       (c) DoD Instruction 1320.14 of 24 Sep 96
       (d) OPNAVINST 1427.2 of 15 Aug 05
       (e) SECNAVINST 1400.1 Series
       (f) SECNAVINST 1920.7 Series
       (g) OPNAVINST 1427.1 of 8 Dec 05
       (h) DoD Instruction 1320.13 of 21 Jun 96
       (i) SECNAVINST 1401.3 Series
       (j) NAVPERS 15560D, Navy Military Personnel Manual
           (MILPERSMAN)
       (k) SECNAVINST 1920.6C of 15 Dec 05
       (l) DoD Directive 1320.11 of 27 Sep 05
       (m) DoD Directive 1332.32 of 30 Sep 96
       (n) SECNAVINST 1401.4 Series
       (o) SECNAVINST 1412.8 Series
       (p) SECNAVINST 1412.9 Series
       (q) DoD Instruction 1320.4 of 14 Mar 95

1. <u>Purpose</u>

    a.  To revise policy and procedures for permanent promotion
and selective early retirement of commissioned officers O2 and
above, except limited duty officers (LDOs), on the Active Duty
List (ADL) and Reserve Active Status List (RASL) of the Navy and
Marine Corps per references (a), (b), and (c).

    b.  To set forth requirements to convene boards to consider
officers for selective early removal from the RASL.

    c.  To set forth requirements to convene special selection
boards to consider officers and warrant officers eligible for
promotion in or above the promotion zone, who were either not
considered by a promotion selection board, or who were

SECNAVINST 1420.1B

considered, but due to defects in the board's proceedings did not receive lawful or proper consideration.

    d.  This instruction is a complete revision and should be reviewed in its entirety.

2.  <u>Cancellation</u>.  SECNAVINST 1420.1A and SECNAVINST 1401.1B.

3.  <u>Applicability</u>

    a.  Promotion selection board and selective early retirement board procedures in this instruction apply to all Navy and Marine Corps commissioned officers, O2 and above (except LDOs) on the ADL and RASL as defined by sections 620, 641, and 14002 of reference (a), and implemented in reference (d).

    b.  Selective early removal board procedures in this instruction apply to all Navy and Marine Corps commissioned officers, O2 and above on the RASL as defined by section 14002 of reference (a).

    c.  The special selection board provisions of paragraphs 4b, 5c, 5d, 5e, and 24 of this instruction apply to officers including, LDOs and warrant officers on the ADL and RASL in the Navy and Marine Corps and former officers no longer on the ADL and RASL.  Special selection boards for ADL officers are authorized only in cases where the promotion selection board in question convened on or after 15 September 1981, and for RASL officers only in cases where the promotion selection board in question is convened on or after 1 October 1995.

    d.  SECNAVINST 1412.6 Series governs promotion of Navy and Marine Corps officers on the ADL to the grade of lieutenant (junior grade) or first lieutenant.

    e.  SECNAVINST 1421.4 Series also governs promotion of Navy and Marine Corps officers on the RASL to the grade of lieutenant (junior grade) or first lieutenant.

    f.  SECNAVINST 1412.8 Series governs the promotion of LDOs on active duty in the Navy and chief warrant officers on active duty in the Navy.

g.   SECNAVINST 1412.9 Series governs the promotion and continuation of LDOs and warrant officers in the Regular Marine Corps and warrant officers in the Marine Corps Reserve.

h.   SECNAVINST 1421.3 Series governs temporary (SPOT) promotion of officers in the Navy to lieutenant commander.

i.   OPNAVISNT 1427.1 governs the assignment of running mates and the establishment of precedence and competitive categories for officers on the RASL of the Navy and Marine Corps.

4.   <u>Definitions</u>.  The following definitions apply throughout this instruction.

a.   <u>Promotion Selection Board</u>.  A board convened under section 611 or 14101 of reference (a), and the annual promotion plans to consider for promotion to the next higher grade officers in the Navy or Marine Corps.

b.   <u>Special Selection Board</u>.  A selection board convened under section 628 or 14502 of reference (a) or by the Secretary of the Navy (SECNAV) in the case of Reserve warrant officers, to consider for promotion officers who either were not considered by a promotion selection board as a result of error, or who were considered, but due to defects in the board's proceedings as to them did not receive lawful or proper consideration.

5.   <u>Policy</u>.  Department of the Navy (DON) policy is to assemble all requirements for officers in each grade and competitive category established in reference (e) by using a system of competitive promotion selection boards.

a.   The promotion system is based on 5-year plans designed to meet the following objectives:

(1) Select officers to fill projected vacancies to meet authorized strength in each competitive category and grade for the first fiscal year of the plan.

(2) Ensure reasonable career opportunities in each competitive category.

(3) Attain and maintain an all Regular Force on the ADL.

SECNAVINST 1420.1B

(4) Maintain programmed requirements by grade in each competitive category over the latter four fiscal years of the plan while maintaining relatively similar career opportunities.

b.  Promotion selection boards will be administered to ensure careful consideration of all eligible officers without prejudice or partiality.

c.  To ensure consistency of promotion timing between the ADL and RASL, the zones for RASL 06 and below promotion boards shall be established with a running mate system as prescribed in section 14306 of reference (a) and promotions will be affected per section 14308(d) of reference (a).  The running mate system may be applied for flag/general officer promotion boards. Flag/general officer promotion plans shall state whether the running mate system will be applied.  If the running mate system is not applied, the plan shall so state and promotion zones shall be consistent with ADL promotion zones to the fullest extent practicable, as if the running mate system was applied. Officers considered and selected for promotion for which the running mate system is not applied shall have their promotions effected per section 14308(b)(2) of reference (a).

d.  Special selection boards will be used only to consider the records of officers, except as provided in paragraph 5e, and make recommendations to SECNAV with regard to selection for promotion, in cases where an error or omission precluded an officer's consideration, or proper consideration, by a promotion selection board.

e.  A special selection board will not be convened to consider any officer who, through the exercise of reasonable diligence, might have discovered and corrected the error or omission in the official record prior to convening the promotion selection board that considered, but did not select the officer.

f.  All applications for special selection boards must be received no later than three years after the date the contested board results were made public.  Applications received more than three years after the date the contested board results were made public will be treated as untimely and will be denied by the Chief of Naval Operations (CNO) or the Commandant of the Marine Corps (CMC), as appropriate.  This authority may be delegated.

SECNAVINST 1420.1B

6. <u>Annual Promotion Plan</u>. The CNO and the CMC shall submit to SECNAV, via the Judge Advocate General (JAG), annually, a 5-year promotion plan. The promotion plan must be submitted 45 days before the proposed convening date of the first promotion selection board of the fiscal year promotion cycle.

a. The plan will provide an estimate of the number of officers needed in each grade and competitive category to attain authorized strength; the number of officers estimated to be serving in each competitive category for each grade; the number of officers authorized to be on active duty on the last day of each fiscal year for each grade, including the controlled grades as established in reference (a), sections 523 and 12011, and a recommended promotion opportunity and projected flow point for each grade and competitive category. The plan will also show, for each grade and competitive category, the number of officers to be placed in the promotion zone, the number of officers to be selected for each grade and competitive category to attain the proposed promotion opportunity, and any proposed below zone opportunity. Per reference (c), promotion opportunity is calculated by taking the maximum number of recommendations that may be made by the promotion selection board and dividing that number by the number of officers in zone. Flag/general officer boards include above zone eligibles; all other boards exclude above and below zone eligibles. The plans for Reserve flag/general officer boards shall also state whether the running mate system will be applied.

b. The plan will provide rationale, and analysis as necessary, to support proposed deviations from flow point and opportunity guidelines in paragraph 12 or proposed below-zone opportunity exceeding 10 percent of the maximum number of officers recommended for promotion for grades O4 and above in each competitive category. Per reference (b), plans proposing a below-zone opportunity greater than 10 percent shall include a request for the Secretary of Defense (SECDEF) approval for such opportunity. Plans may not propose below-zone opportunity greater than 15 percent.

c. The plan should identify any expected need for selective continuation of officers under reference (f) or selective early retirement or selective early removal under paragraph 25, to aid in meeting authorized strength, promotion opportunity, or promotion flow points. Selective continuation, selective early

SECNAVINST 1420.1B

retirement, and selective early removal plans, as required, will be submitted as soon after the annual promotion plan as feasible.

