UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Rev. GEORGE P. BYRUM,<br><br>  Plaintiff,<br><br>  v.<br><br>DONALD C. WINTER<br>In his Official Capacity as Secretary,<br>DEPARTMENT OF THE NAVY,<br><br>  Defendant. | Civil Action No. 06-02102 (RMU) |

**JOINT MOTION TO LIFT STAY AND STATEMENT IN SUPPORT**

The parties in the above-captioned case hereby jointly move to lift the stay of proceedings that is currently in effect so that the parties' nearly-complete summary judgment briefing may be completed, and consideration of the parties' cross-motions may commence. Judge Leon imposed the stay on March 10, 2008, in light of the decision to transfer the case to this Court and a pending interlocutory appeal in In re Navy Chaplaincy, Miscellaneous Case No. 07-269, to which this case was deemed related. The above-captioned case was transferred to this Court on March 11, 2008. The parties agree that the issues presently on interlocutory appeal in In re Navy Chaplaincy will have no bearing on the above-captioned case. In addition, the parties agree that there is no reason to delay proceedings in the above-captioned case any further. Currently, plaintiff's motion for summary judgment is fully briefed. Defendant's cross-motion for summary judgment will be fully briefed when defendant files a reply in support of his motion. The administrative record and a joint appendix have been filed with the Court. The parties are in agreement that no discovery will be necessary in order to resolve the issues in this case. The

parties therefore respectfully ask that this Court lift the stay, and provide defendant with 14 days from the date of the Court's order to file his final brief.

In regard to the status of this case as related to In re Navy Chaplaincy, defendant originally filed a Notice of Related Case pursuant to Local Civil Rule 40.5 on March 29, 2007 (dkt. #5), based on the fact that plaintiff in the above-captioned case is also a named plaintiff in Gibson et al. v. U.S. Navy et. al, No. 06-1696. On June 18, 2007, Gibson was consolidated with two other cases and incorporated into In re Navy Chaplaincy under a new miscellaneous case number, No. 07-269. Plaintiff's status as a plaintiff in Gibson relies on his selection for early retirement by a Navy 1996 Selective Early Retirement Board ("SERB"). Compl. ¶ 5, No. 06-1696. In Gibson, he set forth a direct challenge to the SERB decision, alleging religious discrimination.

Here, plaintiff alleges that the SERB decision was invalid based on reverse race discrimination. However, unlike in Gibson, plaintiff here challenges a decision of the Board for Correction of Naval Records ("BCNR") rather than the underlying SERB decision.[1] For this reason, the parties agree that consolidation of the cases is unnecessary to the resolution of this case on summary judgment. Moreover, as described, the parties' cross-motions lack only a single reply brief before they are ready for review by this Court. The parties therefore jointly

---

[1] Defendant argued in his motion to dismiss this case that plaintiff's challenge here should be construed as a direct challenge to the 1996 SERB decision as well, and is therefore barred by the six-year statute of limitations in 28 U.S.C. § 2401(a) and by the prohibition on claim splitting. Defendant filed the notice of related case based on this construction of plaintiff's Complaint. However, defendant did not seek consolidation of this case with Gibson because defendant's arguments, if accepted, could only lead to dismissal of plaintiff's claim. Defendant's cross-motion for summary judgment relied on plaintiff's representation that this case only presents a challenge to the BCNR decision and argued that the proper standard for review of such a challenge requires judgment in favor of defendant as a matter of law.

oppose consolidation. Counsel for the parties in this case have conferred with counsel for the parties in In re Navy Chaplaincy and confirmed that the parties in In re Navy Chaplaincy also oppose consolidation. Should the Court consider consolidation of this case with In re Navy Chaplaincy, the parties in this case respectfully request the Court set a briefing schedule and afford them the opportunity to object to such consolidation.

## CONCLUSION

For the reasons stated above, the parties respectfully jointly request that this Court lift the stay of proceedings in this case and provide defendant with 14 days following the Court's order to file his reply memorandum in support of his motion for summary judgment.

Dated: June 27, 2008   Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General
JEFFREY A. TAYLOR
United States Attorney
VINCENT M. GARVEY
Deputy Branch Director

/s/ Kathryn L. Wyer
KATHRYN L. WYER
U.S. Department of Justice, Civil Division
20 Massachusetts Ave. NW
Washington, D.C. 20530
Telephone: (202) 616-8475 / Fax: (202) 616-8202
kathryn.wyer@usdoj.gov

*Attorneys for Defendant*

/s/ Eugene R. Fidell
EUGENE R. FIDELL (D.C. Bar No. 112003)
Feldesman Tucker Leifer Fidell LLP
2001 L St., NW, 2d Floor

       Washington, D.C. 20036
       Telephone: (202) 466-8960 / Fax: (202) 293-8103
       efidell@feldesmantucker.com

       *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:06CV02102 (RMU) |
| ) | |
| v. ) | |
| ) | |
| DONALD C. WINTER, ) | |
| In his Official Capacity as Secretary, ) | |
| DEPARTMENT OF THE NAVY ) | |
| ) | |
| Defendant. ) | |

**[Proposed] ORDER**

Upon consideration of the parties' Joint Motion to Lift the Stay and the statement in support thereof, it is hereby ORDERED, that the joint motion to lift the stay is GRANTED. It is further ordered that the stay in the above-captioned case is LIFTED. Defendant shall file his reply in support of his cross-motion for summary judgment on or before 14 days from the date of this order.

_____
The Honorable Ricardo M. Urbina
United States District Judge