7. <u>Eligibility for Consideration for Promotion</u>

a. Navy and Marine Corps officers on the ADL who meet prescribed service-in-grade requirements are eligible for consideration by ADL promotion selection boards. An officer on the RASL for whom the running mate system applies is eligible for consideration for promotion to the next higher grade when that officer's running mate is in or above the promotion zone and, per section 14301 of reference (a), only if the officer has served continuously on the RASL or ADL (or a combination of both lists) for a period of one year immediately preceding the convening date of the board considering the officer for promotion. Exceptions to an officer's eligibility for consideration are provided in paragraphs 7b, 7d, 8, 11, 18b, and 19d.

b. As provided in sections 619 and 14301 of reference (a), officer promotion selection boards may not consider an officer whose name is on a promotion list for that grade as a result of their selection for promotion to that grade by an earlier promotion selection board or an officer who is recommended for promotion to that grade in the report of an earlier promotion selection board and the report has not yet been approved by the President or on behalf of the President. Additionally, per section 619 of reference (a), promotion selection boards may not consider officers in the grade of O3 who are not U.S. citizens.

c. Officers who enter on active duty and are on the ADL on the date the board convenes will be eligible for consideration for promotion under this instruction unless eligibility is deferred under paragraph 8.

d. Officers placed on the ADL or RASL after the date a board convenes are not eligible for consideration by that board.

e. In the Judge Advocate General's Corps and Chaplain Corps, normal promotion progression for newly appointed officers is impeded when officers, who are granted sufficient entry grade credit to provide for initial appointment in the grade of lieutenant (junior grade), are eligible for consideration for

promotion to lieutenant, and commence active duty after the annual lieutenant All-Fully-Qualified-Officers List (AFQOL) is compiled.  To avoid this impediment, annual promotion plans will provide for two lieutenant AFQOLs for the Judge Advocate General's Corps and Chaplain Corps each year.

8.  <u>Deferred Eligibility</u>.  Per section 619 of reference (a), SECNAV may prescribe a period of time, not to exceed one year from the time an officer is placed on the ADL during which the officer shall be ineligible for consideration for promotion. Deferment of eligibility is intended to provide officers who otherwise would have been in zone or above zone an opportunity to obtain active duty experience, qualifications, and significant evaluation before being considered by a promotion selection board.  Per section 14301 of reference (a), Reserve officers must complete one year on the RASL or ADL (or a combination of both lists) prior to promotion consideration; therefore, the provisions of this paragraph are not applicable to RASL officers.  Officers whose initial promotion eligibility is deferred will be considered by a subsequent board as officers in zone (above zone, not previously considered) or above zone, as appropriate, as if their eligibility had not been deferred. Eligibility will be deferred as follows:

    a.  <u>Marine Corps Officers</u>.  The CMC may, with the officer's consent or at their request, at any time prior to the convening of the first promotion selection board to consider their records, defer the officer's eligibility for consideration in zone or above zone for promotion for up to one year from the date the officer entered on active duty and was subject to placement on the ADL.  An officer's written request for deferment must be submitted to Commandant of the Marine Corps, Headquarters U.S. Marine Corps, (MMPR-1), Harry Lee Hall, 17 Lejeune Road, Quantico VA 22134-5104.  Requests must arrive no later than the convening date of the promotion selection board before which the officer would normally be eligible.

    b.  <u>Navy Officers</u>.  Officers who would be eligible for consideration by a promotion board as an in zone or above zone eligible within one year of placement on the ADL shall be informed that their eligibility for such consideration will be deferred unless they specifically request consideration.  The officer may waive this deferment and request consideration for promotion, in writing, to Navy Personnel Command (NAVPERSCOM)

SECNAVINST 1420.1B

5720 Integrity Drive, Millington TN 38055-0801.  The request
must be received by NAVPERSCOM (PERS-4802) no later than the
convening date of the board.  The Chief of Naval Personnel
(CHNAVPERS) shall normally place such officers' records before
the promotion selection board.

    c.  <u>Reinstatement</u>.  An eligibility deferral, waived under
paragraph 8a or 8b, will not be reinstated.

9.  <u>Service-in-Grade</u>.  In the annual promotion plan, SECNAV will
prescribe, under sections 619 and 14303 of reference (a),
service-in-grade requirements for eligibility for consideration
by promotion selection boards in each grade and competitive
category.

10.  <u>Promotion Zones</u>.  In the annual promotion plan, SECNAV will
establish promotion zones for each grade and competitive
category.  The limits of each zone will be indicated by the
name, precedence number, and date of rank of the designated
junior and senior officer in zone.  Determination of running
mates and promotion zones for consideration of officers on the
RASLs of the Navy and Marine Corps are governed by reference
(g).  Below-zone eligibility, if prescribed, will be indicated
by the name, precedence number, and date of rank of the
designated junior officer eligible for consideration in each
competitive category.  Officers in the same grade who are
eligible for consideration for promotion to the next higher
grade will be considered as officers either above zone, above
zone not previously considered, in zone, or below zone for their
competitive category as defined below:

    a.  <u>Above Zone</u>.  Officers within a particular grade and
competitive category who are eligible for promotion and are
senior to the senior officer in the promotion zone.

    b.  <u>Above Zone, Not Previously Considered</u>.  Officers in a
grade below O6, senior to the senior officer in zone for their
competitive category, but who have neither been removed from a
promotion list to that grade; nor failed of selection to the
next higher grade by an active duty board are referred to as
above zone, not previously considered.

    c.  <u>In Zone</u>.  Officers within a particular grade and
competitive category who:

8

SECNAVINST 1420.1B

(1) Are senior to the officer designated as the junior officer in the promotion zone.

(2) Have neither:

(a) Failed of selection (grades below O6) or not been recommended for promotion to the next higher grade.

(b) Been removed from a promotion list to the next higher grade.

d. <u>Below Zone</u>. Officers within a particular grade and competitive category who are eligible for promotion and are junior to the junior officer in the promotion zone.

11. <u>Limitations on Eligibility</u>. Per sections 619 and 14301 of reference (a), sections 619 and 14301, and reference (c), SECNAV, in the annual promotion plan, may prescribe the following limitations on eligibility for promotion in a competitive category. The CNO and CMC will make recommendations in proposed promotion plans for exercising the following limitations:

a. Limit the number of officers to be considered by a promotion selection board from below the promotion zone to those officers determined to be exceptionally well qualified for promotion. When this authority is exercised, SECNAV will prescribe in the annual promotion plan and in each promotion board precept, as applicable, the criteria for determining which officers from below the promotion zone are exceptionally well qualified for purposes of promotion.

b. Exclude from consideration for promotion those officers whose established separation date is within 90 days after the convening date of a promotion selection board for which they would have otherwise been eligible. Modifications to established separation dates made on or after the date the board convenes will not change the eligibility status of such officers for consideration by the board.

c. With SECDEF approval, SECNAV may preclude from consideration by promotion selection boards for promotion to the grade of O7 those officers who have been considered and not selected for promotion to the grade of O7 by at least two

SECNAVINST 1420.1B

promotion selection boards and are determined as not being exceptionally well qualified for promotion.

12. <u>Promotion Flow Point and Opportunity</u>.  Promotion zones will be established to meet the separate promotion requirements of each competitive category.  This may result in different promotion flow points and opportunity among the competitive categories.  Within a competitive category, promotion zones will be designed to provide relatively similar promotion opportunity over a period of five years.

   a.  Per reference (h), the following guidelines will normally be applied to ADL promotion plans for each competitive category:

| Promotion To Grade | Flow Point* | Variance | Opportunity | Variance |
|---|---|---|---|---|
| O4 | 10 years | + -1 year | 80 percent | + -10 percent |
| O5 | 16 years | + -1 year | 70 percent | + -10 percent |
| O6 | 22 years | + -1 year | 50 percent | + -10 percent |

*Years of active commissioned service plus all entry grade credit.

   b.  Promotion flow point for the Medical Corps and Dental Corps will normally be six years service in grade based on date of rank.

   c.  Promotion flow point and opportunity, for any competitive category may be temporarily set outside these guidelines when necessary to attain or to maintain the authorized grade strength.  Proposals to deviate from the guidelines prescribed in paragraph 12a must provide supporting rationale and estimated time frame within which compliance with the guidelines will become possible.

13. <u>Promotion Selection Boards</u>.  Each person participating in the conduct of a promotion selection board shall receive a copy and review the contents of reference (c) upon receipt of notification that they have been assigned duties in conjunction with the conduct of a promotion selection board.

SECNAVINST 1420.1B

a. <u>Notice of Convening</u>. Per sections 614 and 14105 of reference (a), SECNAV will issue a notice of the convening of a promotion selection board at least 30 days before the board is convened. The notice will include:

(1) The names, precedence numbers, and dates of rank, of the junior and senior officers in the promotion zone as of the date of notification.

(2) The name, precedence number, and date of rank of the junior officer eligible as of the date of notification, if applicable.

(3) The date the board will convene.

(4) Inform eligible officers of their right to communicate with the promotion selection board and of their responsibility to ensure their personnel records are substantially accurate and complete.

b. <u>Membership</u>. The composition of promotion selection boards shall be determined under sections 612 and 14102 of reference (a), as applicable. The composition shall include a board president, members, recorders, and administrative support personnel as specified in reference (i) and whose duties and responsibilities are further outlined in reference (c). The senior member of the board may be appointed board president. The board president will also serve as a member of the board and perform such administrative duties in connection with the board proceedings as SECNAV may prescribe in the precept. The recorders shall keep the official record of the board proceedings and at least one recorder must be present during all board deliberations.

c. <u>Submission of Precepts</u>. CHNAVPERS and CMC will submit, not later than 10 days before the proposed convening date, a precept for each promotion selection board to SECNAV, via CNO and JAG for Navy Boards, and via CMC and JAG for Marine Corps Boards.

d. <u>Information to be Furnished to Promotion Selection Boards</u>. No person may direct that a particular officer be selected by a promotion selection board or that a promotion selection board not select a particular officer. Per reference

SECNAVINST 1420.1B

(c), SECNAV shall issue written instructions to promotion selection boards.  CNO and CMC shall forward to SECNAV, on an annual basis, the content of the administrative briefings provided to promotion selection boards for approval.  The written instructions and guidance to a board shall not include information on particular officers.  All information furnished to promotion selection boards shall be made part of the board record.  The following, information shall be furnished to each promotion selection board at the time it is convened:

(1) Precept.  Promotion selection boards shall be convened by precept addressed to the president of the board and signed by SECNAV, or designee.  The precept will include instructions governing the proceedings of the board and will appoint the president, members, recorders, and administrative support personnel of the board.  The board shall adhere to the instructions in the precept.

(2) Skill Guidance.  The precept will provide SECNAV guidance relating to the needs of the Navy or Marine Corps for officers with particular skills in each competitive category, and other information and guidelines as necessary to enable the board to perform its functions properly.

(3) Marine Corps precepts will specify the maximum number or percentage, as applicable, of officers in each grade and competitive category that the board may recommend for promotion.

(4) Navy precepts will specify the percentage of officers the board may recommend from the list of eligible officers.  CHNAVPERS will provide the maximum number of officers that may be recommended for promotion after the final number of eligible officers is determined as of the date the board convenes.

(5) CHNAVPERS or CMC, acting for SECNAV, shall provide the names of all officers in each competitive category who are to be considered by the board based on the criteria specified in the annual promotion plan as of the date the board convenes.

(6) CHNAVPERS or CMC shall supply all pertinent records of each officer to be considered by the board.  Such records shall include all documents, including fitness reports, that are

SECNAVINST 1420.1B

essential for a fair and substantially accurate and complete
portrayal of each officer's career as of the date the board
convenes.  Fitness reports, personal awards or other documents
with ending dates after the convening date of the board will not
be added to these records even if received while the board is in
session.  If the board requests information to amplify or
clarify official records provided to the board, the board may
request such information from SECNAV, via CNO or CMC, as
appropriate.  Per reference (c) and as prescribed by SECNAV in
reference (n), information that is not part of an officer's
official record may be provided to a board if the officer is
notified that such information will be presented to the board,
the officer is provided a copy of the information that will be
provided to the board, and the officer is afforded a reasonable
opportunity to submit written comments on that information.

     e.  Only SECNAV may provide additional guidance to promotion
selection boards.  Per sections 615(d) and 14107(c) of reference
(a), the written instructions, information, or guidance
furnished to a promotion selection board may not be modified,
withdrawn, or supplemented after the board submits its report to
SECNAV; except as provided in paragraph 15f.

     f.  Oath.  Each member of the promotion selection board
shall swear or affirm that they will perform their duties as a
member of the board without prejudice or partiality, having in
view both the special fitness of officers and the efficiency of
their service.  Each recorder shall swear or affirm that they
will keep a true record of the proceedings of the board.  Each
member, recorder, and administrative support personnel shall
swear or affirm that they will not divulge the proceedings of
the board except as authorized or required by SECNAV or higher
authority.

     g.  Per reference (c), the maximum number or percentage of
officers in the promotion zone authorized to be promoted within
a competitive category may not be increased after the convening
of a promotion selection board without written approval of
SECDEF.

14.  Communication with Promotion Selection Boards.  All
communications, other than those communications that are only
administrative in nature, shall be in writing, furnished to all
board members, and made a part of the board's record.  An audio

SECNAVINST 1420.1B

or video recording is an acceptable means of communication with the board, so long as a written transcript is submitted by the officer and is made a part of the board record. No one, other than SECNAV shall appear in person to address a promotion selection board on any matter. This does not restrict the furnishing of administrative information to the promotion selection board by the staff designated in writing by SECNAV to assist the board. Oral communication of routine administrative information among board members, recorders, and administrative support personnel is authorized to the extent that it is necessary to facilitate the work of the board. Per sections 614 and 14106 of reference (a) and reference (j), article 1420-010, officer's eligible for consideration by a promotion selection board may communicate directly in writing with the board. The communication may call attention to any matter concerning the officer that the officer considers important.

    a.  The officer's written communication may include, as enclosures, correspondence from any individual concerning the eligible officer. Correspondence not originated by the eligible officer, including endorsements to the officer's letter and letters written on behalf of that officer must contain a written acknowledgment by the eligible officer that they desire such correspondence be presented to the board. Correspondence without such an acknowledgment is considered third-party correspondence and will not be accepted. Correspondence that contains classified information will not be accepted.

    b.  Officers who desire to communicate with a promotion selection board shall forward written communication to the appropriate board via NAVPERSCOM, Customer Service Center (PERS-633) or CMC (MMPR-1) as appropriate, to arrive no later than 2359 the day prior to the convening date of the promotion selection board which is to consider their record.

    c.  The promotion selection board shall consider all correspondence which complies with the above requirements.

15.  <u>Reports of Proceedings of Promotion Selection Boards</u>.  Per reference (a), sections 617 and 14109, and reference (c), each promotion selection board shall submit a report to SECNAV listing the names of the officers recommended for promotion.

SECNAVINST 1420.1B

a.  The report shall be in writing, signed by each board member and recorder, and shall certify that the board has complied with all instructions contained in the precept.  The report shall also certify that the board has carefully considered the record of each officer whose name was furnished to it, and that, the officers recommended for promotion are, in the opinion of the majority of the members of the board, fully qualified and best qualified for promotion to meet the needs of the Navy or Marine Corps from among the officers whose names were furnished to the board.

b.  Per sections 617(b) and 14109(c) of reference (a), each report shall include the name of any officer considered by the board whose record, in the opinion of a majority of the members of the board, indicates that the officer should be required to show cause for their retention on active duty, or in an active status on the RASL, under reference (k), because of substandard performance of duty, misconduct, moral or professional dereliction, or because retention is not clearly consistent with the interests of national security.

c.  Per section 617(c) of reference (a), each ADL officer promotion selection board shall include in its report the names of those officers considered and not recommended for promotion by the board who submitted to the board a request not to be selected for promotion or who otherwise directly caused their non-selection through written communication to the board.  Any officer who submits such a request will still be considered for promotion and will incur a failure of selection if not recommended for promotion by the board.

d.  Before the report of the promotion selection board is signed, the recommendations may be disclosed only to members of the board, recorders, and those administrative support personnel designated in writing by SECNAV.  After the board report is signed, only the recommendations of the board may be disclosed. Except as authorized by reference (c) and sections 616(e), 618(f), 14104, and 14108(d) of reference (a), the proceedings of the board may not be disclosed to any person not a board member or board recorder.

e.  The report shall be forwarded for approval by the President or his designee via first, CHNAVPERS (Navy boards); second CNO or CMC, as appropriate; third, JAG for legal review;

15

SECNAVINST 1420.1B

and fourth, SECNAV.  Per section 618 of reference (a) and
reference (c), the report of a promotion selection board that
considered ADL officers with service in joint duty assignments
will be forwarded to the Chairman of the Joint Chiefs of Staff
(CJCS) for review.  In addition, per section 1731 of reference
(a) and reference (c), promotion selection boards that
considered ADL Acquisition Corps officers shall forward
Acquisition Corps promotion statistics to the Under Secretary of
Defense for Acquisition, Technology and Logistics (USD (AT&L))
for review.

   f.  If SECNAV determines that the board acted contrary to
law, regulation or guidelines, the report will be returned to
the board for further proceedings.  SECNAV may modify, withdraw,
or supplement instructions, information, or guidelines, as part
of a written explanation to the board.  Upon receipt of a report
that has been returned by SECNAV, the board (or a subsequent
board convened under this instruction for the same grade and
competitive category) shall conduct proceedings as necessary to
revise the report and shall resubmit the revised report to
SECNAV, via first, CHNAVPERS (Navy boards); second, CNO or CMC
as appropriate; third, JAG for legal review, and fourth CJCS
and/or USD (AT&L), if necessary.

   g.  Once the board report is approved, the names of all
officers approved for promotion within a competitive category
are placed on a single list in order of seniority for that
competitive category.  This list will be known as a promotion
list.

   h.  Along with the board report, CNO or CMC, as appropriate,
shall submit via SECNAV, an appointment scroll or nomination
scroll, as appropriate, for approval per the guidance in
reference (q).  A scroll contains the names of the officers
selected for promotion within a competitive category, with the
exception of the names of those officers withheld by SECNAV.
Appointment scrolls will be submitted to SECDEF for approval for
ADL officers in the grade of O3 and RASL officers in the grades
of O3, O4, and O5.  Nomination scrolls will be submitted to the
Senate for confirmation, via SECDEF, or designee, and the
President for ADL officers above the grade of O3 and RASL
officers above the grade of O5.

SECNAVINST 1420.1B

i.  Following approval of the board report, SECDEF, or designee, will forward nomination scrolls to the Senate for confirmation, via the President.

(1) When the approved report of a promotion selection board identifies officers who should be required to show cause for retention on active duty or in an active status on the RASL under paragraph 15b, and when directed by SECNAV, CHNAVPERS, or CMC will initiate a Board of Inquiry required by sections 1182 and 14903 of reference (a), on all such officers.

(2) As determined by SECNAV, the name of any officer with adverse or alleged adverse information or any Reserve officer whose record indicates that the officer has not completed a baccalaureate degree by a qualifying educational institution may be withheld from the scroll.  Upon official dissemination of the names of the selected officers by ALNAV message, CNO or CMC, as appropriate, shall notify the officer, whose name was withheld from the scroll, in writing of their status.  An officer who was withheld that is subsequently recommended for promotion shall have their name placed on a scroll and forwarded to SECDEF or Senate, as appropriate, for approval.  If subsequently promoted, the officer shall be promoted in the same manner as an officer whose promotion was delayed in paragraph 23.  An officer whose name has been withheld and is subsequently found not qualified for promotion shall have their name removed from the promotion list in the same manner described in paragraph 17 and will be subject to the provisions contained in paragraphs 18 and 19.

16.  Dissemination of Names.  The names of the officers recommended for promotion in the report of a promotion selection board shall be disseminated to the Navy and Marine Corps as follows:

a.  In the case of ADL officers recommended for promotion to the grades of O4, O5, and O6 and RASL officers recommended for promotion to the grade of O6, such names may be disseminated upon, or at any time after, the transmittal of the nomination scroll to the President.

b.  In the case of ADL and RASL officers recommended for promotion to a grade above O6, such names may be disseminated

17

upon, or at any time after, the approval of the nomination scroll by the President.

   c.  The names of the ADL officers selected for promotion to the grade of O3 and RASL officers selected for promotion to the grades of O3, O4, and O5 shall normally be officially disseminated upon SECDEF's approval of the appointment scroll.

   d.  Dissemination will be by ALNAV message.  CNO and CMC, as applicable, shall submit the proposed message.

   e.  CNO or CMC may propose to SECNAV to withhold from the ALNAV the names of officers in the following categories:

      (1) Officers whose names were withheld from appointment or nomination, as applicable.

      (2) Officers against whom sworn court-martial charges have been preferred, but not disposed of; or

      (3) Officers with a criminal proceeding in a Federal, State, or local court pending; or

      (4) Officers against whom an investigation is being conducted to determine whether disciplinary/administrative action of any kind should be initiated.

      (5) A Reserve officer who has not completed a baccalaureate degree by a qualifying educational institution.

   f.  The names of the officers selected for promotion, other than those whose names were withheld from an ALNAV under paragraph 16e, if not sooner disseminated as authorized under paragraph 16, shall be promptly disseminated within DON upon confirmation by the Senate.

17.  Removal from Promotion List

   a.  The President, or designee, may remove the name of any officer from a list of officers recommended for promotion by a selection board.  CHNAVPERS or CMC, as appropriate, shall provide a request for removal action to SECNAV.  If required, SECNAV will forward the removal request to the President, or designee, via SECDEF for signature.

SECNAVINST 1420.1B

b.  If, after consideration of a list of officers approved
for promotion, SECDEF or the President does not approve the
appointment or the Senate does not give its advice and consent
to the appointment of an officer whose name is on the list, that
officer's name shall be removed from the promotion list.

c.  If an officer's name is removed from the promotion list,
CNO or CMC, as appropriate, shall notify that officer in writing
of their removal from the promotion list and the resulting
effect on promotion status under paragraphs 18 and 19.

18.  Eligibility of Officers Removed from Promotion List

a.  An officer whose name is removed from a promotion list
shall be considered for all purposes to have failed of selection
for promotion and will continue to be eligible for consideration
for promotion.  If an officer is recommended for promotion by
the next promotion selection board convened for that officer's
grade and competitive category and the officer is promoted,
SECNAV may, under section 1552 of reference (a), upon such
promotion, grant the officer the same date of rank, the same
effective date for pay and allowances for the grade to which
promoted, and the same position on the ADL or RASL as the
officer would have had if the officer's name had not been
removed from the first promotion list.

b.  If an officer on the ADL, whose name was removed from a
promotion list to the grade of O3, is not recommended for
promotion by the next promotion selection board convened for the
officer's grade and competitive category, or if the officer's
name is again removed from the list of officers recommended for
promotion to the grade of O3, the officer shall be ineligible
for further consideration for promotion.

19.  Failure of Selection for Promotion

a.  Officers in grades below O6 who are in or above the
promotion zone and are considered but not selected for promotion
will be considered to have failed of selection for promotion to
the next higher grade.

b.  If an officer, in a grade below O6, whose name was
removed from a promotion list is not recommended for promotion

19

SECNAVINST 1420.1B

by the next promotion selection board convened for the officer's grade and competitive category, or if the officer's name is again removed from the list of officers recommended for promotion, or if the Senate again does not give its advice and consent to the officer's promotion, the officer shall be considered for all purposes to have twice failed of selection for promotion.

c.  Except as provided in paragraph 19d, officers who fail to select for promotion shall remain eligible for consideration by subsequent promotion selection boards so long as they remain on the ADL or RASL.  Two or more failures of selection subjects an officer to involuntary separation or retirement under references (a), (f), and (k).

d.  Officers on the ADL who are subject to discharge under section 631 of reference (a), as implemented in reference (k) for having twice failed of selection for promotion to the grade of O3, are not eligible for further consideration for promotion.

e.  Officers in or above the promotion zone who are selected for promotion to the grade of O6 or below but decline the appointment will be above zone for subsequent promotion selection boards.

20.  Counseling for Officers Who Fail of Selection for Promotion.  Per reference (j), article 1420-050, CHNAVPERS shall provide, upon request, counseling for officers who fail of selection for promotion to grades O3 to O6.  Counseling shall consist of reviewing the officer's record and indicating any factors that may account for not having been selected.

a.  The counselor will be an officer experienced in officer personnel matters who is senior to and when practicable, in the same competitive category as the officer requesting counseling. The counselor may not be an officer who served as a member, recorder, or administrative assistant for a promotion selection board which failed to select the requesting officer for promotion.

b.  Requests for counseling should be submitted to NAVPERSCOM (PERS-4).

SECNAVINST 1420.1B

21. <u>Promotion of Selectees</u>.  Officers on a promotion list will be appointed as Regular officers or Reserve officers, as appropriate, in the next higher grade as additional officers are needed in each grade and competitive category.

a.  For officers on the ADL, promotions will be made in the order in which the names of officers appear on the promotion list for each competitive category as vacancies become available, except for those officers whose promotion have been delayed.  Promotion of officers from one competitive category will be effected regardless of the relative seniority of officers of the same grade in other competitive categories.

b.  For officers below the grade of O7 on the RASL, promotions will be made per the running mate system as established by reference (g).  RASL flag/general officer promotions will be made as specified in the annual promotion plan.

c.  Officers in Transition to and from the RASL or ADL.  Per section 14317 of reference (a):

(1) If an officer on the RASL is transferred to an inactive status or to a retired status after having been recommended for promotion to a higher grade by a RASL or ADL board, but before being promoted, the officer:

(a) shall be treated as if the officer had not been considered and recommended for promotion by the selection board; and

(b) may not be placed on a promotion list or promoted to the higher grade after returning to an active status, unless the officer is again recommended for promotion by an ADL or RASL board.

(2) A RASL officer who is on a promotion list as a result of selection for promotion by a RASL promotion board or a RASL special selection board and who before being promoted is placed on the ADL of the same armed force and placed in the same competitive category shall be placed on an appropriate promotion list for officers on the ADL.

SECNAVINST 1420.1B

(3) An officer who is on the ADL and is on a promotion list as the result of selection for promotion by an ADL promotion board and who before being promoted is removed from the ADL and placed on the RASL of the same armed force and in the same competitive category (including a Regular officer who on removal from the ADL is appointed as a Reserve officer and placed on the RASL) shall be placed on an appropriate RASL promotion list.

d.  CNO and CMC shall prescribe monthly numbers, by competitive category and grade, of officers to be promoted and shall announce the names of those officers promoted from the approved promotion list within the monthly numbers authorized.

e.  Authority to prescribe monthly numbers and announce promotions may be delegated to those appropriate agencies under the cognizance of CHNAVPERS or Deputy Commandant for Manpower and Reserve Affairs (DC)(M&RA)).

22.  <u>Effective Dates of Promotion</u>.  Except as provided in paragraph 23 or as otherwise provided by law, the date of rank of an officer promoted to a higher grade under sections 624 or 12203 of reference (a), and this instruction is the date of appointment.  Appointments will be considered accepted and effective on the date specified in the promotion NAVADMIN or MARADMIN unless the officer concerned expressly declines the appointment.  Officers must decline the appointment within 30 days of the effective date.  An officer's written request for declination must be submitted to NAVPERSCOM (PERS-4802), 5720 Integrity Drive, Millington TN 38055-0801 or the CMC, Headquarters U.S. Marine Corps (MMPR-1), Harry Lee Hall, 17 Lejeune Road, Quantico, VA 22134-5401, as appropriate.  The appointment will be deemed effective unless the request for declination is received by the 30th day.  Officers on a promotion list who voluntarily request retirement or discharge from the ADL or RASL prior to the effective date of promotion are not required to decline the appointment in writing.  The officer's retirement or discharge will constitute declination of appointment.

23.  <u>Delay of Promotion</u>

a.  <u>Criteria for Promotion Delay</u>.  CHNAVPERS or CMC (or designee), as appropriate, or a member's commanding officer

SECNAVINST 1420.1B

(CO), may delay the appointment of an officer selected for promotion.  If the appointment is delayed, the delaying officer shall, as soon as practicable, forward the information required by paragraph 23b to SECNAV, or designee, for ratification. Promotion may be delayed under this instruction if:

(1) Sworn charges against the officer have been received by an officer exercising general court-martial jurisdiction over the officer and such charges have not been disposed of.

(2) An investigation is being conducted to determine whether disciplinary action of any kind should be brought against the officer.

(3) Processing for separation for cause has been initiated under reference (k).

(4) A criminal proceeding in a Federal or State court is pending against the officer.

(5) There is cause to believe that the officer is mentally, physically, morally, or professionally unqualified.

(6) A Reserve officer who has not completed a baccalaureate degree by a qualifying educational institution.

b.  Command Requests for Delay

(1) COs who consider delay of an officer's promotion warranted and delay an officer's promotion, shall submit justification for the delay to SECNAV via, NAVPERSCOM (PERS-4833), or CMC (MMPR-1) as appropriate, immediately and prior to the members promotion or as soon thereafter as practicable.

(2) Each justification for delay to SECNAV, or designee, must include the following documents:

(a) A copy of the notification to the officer.

(b) A statement by the officer.  If the officer declines to make a statement, the officer concerned shall submit a signed statement to that effect.

23

SECNAVINST 1420.1B

     (c) Supporting rationale for delay from the officer's CO based on their knowledge of the officer involved.

     (d) A recommendation by CHNAVPERS or DC (M&RA), as appropriate.

    c. <u>Notification of Grounds for Delay</u>.  The promotion of an officer may be delayed only if the officer has been given written notice of the grounds for the delay before the effective date of the appointment, unless it is impractical to do so, in which case such written notice shall be given as soon as practicable.

    d. <u>Limitations on Delay</u>.  The promotion of an officer may not be delayed under this paragraph for more than 6 months after the date on which the officer would otherwise have been promoted, unless SECNAV, or designee, specifies a further period of delay.  CHNAVPERS or CMC will submit timely requests, with supporting rationale, for any extension of delay of promotion. An officer's promotion may not be delayed more than 90 days after final action has been taken in any criminal case against the officer in a Federal or State court, more than 90 days after final action has been taken in any court-martial against the officer, or more than 18 months after the date on which the officer would otherwise have been promoted, whichever is later.

    e. <u>Removal from the Promotion List</u>.  If during a delay of promotion, it is determined that removal from the promotion list is appropriate, removal action under paragraph 17 may be initiated.  Although removal action is contemplated, requests for delay extensions as provided in paragraph 23d shall be submitted as necessary until the officer's name is removed from the promotion list.

    f. <u>Subsequent Promotion</u>

     (1) If a promotion has been delayed under paragraph 23a(1)-23a(4) and no action has been taken to delay an appointment under paragraph 23a(5); and

     (a) no disciplinary action is taken against the officer, charges against the officer are withdrawn or dismissed,

SECNAVINST 1420.1B

(b) the officer is not ordered administratively separated under reference (k); or

(c) the officer is acquitted of the charges brought against him or her, the officer shall be retained on the promotion list and shall, upon promotion to the next higher grade, have the same date of rank, the same effective date for the pay and allowances of the grade to which promoted and the same position on the ADL or RASL as they would have had if no delay had occurred, except as provided in paragraph 23f(2).

(2) If SECNAV determines that the officer was unqualified for promotion for any part of the delay, the date of rank, effective date of pay and allowances, and position on the ADL or RASL may be adjusted. Officers whose promotions were delayed under paragraph 23a(5) that SECNAV later determines are qualified, shall be promoted in the same manner.

24. <u>Special Selection Boards</u>

a. Sections 573, 611, and 14101 of reference (a), references (o) and (p), and this instruction prescribe rules and procedures for convening promotion selection boards to consider eligible officers on the ADL and RASL of the Navy and Marine Corps for promotion to the next higher grade. Per section 12242 of reference (a) and reference (l), those policies and procedures will also be extended, in the manner described in this instruction, to Reserve warrant officers requesting special selection boards. When because of administrative error, the record of an officer or former officer above or in the promotion zone is not considered by a promotion selection board or the name of an officer who should have been placed on an AFQOL, SECNAV is required to convene a special selection board per section 628(a) or 14502(a) of reference (a), as implemented by reference (b), to consider that officer for promotion.

b. SECNAV is authorized per sections 628(b) and 14502(b) of reference (a), and encouraged by reference (l), paragraph 4.2, to convene a special selection board to consider cases of officers or former officers who were in or above the promotion zone before a promotion selection board, and considered, but not selected by the board, if SECNAV determines that the action of that board was contrary to law, or involved material error of

SECNAVINST 1420.1B

fact or material administrative error, or that the board lacked some material information for consideration.

    c.  Requests for special selection boards may be initiated by an individual officer.  Requests will be considered and approved per paragraph 24n.

    d.  Officers Not Considered Due to Administrative Error

       (1) SECNAV shall, upon determination that an administrative error prevented consideration of an officer's record before a promotion selection board, convene a special selection board to consider the record of the officer concerned. CNO or CMC, as appropriate, or their respective designee, shall provide narrative comments and recommendations, as appropriate, for consideration by SECNAV in making determinations under the provision of this paragraph.

       (2) Failure to submit the record of an officer to the promotion selection board for that officer's grade and competitive category prior to the date that the board adjourned and forwarded its report to SECNAV shall constitute administrative error if:

         (a) The officer was on, or subject to placement on, the ADL or RASL of the Navy or Marine Corps on or before the date the board convened.

         (b) The officer should have been considered by the board as an above zone or in zone eligible officer.

    e.  Officers considered by a Promotion Selection Board, but not Recommended for Promotion

       (1) A special selection board may be convened when SECNAV determines that an officer or former officer was not recommended for promotion by a selection board as an above zone or in zone eligible because:

         (a) The promotion selection board, which considered the officer for promotion, acted contrary to law.

(b) The action of the promotion selection board involved material error of fact or material administrative error.

(c) The promotion selection board did not have material information before it for its consideration.

(2) A determination that a promotion selection board acted contrary to law, that material error of fact or material administrative error occurred or that material information was not considered by a promotion selection board, shall be made by SECNAV.  SECNAV will consider the comments and recommendations of the CNO or CMC, as appropriate, or their respective designee. All requests for SECNAV determination shall be reviewed by the JAG.  JAG shall provide advice to SECNAV concerning any question of law, or mixed question of law and fact, that JAG determines has been raised by a request or by the comments and recommendations made on the request.

(3) The following principles apply regarding SECNAV determinations under paragraph 24a:

(a) Any act of a promotion selection board that violates reference (a), is contrary to law.

(b) Any act of a promotion selection board that deprives the officer concerned of a constitutional or statutory right is contrary to law.

(c) Any error of fact or administrative/procedural error that is more likely than not to have deprived the officer concerned of a fair and impartial consideration by the board is a material error.

(d) Any information that, when properly recorded in, or removed from, an officer's record would have been essential to a substantially accurate, complete, and fair portrayal of the officer's career is material information.

(4) Officers have a duty to review their records periodically to ensure their records are complete and accurate. Records that provide a substantially accurate, complete, and fair portrayal of the officer's career are especially important when that officer is being considered for selection for

SECNAVINST 1420.1B

promotion.  An officer's request for consideration by a special selection board must detail the steps the officer took to ensure the completeness and accuracy of the official record prior to the convening of the board which considered, but failed to select, the officer.

(5) Officers requesting special selection boards are required to raise all possible claims regarding their non-selection in their initial application.  Subsequent applications from the same officer for the same contested promotion selection board will not be considered, unless the officer can show that the subsequent application raises significant new facts or evidence regarding the officer's non-selection, and that the facts or evidence were not known by the officer at the time of the initial application, and could not have been discovered at the time of the initial application through the exercise of reasonable diligence.

(6) If an officer has failed of selection for promotion to the next higher grade before a promotion selection board more than once, and if more than one of these failures involved the same error as determined under paragraph 24e, the officer's case normally shall be considered by only one special selection board.  This special selection board will be approved for the first promotion selection board that was affected by the same error, unless the officer specifies the particular board for which relief is sought, or other circumstances exist indicating that relief for a subsequent board is more appropriate.

f.  <u>Sampling of Records</u>.  The CNO and the CMC shall take appropriate action within their respective services to ensure the preparation by promotion selection boards of a sampling of records of officers of each competitive category who were recommended for promotion, and records of officers of each competitive category who were not recommended for promotion by the promotion selection board.  They or their respective designees will also prescribe the method by which the sampling of records will be selected for their respective services.  The sampling of records shall enable a special selection board to evaluate an officer's record according to the procedures in paragraph 24i(2).  Sample records shall be retained for a period of at least 7 years.  Written communications to the board by officers whose records are retained will also be retained with the records.  Each board president shall deliver the sampling of

SECNAVINST 1420.1B

records to CHNAVPERS, or Headquarters, Marine Corps, Director, Personnel Management Division (MM), as appropriate. CHNAVPERS and Director, Personnel Management Division, respectively, are designated as the custodians of all sample records retained under this instruction.

g. <u>Presentation of Records to Special Selection Boards</u>. The record of an officer presented to a special selection board will be modified as necessary to reflect the record of the officer as it would have appeared to the board that should have considered the officer or, if corrected, would have appeared to the board that considered the officer. Special selection boards will compare the modified record to the sample records from the corresponding promotion selection board.

h. <u>Special Selection Board Membership</u>. Special selection board membership shall be per sections 573, 612, and 14102 of reference (a) and reference (i).

i. <u>Special Selection Board Procedures and Reports</u>

(1) Special selection boards shall be convened by precept, addressed to the president of the board, and signed by SECNAV. The precept will appoint the president and members of the board and will include instructions governing the proceedings of the board. Guidance issued to a special selection board will be consistent with that provided to the promotion selection board that failed to consider, or failed to properly consider, the officer whose record is before the board for consideration. All guidance shall be approved by SECNAV. Additionally, the guidance in sections 576(d), 576(f), 617(b), 618, 624, 12203, 14103, 14104, 14109, 14110, and 14111 of reference (a) shall apply to the precept and proceedings of a special selection board.

(2) The sample of records provides a relative base from which special selection boards determine which eligible officers, in the opinion of a majority of the members of the board, are fully qualified for promotion and when compared to the officers whose sample records were considered:

(a) Are better qualified for promotion than all of the officers who failed of selection for promotion before the promotion selection board.

29

    (b) Are comparable to those officers who were selected for promotion before the promotion selection board.

    (3) Special selection boards shall submit a written board report for approval by SECDEF or SECNAV (or designee), as appropriate, signed by each member and the recorder of the board, certifying that the board has carefully considered the record of each officer whose name was furnished to it.  The report will contain a list of those officers considered and not recommended for promotion.  The report shall be forwarded for approval by an appropriate official via first, CHNAVPERS (Navy boards); second, CNO or CMC, as appropriate; third, JAG for legal review; and fourth, SECNAV.  Additionally, the board shall notify SECNAV, by separate memorandum, of the name of each officer whose record, in the opinion of a majority of the members of the board, should be required to show cause for retention on active duty or in an active status under sections 576(d), 617(b), or 14109(c) of reference (a), and reference (k), because of substandard performance of duty, misconduct, moral or professional dereliction, or because the officer's retention is not clearly consistent with the interests of national security.

    (4) Except as authorized or required by SECNAV, or higher authority, the proceedings and report of a special selection board, including specific information regarding the sample records used and how each officer's record was rated, shall not be disclosed to any person not a member or recorder of the board.

    j.  <u>Effect of Nonselection</u>

    (1) If a special selection board convened under paragraph 24d does not recommend for promotion an officer whose name was furnished to it for consideration as  above zone or in zone, the officer shall be considered to have failed of selection for promotion.

    (2) If a special selection board convened under paragraph 24e does not recommend for promotion an officer whose name was furnished to it for consideration, the officer shall not incur any additional failure of selection.

SECNAVINST 1420.1B

k.  <u>Promotion of Officer Selected by Special Selection Boards</u>.  If the report of a special selection board convened under this instruction, as approved by the President, SECDEF, or SECNAV, or designee, recommends for promotion to the next higher grade an officer whose name was furnished to it for consideration, such officer shall, as soon as practicable, be appointed to the next higher grade, unless the officer's appointment is delayed.  An officer promoted as a result of the recommendation of a special selection board shall, upon promotion, have the same date of rank, the same effective date for pay and allowances of that officer's grade, and the same position on the ADL or RASL as that officer would have had if that officer had been recommended for promotion by the promotion selection board for which the special selection board was held that should have considered, or that considered but failed to select, that officer.  Former officers may apply to Board for Correction of Naval Records (BCNR) under section 1552 of reference (a) to correct their records to reflect their date of rank and effect date for pay and allowances.

l.  <u>Scheduling of Special Selection Boards and Notification of Officers to be Considered</u>

    (1) Per reference (l), paragraph 4.4, a special selection board, barring extenuating circumstances, such as a heavy caseload, shall be convened and the results made known to affected officers within 180 days after SECNAV determines that a special selection board is warranted.  The results of special selection boards shall be made known to affected officers in a timely manner.

    (2) Officers to be considered for promotion by a special selection board shall be notified at least 30 days before the board convenes that they will be considered.  Such officers shall be provided an opportunity to send written communications to the board in the same manner as that provided for promotion selection boards.

    (3) If, within 30 days of convening a special selection board, an additional eligible officer is identified, consideration of that officer may be deferred to a subsequent special selection board.  Alternatively, the officer may waive the 30-day notice requirement, so long as the eligible officer has an adequate opportunity to communicate with the board.  The

officer must either exercise the right to communicate in writing
with the president of the board or send a written statement
(which may be by message) to NAVPERSCOM (PERS-48 or PERS-49), or
to CMC (MMPR-1), as appropriate, acknowledging the waiver.

(4) Communications with special selection boards shall
contain only materials referring to events prior to the
convening date of the promotion selection board which failed to
consider, or to properly consider, the officer.  All third party
correspondence concerning the officer must be forwarded to the
president of the board by that officer.  Communications must be
received not later than the day prior to the convening date of
the special selection board, otherwise the material will not be
considered.

m.  <u>Retention of Statistical Data</u>.  CNO or CMC, as
appropriate, shall calculate and retain the following statistics
for each special selection board for 7 years:

(1) Statistical data regarding the number of officers
considered for promotion to each grade.

(2) The number of officers selected for promotion to
each grade and the number of officers considered, but not
selected, for promotion to each grade.

(3) The number of officers considered by the special
selection board who were not considered by the appropriate
promotion selection board due to administrative error.

(4) The number of officers considered by the special
selection board on the basis of legal or other material error
regarding previous consideration by the appropriate promotion
selection board.

n.  <u>Action</u>

(1) The CNO or CMC, as appropriate, or their respective
designees, shall, unless approved under paragraph 24, request a
Secretarial determination under paragraph 24e in any case in
which it is alleged or discovered that the circumstances
discussed in those paragraphs might warrant referral of the
officer's case to a special selection board.  In the case of an
officer who was previously considered by a promotion selection

board, but not selected, CNO or CMC shall forward comments and recommendations for consideration by SECNAV via JAG.  JAG shall thoroughly review each case and provide advice to SECNAV concerning any questions of law and fact, which JAG determines has been raised by the request or by the comments and recommendations provided.

(2) The Board for Correction of Naval Records (BCNR) may, in appropriate cases, conclude that an individual's case warrants referral to a special selection board.  In order to ensure consistency and uniformity in the referral of cases to special selection boards, the BCNR shall refer all such cases to CNO or CMC, as appropriate.  CNO or CMC shall forward comments and recommendations concerning the particular case to the Director, BCNR.  If the BCNR concludes from the comments and recommendations that the case warrants a special selection board, the BCNR shall refer the case, including CNO or CMC comments and recommendations, to SECNAV.

(3) Officers who believe that they have been improperly excluded from consideration before a promotion selection board, or who believe that lawful or material error, as described in this instruction, occurred before a promotion selection board in their case, will bring supporting information to the attention of the CNO or CMC as appropriate.

(4) CNO or CMC, as appropriate, may approve special selection board requests in cases where they can clearly determine an officer was denied consideration by a regular promotion selection board because of an administrative error. Should reasonable doubt exist or a recommendation of disapproval be warranted, the cause will be forwarded to SECNAV for a final determination.

o.  <u>Deceased Officers</u>.  If a deceased officer is considered for referral to a special selection board, the provisions of paragraph 24 shall be applied posthumously.

25.  <u>Selective Early Retirement of Officers on the ADL and RASL and Selective Early Removal of Officers From the RASL</u>.  Officers on the ADL in pay grades O5 through O8 or in an active status on the RASL in pay grades O7 through O8 may be considered for involuntary retirement prior to mandatory retirement dates determined under sections 633, 634, 635, and 14508 of

reference (a). RASL officers in any grade and competitive category may be considered for selective early removal from the RASL. SECNAV may convene selective early retirement and selective early removal boards based on the recommendations and supporting rationale of CNO or CMC.

a. <u>Uses of Selective Early Retirement and Selective Early Removal</u>. Per reference (m), early retirement or early removal from the ADL or RASL shall be used as a means of managing an officer grade imbalance or strength overage within a competitive category. It shall be used sparingly and it may not be used for the sole purpose of enhancing promotion opportunity; nor may it be used as a substitute for the disposition of commissioned officers who would otherwise be processed for administrative separation under references (f) and (k).

b. <u>Eligibility for Selective Early Retirement From the ADL and RASL and Selective Early Removal From the RASL</u>.

(1) Per sections 638 and 14705 of reference (a), selective early retirement eligibility for Reserve officers on active status on the RASL will be determined by SECNAV. A Regular officer on the ADL may be considered for early retirement as follows:

(a) <u>Grade O5</u>. Officer who has failed of selection for promotion to O6 two or more times and whose name is not on a list of officers recommended for promotion.

(b) <u>Grade O6</u>. Officer who has served at least four years of active duty in that grade and whose name is not on a list of officers recommended for promotion.

(c) <u>Grade O7</u>. Officer who has served at least three and 1/2 years of active duty in that grade and whose name is not on a list of officers recommended for promotion.

(d) <u>Grade O8</u>. Officer who has served at least three and 1/2 years of active duty in that grade.

(2) Per section 14704 of reference (a), officers who have at least 30 years of service completed under section 14706 of reference (a) or at least 20 years of service completed under

SECNAVINST 1420.1B

section 12732 of reference (a) may be considered for selective early removal from the RASL.

(3) SECNAV shall specify the number of officers, by either a fixed number or percentage, which a selection board may recommend for early retirement or early removal in each grade and competitive category. Per section 638 of reference (a), the number of percentage, prescribed by SECNAV for ADL early retirement boards may not be more than 30 percent of the number of officers considered in each grade in each competitive category.

(4) The list of officers provided to a board for consideration for selective early retirement or selective early removal shall include each officer on the ADL or RASL in the same grade and competitive category whose position on the ADL or RASL is between that of the most junior officer in that grade and competitive category whose name is provided and that of the most senior officer in that grade and competitive category whose name is provided to the board who meet the criteria of paragraphs 25b(1) and 25b(2).

(5) Officers serving in grades O5 and O6 may not be considered for early retirement or early removal more than once in any five year period while in the same grade.

c. <u>Retirement Boards</u>. A separate board will be convened by precept signed by SECNAV for each grade and competitive category designated for selective early retirement or early removal. Boards shall be composed and sworn in the same manner as promotion selection boards under paragraph 13. Promotion selection boards may be reconvened as selective early retirement or early removal boards.

d. <u>Information to be Furnished to the Board.</u>

(1) SECNAV will furnish the following information to each board at the time it is convened:

(a) Guidelines to ensure the consideration of all eligible officers without prejudice or partiality.

(b) A list of names of officers to be considered for early retirement or early removal. The list may not include an

SECNAVINST 1420.1B

officer in that grade and competitive category who has been
approved for voluntary retirement or who is to be involuntary
retired under any provision of law during the fiscal year in
which the selection board is convened or during the following
fiscal year.

     (c) Information pertaining to the needs of the
Service and qualifications for the grade and competitive
category.

     (d) The maximum number of officers that the board
may recommend for early retirement or early removal in each
competitive category.

    (2) CHNAVPERS and the CMC shall provide the pertinent
records of officers to be considered for early retirement and
early removal.

   e.  Reports.  Each board shall submit a written report to
SECNAV listing the names of the officers recommended for
retirement or early removal.

    (1) The report of each selective early retirement or
early removal board shall certify that the board has carefully
considered the record of each officer whose name was furnished
and that, based upon the identified needs of the service for
officers serving in the grade and competitive category
concerned, it is the opinion of a majority of the members that
the early retirement of the officers whose names are listed in
the selection board report is in the best interest of the Navy
or Marine Corps, as appropriate.

    (2) The report shall be forwarded for approval by SECNAV
via first to CHNAVPERS (Navy boards); second, CNO or CMC; and
third, JAG for legal review.

   f.  Retirement of Officers Selected by a Selective Early
Retirement Board

    (1) A Regular officer of the Navy or Marine Corps in the
grade O5 or O6 who is recommended for selective early retirement
and whose early retirement is approved by SECNAV shall, on the
date requested by the officer and approved by SECNAV, be retired
under any provision of law under which the officer is eligible

SECNAVINST 1420.1B

to retire.  The retirement date of such officer shall not be later than the 1st day of the 7th calendar month beginning after the month in which SECNAV approved the report of the selective early retirement board.

(2) A Regular or Reserve officer of the Navy or Marine Corps in the permanent grade of O7 or O8 who is recommended for early retirement and whose early retirement is approved by SECNAV shall, on the date requested by the officer and approved by SECNAV be retired under any provision of law under which the officer is eligible to retire.  The retirement date of such officer shall not be later than the 1st day of the 10th month beginning after the month in which SECNAV approved the report of the selective early retirement board.

(3) If the officer is not eligible for retirement under any provision of law, the officer shall be retained on active duty until the officer is qualified for retirement under reference (a), and then be retired under that section, unless sooner discharged or retired under another provision of law.

(4) The early retirement of an officer under the provisions of this instruction is considered an involuntary retirement for purposes of any other provision of law.

g.  Separation of Officers Selected by a Selective Early Removal Board.  A RASL officer who is recommended for early removal shall be discharged from the RASL if the officer is not qualified for transfer to the retired Reserve or does not request transfer to the retired Reserve.  The discharge or retirement date of such officer shall not be later than the 1st day of the 7th calendar month beginning after the month in which SECNAV approved the report of the selective early removal board.

26.  Posthumous promotions.  Section 1521 of reference (a), section 1521, establishes provisions to issue posthumous commissions.  The following criteria apply:

a.  Commissioned Officers.  Commissioned officers may be appointed, by the President (or designee), to the next higher grade if:

37

SECNAVINST 1420.1B

    (1) The officer had been appointed to a commissioned grade but was not able to accept the appointment due to death in the line of duty.

    (2) A candidate successfully completed an Officer Candidate School and was recommended for appointment to a commissioned grade but was not able to accept the appointment due to death in the line of duty.

    (3) The officer was officially recommended for appointment or promotion to a commissioned grade and approved by SECNAV but was not able to accept the appointment due to death in the line of duty.

    b.  The officer's name shall be carried on the records of the Navy or Marine Corps as if the officer had served in the grade in which posthumously commissioned from the date of the approval of the board report to the date of death.

    c.  No beneficiary is entitled to any bonus, gratuity, pay, or allowances by virtue of a posthumous promotion.

27.  <u>Establishing Authorized Strength for Promotion Planning and Execution</u>

    a.  CNO and CMC will submit to SECNAV annually a 5-year officer promotion plan for each grade and competitive category as outlined in paragraph 6.

    b.  Proposed promotion plans are to be for the current and projected authorized strength requirements established under paragraph 27a.  Promotion plans will be submitted not later than 45 days prior to the proposed convening date of the applicable promotion selection board.

    c.  The CNO and CMC shall submit any significant changes to the promotion plan in any grade or competitive category required by events occurring after the plan has been approved.

    d.  At the completion of a fiscal year's promotion cycle, CHNAVPERS and CMC will provide for submission to the Principal Deputy Under Secretary of Defense for Personnel and Readiness, the Commissioned Officer Promotion Report (COPR) as prescribed in reference (h).

SECNAVINST 1420.1B

28.  Responsibility

     a.  The Assistant Secretary of the Navy (Manpower and
Reserve Affairs) (ASN (M&RA)) is responsible for management
oversight of the promotion, special selection, selective early
retirement, and selective early removal systems.

     b. The CNO and CMC are responsible for promotion, special
selection, selective early retirement, and selective early
removal planning and execution to meet the policy objectives of
this instruction.

29.  Reports.  The report required in paragraph 24i(3) is exempt
from reports control and Board reports are exempt per SECNAVINST
5214.2B.

Donald C. Winter
Secretary of the Navy

Distribution:
Electronic only via Navy Directives Web site
http://neds.daps.dla.mil/

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rev. GEORGE P. BYRUM,   )
           )
      *Plaintiff,*  )
           )
  v.        )   Civil No. 06-02102 (RJL)
           )
DONALD C. WINTER,    )
           )
      *Defendant.* )

ORDER

On consideration of the parties' motions for summary judgment and the oppositions and replies thereto, and the administrative record, it is, by the Court, this _____ day of _____, 2008,

ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, GRANTED, and defendant's cross-motion for summary judgment be, and the same hereby is DENIED, and it is

FURTHER ORDERED that the Secretary's decision be, and the same hereby is, SET ASIDE. He shall—

 (1) correct Rev. Byrum's record by expunging all reference to the SERB

 (2) deem Rev. Byrum not to have retired until his mandatory retirement date;

 (3) cause Rev. Byrum to be considered by a Special Selection Board for promotion to Captain; and

 (4) if Rev. Byrum is selected for promotion to Captain, determine whether to continue him on active duty.

United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Rev. GEORGE P. BYRUM,            )
                                )
            *Plaintiff,*          )
                                )
      v.                         )            Civil No. 06-02102 (RJL)
                                )
DONALD C. WINTER,               )
                                )
            *Defendant.*          )            Judge Leon

PLAINTIFF'S STATEMENT OF GENUINE ISSUES

20. Disputed in part. The Assistant General Counsel first elected to deem the May 2, 2006 settlement inquiry a petition for reconsideration. A.R. 670. Only later did the BCNR treat it as such. *Compare* A.R. 669 *with* A.R. 671.

24. Disputed. Rev. Byrum's December 5, 2006 letter in response to the Navy's advisory opinion is in the record, A.R. 686, and speaks for itself. Defendant's characterization of it is materially misleading. As the letter indicates, Rev. Byrum had sought to determine, from the Navy's General Litigation Division, whether the Navy was willing to settle. *See* A.R. 654-55. Instead, the Navy elected to treat his overture as a request for reconsideration. A.R. 670. The letter incorporated by reference the statement of Rev. Byrum's position as set forth in the May 2, 2006 settlement inquiry, which was direct and to the point. A.R. 686. That inquiry referred to and enclosed the pertinent agency documents. *Id.* Nothing in the subsequent advisory opinion required further comment.

26. Disputed. Defendant's suggestion that Rev. Byrum "never requested that

the Secretary convene" a "special board" is misleading. The BCNR can function as a special board. 10 U.S.C. § 1558(b)(1)(B). It is authorized by agency regulation to recommend referral of an officer's record to an SSB. The BCNR acts for the Secretary, and its decisions on such matters are reviewed by the Secretary and his delegates. 10 U.S.C. § 1552; 32 C.F.R. § 723.7(a); *Piersall v. Winter*, 435 F.3d 319, 320 n.\* (D.C. Cir. 2006); *Strickland v. United States*, 423 F.3d 1335 (Fed. Cir. 2005). The Navy's advisory opinion itself repeatedly recognizes that Rev. Byrum was seeking an SSB. A.R. 674 (¶ 2d), 676 (¶ 1d), 677 (¶ b), 678 (¶ f(3)), 680 (¶ 3l), 681 (¶¶ 4a-b). His May 2, 2006 letter, which the Navy elected to treat as a request for reconsideration, *see* ¶ 24 *supra*, expressly sought an SSB. A.R. 655. The Navy was also on notice that he was seeking an SSB through congressional correspondence that is included in the record. A.R. 650.

27. Disputed. Although setting aside the SERB would not "entitle" Rev. Byrum to be restored to active duty (as opposed to receiving constructive credit for past years), if he is selected for promotion by the SSB to which he is entitled to have his record referred under 10 U.S.C. § 628(g)(1)(B), he would be eligible for continuation on actual active duty until 2011 and potentially even later dates, as explained in Point VI of the Reply Brief submitted herewith. A.R. 3; 10 U.S.C. §§ 634, 635, 636, 637, 1251.

Respectfully submitted,
/s/
Eugene R. Fidell (112003)
Matthew S. Freedus (475887)
Brent C. Harvey (501155)
Feldesman Tucker Leifer Fidell LLP
2001 L Street, N.W.
Second Floor
Washington, DC  20036
(202) 466-8960

*Attorneys for Plaintiff*

March 3, 2008