# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rev. GEORGE P. BYRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-02102 (RMU) |
| ) | |
| DONALD C. WINTER ) | |
| In his Official Capacity as Secretary, ) | |
| DEPARTMENT OF THE NAVY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S
## CROSS-MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..............................................................................................................iii

INTRODUCTION .........................................................................................................................1

ARGUMENT.................................................................................................................................4

    I.       PLAINTIFF HAS NEITHER REQUESTED NOR BEEN DENIED A
              SPECIAL BOARD TO CONSIDER ANEW HIS SELECTIVE
              EARLY RETIREMENT, AND HIS CLAIM IS THEREFORE
              BARRED BY 10 U.S.C. § 1558(f) ............................................................................4

    II.      BECAUSE THE STATUTE OF LIMITATIONS HAS RUN ON ANY
              FACIAL CONSTITUTIONAL CHALLENGE TO THE 1996 EQUAL
              OPPORTUNITY PROVISION, THIS COURT HAS NO OCCASION
              TO CONDUCT A FACIAL CONSTITUTIONAL ANALYSIS ................................8

    III.     THE BCNR'S DENIAL OF PLAINTIFF'S PETITION FOR FAILURE
              TO SUBMIT NEW EVIDENCE OF MATERIAL ERROR OR
              INJUSTICE SHOULD BE UPHELD ......................................................................9

    IV.     IF THE COURT RULES IN FAVOR OF PLAINTIFF, IT MUST
              REMAND TO THE SECRETARY ......................................................................14

    V.      PLAINTIFF'S CLAIM IS BARRED BY SOVEREIGN IMMUNITY
              BECAUSE THE ONLY RELIEF HE MIGHT ULTIMATELY
              OBTAIN AS A MATTER OF ENTITLEMENT IS MONETARY .......................17

CONCLUSION ............................................................................................................................19

# TABLE OF AUTHORITIES

## CASES

Bliss v. England, 208 F. Supp. 2d 2 (D.D.C. 2002) .......................................................19

Bublitz v. Brownlee, 309 F. Supp. 2d 1 (D.D.C. 2004) .................................................18

Burt v. Winter, 503 F. Supp. 2d 388 (D.D.C. 2007) ......................................................13

Christensen v. United States, 60 Fed. Cl. 19 (2004) .....................................................16

Christian v. United States, 337 F.3d 1338 (Fed. Cir. 2003) ..........................................16

Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971) .......................10

County of Los Angeles v. Shalala, 192 F.3d 1005 (D.C. Cir. 1999) .............................15

Frizelle v. Slater, 111 F.3d 172 (D.C. Cir. 1997) ...................................................11, 12

Heckler v. Ringer, 466 U.S. 602 (1984) .........................................................................4

James Madison Ltd. v. Ludwig, 82 F.3d 1085 (D.C. Cir. 1996) ...................................10

Kidwell v. Dep't of the Army, 56 F.3d 279 (D.C. Cir. 1995) .......................................17

Kreis v. Sec'y of the Air Force, 406 F.3d 684 (D.C. Cir. 2005) .......................11, 12, 15

Larsen v. U.S. Navy, 525 F.3d 1 (D.C. Cir. 2008) ........................................................17

Martinez v. United States, 333 F.3d 1295 (Fed. Cir. 2003) (en banc) ..........................19

Miller v. Dep't of Navy, 476 F.3d 936 (D.C. Cir. 2007) ................................................4

Old Dominion Elec. Co. v. FERC, 518 F.3d 43 (D.C. Cir. 2008) .................................13

Ricks v. United States, 65 Fed. Cl. 826 (2005) ..............................................................16

Saunders v. White, 191 F. Supp. 2d 95 (D.D.C. 2002) .................................................16

Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1 (2000) ........................4

Tootle v. Sec'y of the Navy, 446 F.3d 167 (D.C. Cir. 2006) .........................................17

**STATUTES**

10 U.S.C. § 619 ..................................................................................................18

10 U.S.C. § 628 ............................................................................................*passim*

10 U.S.C. § 633 ..................................................................................................18

10 U.S.C. § 634 ..................................................................................................18

10 U.S.C. § 635 ..................................................................................................18

10 U.S.C. § 636 ..................................................................................................18

10 U.S.C. § 1251 ................................................................................................18

10 U.S.C. § 1552 ..................................................................................................8

10 U.S.C. § 1558 ..........................................................................................*passim*

**REGULATIONS**

32 C.F.R. § 700.126 ............................................................................................5

32 C.F.R. § 723.9 ..............................................................................................12

32 C.F.R. § 865.9 ..............................................................................................12

SECNAVINST 1420.1B ..................................................................................7, 8

## INTRODUCTION

Plaintiff has failed to raise any significant argument in opposition to the Secretary's entitlement to summary judgment in this matter. Indeed, he has failed to establish that this Court has subject matter jurisdiction over this case. In 10 U.S.C. § 1558(f), Congress set forth the exclusive mechanism for bringing a claim in court that challenges a servicemember's selection for early retirement, even where the challenge is raised collaterally, through a military correction board. The statute requires, as a prerequisite to judicial review, that a "special board" be convened to replace the original selection board and consider the servicemember's selection anew, or that the Secretary deny consideration by a special board. Here, because the special board prerequisite has not been satisfied, the Court can and should simply dismiss plaintiff's claim.

Plaintiff does not contest the fact that no "special board" was ever convened to consider plaintiff's selection for early retirement anew. Nor does he suggest that he ever requested a "special board." Instead, he does everything possible to obfuscate the distinction between the "special board" prerequisite that applies when the underlying issue involves a servicemember's allegedly invalid selection for early retirement, and the "special selection board," or "SSB," prerequisite that applies, pursuant to 10 U.S.C. § 628, when the underlying issue involves an allegedly invalid promotion board decision. Plaintiff incorrectly suggests that when he asked the Board for Correction of Naval Records ("BCNR") to correct his record by voiding his selection for early retirement and further, to convene an SSB to consider him for promotion, that satisfied the § 1558(f) requirement. To the contrary, the special board prerequisite remains unsatisfied, and § 1558(f) therefore bars judicial review of plaintiff's claim.

Should the Court decline to dismiss on that basis, the Secretary is entitled to summary

judgment. The parties agree that the statute of limitations has run on any direct constitutional challenge to the facial validity of the equal opportunity instruction that was in effect at the time of plaintiff's 1996 selection for early retirement. Accordingly, plaintiff cannot ask this Court to perform a facial constitutional analysis. Rather, any review by this Court must focus on the 2006 decision of the BCNR, which denied plaintiff's request for reconsideration of its earlier decisions denying relief because plaintiff failed to present any new and material evidence to support his contention that his selection was a result of material error or injustice. Despite plaintiff's assertions to the contrary, the standards that the BCNR is required to follow place the burden squarely on a BCNR petitioner to show that any alleged error was material. It was incumbent upon plaintiff to provide some indication that he was negatively affected by the allegedly invalid equal opportunity instruction. Because plaintiff did not do so, the BCNR properly denied relief.

If the Court disagrees and concludes instead that the BCNR's decision was contrary to applicable BCNR decisionmaking standards, it must remand to the Secretary for further proceedings. Plaintiff's argument that the Court instead should simply bypass any further administrative proceeding and immediately award him all the relief that he seeks again erroneously invokes 10 U.S.C. § 628. Plaintiff asks the Court to ignore the fact that the Navy has never determined whether plaintiff would have been selected for early retirement in the absence of the allegedly invalid equal opportunity instruction, and to declare plaintiff automatically reinstated so that he can proceed directly to be considered for promotion. Ultimate personnel decisions, such as whether a particular servicemember should be retained in service, are the exclusive province of the Secretary. If a special board convened by the Secretary were to determine retrospectively that plaintiff should be selected for early retirement, even without the allegedly invalid instruction, plaintiff's allegation of error

could not be deemed material, and he would not be entitled to correction of his record or to any further remedial relief. Additionally, if the Court concludes that the Secretary was obligated to present a defense of the 1996 equal opportunity instruction, remand is necessary to provide the Secretary with the opportunity to do so. Plaintiff's suggested bypass of any further agency role would circumvent established principles of review of agency action under the Administrative Procedure Act ("APA").

Plaintiff also fails to establish that the United States has waived sovereign immunity in this case. Jurisdiction properly belongs in the Court of Federal Claims unless plaintiff stands to gain something significant through this case other than money. The mere chance to be considered for promotion to a higher grade does not qualify as a significant nonmonetary benefit, particularly where the only impact of the promotion is higher retirement pay. While plaintiff ostensibly seeks reinstatement to active service, he admits that the statutory terms of active service for which he might have been eligible at his current grade of Commander, and at the next grade of Captain, expired even before he filed his Complaint. The possibility of return to active service is thus purely speculative, depending on a series of uncertain possibilities requiring not only one, but numerous promotions, or, alternatively, other discretionary acts by the Secretary. Plaintiff would become entitled to more than $10,000 in back pay long before any of these hypothetical eventualities could ever materialize. This fact leads to the conclusion that the APA does not waive sovereign immunity for plaintiff's claim.

## ARGUMENT

I.   **PLAINTIFF HAS NEITHER REQUESTED NOR BEEN DENIED A SPECIAL BOARD TO CONSIDER ANEW HIS SELECTIVE EARLY RETIREMENT, AND HIS CLAIM IS THEREFORE BARRED BY 10 U.S.C. § 1558(f)**

Plaintiff does not deny that, through his challenge to the BCNR decision, he "seek[s] to challenge an action or recommendation of a selection board," and that 10 U.S.C. § 1558(f) therefore applies to his claim.[1] Furthermore, plaintiff does not contend that he sought a special board pursuant to 10 U.S.C. § 1558 to consider anew his selection for early retirement, or that any special board for that purpose was convened or denied. With both the applicability of the special board requirement, and its failure to be satisfied, established, it is clear that jurisdiction over plaintiff's claim is statutorily barred. 10 U.S.C. § 1558(f).

---

[1] Any attempt at denial would be unavailing. The 1996 SERB decision selecting plaintiff for early retirement lies at the heart of plaintiff's challenge, and the fact that he seeks to raise this challenge collaterally, as a challenge to the decision of the BCNR, does not relieve him of the jurisdictional prerequisites set forth in that provision. See 10 U.S.C. § 1558(f). A contrary understanding would frustrate the purpose of the statute, and indeed render its limitation on judicial review meaningless, since it would allow any claimant to circumvent the requirements of the provision by first filing a BCNR application and then mounting a collateral attack on the selection board decision by challenging the BCNR decision in court. It is clear that Congress intended the judicial review provision in 10 U.S.C. § 1558(f) to be the exclusive remedy for anyone seeking to challenge a selection board decision, and that all such challenges must be channeled through the Secretary, who must either grant or deny a special board before a claim may proceed to court. Id. Review of the Secretary's denial of a special board, or of the special board's ultimate decision, is available under 10 U.S.C. § 1558(f), not under the APA. Cf. Miller v. Dep't of Navy, 476 F.3d 936, 938 (D.C. Cir. 2007) (recognizing, in the parallel promotion board context, that plaintiff's challenge to the Navy's decision not to convene an SSB to consider plaintiff's promotion anew was brought pursuant to 10 U.S.C. § 628(g)(1)). Congress has imposed similar channeling requirements in other contexts. For example, all claims arising under the Medicare Act are required to be channeled through the administrative claim process provided by the Department of Health and Human Services. Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 12 (2000). If a claimant fails to obtain relief through the administrative process, he may then bring a claim in court under the judicial review provisions in the Medicare Act, 42 U.S.C. § 405(g), not under the APA. Heckler v. Ringer, 466 U.S. 602, 617 (1984).

Plaintiff attempts to avoid the special board exhaustion requirement set forth in 10 U.S.C. § 1558(f) by pretending that it is something else entirely. See Pl.'s Reply to Def.'s Opp. to Mot. for S.J. & Opp. to Def.'s Cross-Mot. for S.J. ("Pl. Opp.") (dkt. #27) at 1-3. Contrary to plaintiff's suggestion, neither the BCNR's finding that plaintiff had fulfilled the exhaustion requirements that were applicable to BCNR review, nor plaintiff's repeated requests to be considered for promotion by a "special selection board" ("SSB") have anything to do with the statutory prerequisite to judicial review of his selection for early retirement, set forth in § 1558(f). These efforts to evade the straightforward requirements of § 1558(f) should be rejected.

Plaintiff first refers to the BCNR's report to the Secretary as proof that he satisfied the § 1558(f) prerequisite to judicial review, based on that report's statement that "[b]efore applying to this Board, Petitioner exhausted all administrative remedies which were available under existing law and regulations within the Department of the Navy." AR 692 (cited by Pl. Opp. at 2). As reason might suggest, this statement in the BCNR report did not refer to the § 1558(f) prerequisite to judicial review. Rather, the statement indicated that plaintiff had satisfied the exhaustion prerequisite to BCNR review that is contained in 32 C.F.R. § 700.126(b) ("Applications for corrections [of naval records] . . . may be made only after exhaustion of all other administrative remedies afforded by law or regulation."). The BCNR therefore did not deny plaintiff's petition for failure to satisfy the exhaustion requirement imposed by Navy regulations for correction board review. But that has nothing to do with whether plaintiff satisfied the statutory prerequisite to judicial review described in 10 U.S.C. § 1558(f).

In 10 U.S.C. § 1558, Congress imposed quite a different restriction from that set forth in 32 C.F.R. § 700.126. Specifically, the statute directs that "[a] person seeking to challenge an action or

recommendation of a selection board . . . is not entitled to relief in any judicial proceeding unless the action or recommendation has first been considered by <u>a special board under this section</u> or the Secretary concerned has denied the convening of such a board for such consideration." 10 U.S.C. § 1558(f)(1) (emphasis added).  A "special board under th[at] section" "means a board that the Secretary of a military department convenes . . . to consider whether to recommend a person for [a personnel action, such as promotion or retirement,] instead of referring the records of that person for consideration by a previously convened selection board which considered or should have considered that person." <u>Id.</u> § 1558(b)(1)(A).

Under the plain language of § 1558, a person such as plaintiff, whose claim challenges the action or recommendation of the selection board that led to his selection for early retirement, must request that a special board be convened under § 1558 to consider <u>that action or recommendation</u> – i.e., the action or recommendation that led to his selection for early retirement.  <u>Id.</u> § 1558(f)(1) (barring judicial review "unless the action or recommendation [of the selection board that is being challenged] has first been considered by a special board").  A special board convened pursuant to such a request must stand in the place of "a previously convened selection board" and "consider whether to recommend [the] person for" <u>selective early retirement</u>.  <u>Id.</u> § 1558(b)(1).

In other words, § 1558(f) requires that, before a servicemember can challenge his selection for early retirement in court, he must ask the Secretary to convene a special board to consider anew his selection for early retirement.  Plaintiff did not do that, and he does not claim that he did. Instead, plaintiff attempts to leapfrog over the special board requirement, straight to his requested remedy – that he be considered for <u>promotion</u> by a <u>special selection board</u>, or SSB – and goes so far as to assert that his requests in his BCNR petitions for a promotion SSB satisfy the § 1558

prerequisite. He is wrong. The statute itself states that the term "special board" "does not include a promotion special selection board," which would be convened under 10 U.S.C. § 628, not 10 U.S.C. § 1558. Id. § 1558(b)(1)(C).[2] Quite simply, a "special selection board" is not the same as a "special board," nor is a request to be considered for promotion the same as a request to be considered anew for early retirement.

Plaintiff's brief confuses the issue by using "special board" and "SSB" interchangeably. Pl. Opp. at 2. However, the administrative record is clear. In his May 2, 2006, letter from counsel, plaintiff asked "whether the Navy would be disposed to deem [plaintiff] to have remained on active duty through the date of mandatory retirement by reason of age and to refer his record to a Special Selection Board to consider him for promotion to Captain." AR 655. This is not a request to the Secretary for a special board to consider plaintiff's early retirement selection anew. Indeed, as plaintiff points out elsewhere in his brief, Pl. Opp. at 8 n.3, this is a settlement offer, proposing that the Navy consider plaintiff for promotion to Captain even though his selection for early retirement had never been declared invalid. The Assistant General Counsel (Manpower and Reserve Affairs) ("AGC")[3] treated this letter as "seek[ing] reconsideration of the decision by the BCNR to deny [plaintiff]'s [earlier BCNR] petition," and indicated that a new BCNR panel should be convened to

_____

[2]If plaintiff were challenging a precept instruction that was applied by a promotion board that considered him for promotion, he would then have to exhaust the administrative remedy set forth in 10 U.S.C. § 628 by seeking a special selection board in accord with SECNAVINST 1420.1B. See 10 U.S.C. § 628(h) (barring judicial review of claims based on the claimant's failure to be selected for promotion by a promotion board unless a special selection board has either been convened or denied under that section). Section 1558(f) plays the same role in regard to claims based on selective early retirement board decisions that § 628(h) plays in regard to claims based on promotion board decisions.

[3]Plaintiff refers to the AGC as "the Secretary's delegate." E.g., Pl. Opp. at 2.

address this petition for reconsideration. AR 670. The AGC did not interpret plaintiff's letter as a request for a special board, nor did he convene a special board.

Moreover, the BCNR panel that was convened did not act as a special board, as is clear from the fact that it did not stand in the place of plaintiff's prior selection board and consider plaintiff's selection for early retirement anew. Rather, it considered whether plaintiff met his evidentiary burden under the regulations that govern BCNR proceedings where an applicant seeks to correct his military record. Plaintiff's assertion that a BCNR panel "can serve as a 'special board'" and can also "recommend that a case be referred to a[] [special board]," Pl. Opp. at 2, is irrelevant because the BCNR panel in this case did neither.[4] Plaintiff has failed to satisfy the special board prerequisite to judicial review contained in § 1558(f). Because § 1558(f) provides the exclusive means for challenging a selection board early retirement decision in court, plaintiff cannot bypass this jurisdictional requirement through a collateral attack by seeking correction of his record under 10 U.S.C. § 1552. Plaintiff's claim is therefore jurisdictionally barred, and this case should be dismissed.

## II.  BECAUSE THE STATUTE OF LIMITATIONS HAS RUN ON ANY FACIAL CONSTITUTIONAL CHALLENGE TO THE 1996 EQUAL OPPORTUNITY PROVISION, THIS COURT HAS NO OCCASION TO CONDUCT A FACIAL CONSTITUTIONAL ANALYSIS

Plaintiff takes the position that his claim is not time barred because his Complaint seeks APA review of a BCNR decision issued in 2006 rather than directly challenging the facial constitutionality

---

[4]Plaintiff cites SECNAVINST 1420.1B ¶ 24(n)(2), which authorizes the BCNR to recommend SSBs in certain cases. Even if this regulation were deemed applicable here, it does not help plaintiff because the regulation also indicates that no SSBs are to be granted when a claimant has submitted his claim more than three years after the date the original board results were made public – a time that has long since passed in plaintiff's case. See id. ¶ (5)(f).

of the equal opportunity instruction in effect when he was selected for early retirement twelve years ago.  See Pl. Opp. at 3.  Defendant agrees that this case – to the extent it is reviewable at all – can only be properly construed as an APA challenge to the 2006 BCNR decision, and not as a direct challenge to the facial constitutionality of the equal opportunity instruction, because the statute of limitations on the latter claim has run.  28 U.S.C. § 2401(a) (setting six-year statute of limitations); Def.'s Mem. in Support of Def.'s Mot. for S.J. & Opp. to Pl.'s Mot. for S.J. ("Def. Op. Br.") (dkt. #25) at 8-10.  Accordingly, this Court must limit any review to the administrative record of the BCNR decision and must take into account the standards that the BCNR itself was required to apply.

A BCNR panel's analysis is inherently an as-applied inquiry.  As discussed in defendant's opening brief, the BCNR's standards requiring applicants to submit evidence of material error or injustice in effect put the burden on an applicant to show up front that any error is likely to have resulted in harm to the applicant.  See Def. Op. Br. at 14-16.  Even while ostensibly acknowledging that his claim does not present a direct facial constitutional challenge, plaintiff invites the Court to conduct a facial constitutional analysis of the 1996 equal opportunity instruction that the BCNR panel never conducted itself.  Such an analysis would run counter to all principles of APA review by ignoring the BCNR's decisionmaking standards and procedures.  Since this case does not present a facial constitutional challenge, plaintiff's invitation to treat it like one should be declined.

## III.    THE BCNR'S DENIAL OF PLAINTIFF'S PETITION FOR FAILURE TO SUBMIT NEW EVIDENCE OF MATERIAL ERROR OR INJUSTICE SHOULD BE UPHELD

Plaintiff's opposition brief offers little of substance to call into question the propriety of the BCNR's decisionmaking process or its ultimate denial of plaintiff's petition for failure to submit any new evidence of material error or injustice.  Plaintiff's first argument is that remand would be

- 9 -

inappropriate.  As discussed in greater detail below, remand is the only relief this Court could grant if plaintiff were to prevail.

Plaintiff next attempts to contrast the review that defendant has argued is proper with the D.C. Circuit's statement that a court reviewing agency action must consider the "'substantive reasonableness of its decision.'"  Pl. Opp. at 6 (quoting <u>James Madison Ltd. v. Ludwig</u>, 82 F.3d 1085, 1098 (D.C. Cir. 1996) (citing <u>Citizens to Preserve Overton Park, Inc. v. Volpe</u>, 401 U.S. 402, 415 (1971)).  The Supreme Court in <u>Citizens to Preserve Overton Park</u> explained that the "substantial inquiry" that a court must conduct when reviewing agency action requires the court to examine (1) whether the Secretary acted within the scope of his authority, (2) whether the actual decision made was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," which in turn depends on "whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment"; and (3) "whether the Secretary's action followed the necessary procedural requirements."  <u>Id.</u> at 415-17.  This review is no different, in essence,[5] from what defendant has suggested and certainly does not require a court to ignore the procedures that an administrative review board is required to follow, or the standards the board is required to apply.  Where a BCNR panel has held a petitioner to his burden of demonstrating material error or injustice, and the petitioner has failed to meet that burden, the BCNR's denial of the petitioner's claim is substantively reasonable.[6]

_____

[5]In explaining the applicable standard, defendant has also pointed to the well-established principle that judicial review in the military context must be "unusually deferential."  Def. Op. Br. at 11-12.

[6]Defendant previously argued that the BCNR's conclusion in effect constituted denial of reconsideration, which is generally unreviewable.  Plaintiff argues in a footnote that the BCNR "granted reconsideration but denied relief on the merits."  Pl. Opp.at 2 n.1.  While the BCNR did

As his next argument, plaintiff continues to adhere to the notion that the Secretary, not plaintiff, bore the burden of proof before the BCNR – even though the applicable regulations, and Frizelle v. Slater, 111 F.3d 172 (D.C. Cir. 1997), the case on which plaintiff relies, say the opposite. Specifically, plaintiff argues that the language of the equal opportunity provision was all the "evidence" that was necessary to force the Secretary to come forward with proof that plaintiff "would have been 'SERBed' in any event." Pl. Opp. at 7. However, the language of the equal opportunity provision could at most have suggested "error." It could not by itself constitute proof of material error because in order for legal error to be material, it must cause harm, i.e., not be "harmless."

The D.C. Circuit in Frizelle made this very point, explaining that, "once an applicant has proven a legal error," a correction board "must determine whether the error was 'prejudicial or harmless.'" Id. at 179. The court further explained that the applicant has the initial burden in the determination of whether an error was prejudicial or harmless:

---

issue a decision recommending that "relief be denied," AR 692, an examination of the decision, and the OJAG advisory opinion that it followed, demonstrates that the basis for the BCNR's denial was that plaintiff had failed to meet his burden of providing new and material evidence or other matter not previously considered by the BCNR. The OJAG opinion concluded:

> The burden is on Petitioner to demonstrate the existence of probable material error or injustice. Petitioner contends he was selected by the SERB because the SERB acted contrary to law. His sole evidence is the language in the [equal opportunity provision], which he contends gave special consideration to minorities. Careful review of the evidence, facts, and circumstances in this case resulted in prior BCNR findings that no material unfairness occurred with respect to Petitioner's selection for involuntary retirement by the SERB. Petitioner presents no new and material evidence or other matter not previously considered by [the] BCNR. Therefore, reconsideration is unwarranted.

AR 681. The BCNR concurred with the OJAG opinion. AR 692. Thus, "the only fair reading of the [BCNR]'s decision is that, in the [BCNR]'s view, the evidence submitted by [plaintiff] did not provide adequate grounds for the [BCNR] to reach the merits of his request for reconsideration." Kreis v. Sec'y of the Air Force, 406 F.3d 684, 686 (D.C. Cir. 2005). To the extent the BCNR's decision is reviewable at all, review is limited to what the BCNR actually decided – that plaintiff failed to meet his burden.

> There are two components to this question: first, whether the officer's record was prejudiced by the errors, in the sense that the record appears worse than it would in the absence of the errors, and second, if there was prejudice, whether it is unlikely that the officer would have been promoted in any event. <u>As to the first prong, the burden of proof rests with the officer</u> seeking to void the [selection]. As to the second, the officer has the burden of producing a prima facie case, but the government has the ultimate burden of persuasion.

<u>Id.</u> (internal quotation and citations omitted) (emphasis added).  Plaintiff's insistence that he had no burden at all other than to draw the BCNR's attention to the language of the equal opportunity provision is inexplicable in light of this authority.

Other Circuit precedent is in line with <u>Frizelle</u> in recognizing the burden that an applicant to a correction board bears, particularly when petitioning the board for reconsideration of its earlier denial.  For example, in <u>Kreis</u>, the D.C. Circuit considered "whether the [correction board]'s denial of [the plaintiff]'s motion for reconsideration was contrary to law under its regulation and precedent."  <u>Kreis</u>, 406 F.3d at 685.  In that case, like this one, the correction board denied the plaintiff's petition because the plaintiff had failed to present new evidence of material error or injustice.  <u>See id.</u>  The court recognized that the applicable standard for determining whether the correction board's denial was proper was that set forth in the regulation governing requests for reconsideration, which required a petitioner to submit new relevant evidence.  <u>Id.</u>[7]  In <u>Kreis</u>, the petitioner submitted three declarations in support of his petition, but the correction board refused to consider the declarations as evidence because they were uncorroborated, even though, the court concluded, it had considered uncorroborated evidence in the past.  <u>See id.</u> at 687.  The court held that

---

[7]The Air Force regulation considered in <u>Kreis</u> is slightly different from the Navy regulation, but both require a petitioner to present new evidence not previously considered and not reasonably available to the petitioner at the time of his previous application; the Navy regulation imposes the additional requirement that the evidence be "material."  <u>Compare</u> 32 C.F.R. § 865.9(c) (Air Force), <u>with</u> 32 C.F.R. § 723.9 (Navy).

the correction board's refusal was arbitrary because it was "inconsistent with [Air Force] regulations and an unexplained departure from [board] precedent." Id. Here, there is no basis for setting aside the BCNR decision because plaintiff failed to submit any evidence at all. Indeed, the BCNR's conclusion that plaintiff failed to submit new and material evidence qualifies as a finding of fact that the Court must uphold if it is supported by "substantial evidence." Burt v. Winter, 503 F. Supp. 2d 388, 391 n.2 (D.D.C. 2007). Since it is undisputed that plaintiff submitted no evidence in connection with his final petition for reconsideration, the BCNR's finding must stand.[8]

Plaintiff suggests that defendant is engaging in "a textbook example of impermissible post hoc rationalization" by describing various types of evidence that plaintiff could have submitted in support of his petition, in addition to the statistical evidence that the BCNR decision expressly mentioned. Pl. Opp. at 7-8. This suggestion is senseless. The BCNR's decision in no way limited the nature of the evidence that plaintiff could have submitted in support of his petition, before the BCNR's decision was issued. Nor was the BCNR required to imagine, and then list in its decision, every conceivable form that plaintiff's evidence might have taken. The relevant fact was – and is – that plaintiff submitted no evidence at all and therefore failed to sustain his burden before the BCNR. Cf. Old Dominion Elec. Co. v. FERC, 518 F.3d 43, 54 (D.C. Cir. 2008) (recognizing that

---

[8] Plaintiff asserts that the objections raised in his March 2, 2006 settlement letter "were in no way refuted by the fact that no records were re-graded in connection with the SERB." Pl. Opp. at 7. Essentially, he challenges the BCNR's conclusion that the matter raised in the 2006 letter repeated the matter raised previously. However, the subject of plaintiff's 2003 challenge was, as in 2006, the 1996 equal opportunity provision. In 2003, he argued that the provision was invalid because it required regrading, which favored minorities. In 2006, he argued that the provision was invalid because it favored minorities. In neither case did plaintiff submit any evidence that any error in the language of the provision was material with respect to his selection by the 1996 SERB. Absent any such evidence, the 2006 BCNR was entirely justified in reaching the conclusion that plaintiff failed to meet his burden.

- 13 -

"FERC's statement in its brief that Petitioners failed to sustain their burden of proof on the issue of undue discrimination, is not a post-hoc rationalization" where the record indicated that FERC had previously observed that petitioners had failed to show that similarly situated entities had been treated differently). Because the BCNR's decision was neither arbitrary nor capricious and adhered to applicable standards of BCNR decisionmaking, defendant is entitled to judgment as a matter of law.

## IV.    IF THE COURT RULES IN FAVOR OF PLAINTIFF, IT MUST REMAND TO THE SECRETARY

In arguing that remand is inappropriate, plaintiff again fails to distinguish between the special board proceeding that is the sole remedy available to a plaintiff seeking to challenge his selection for early retirement, see 10 U.S.C. § 1558(f), and the SSB proceeding conducted pursuant to 10 U.S.C. § 628 as a remedy for challenges to promotion board decisions. Again, plaintiff seeks to leapfrog over the question of whether his selection for early retirement should be declared void, thus procuring constructive reinstatement without any Navy decision that reinstatement is warranted, and proceed straight to the question of whether he should now be promoted. Contrary to plaintiff's assertion, § 628 is not in play here. Plaintiff's request to the BCNR for a SSB to consider him for promotion did not allege that he was already eligible to be considered for promotion, nor could it have.[9] Rather, his challenge was to his selection for early retirement, which is governed by 10

_____

[9]Section 628 provides for SSBs to be convened in two circumstances. First, the Secretary "shall convene" an SSB if he determines that, "because of administrative error a person who should have been considered for selection for promotion by a promotion board was not so considered." 10 U.S.C. § 628(a). Second, where a person was considered for promotion by a promotion board, but was not promoted, the Secretary may convene an SSB if he determines that "there was material unfairness" in the promotion board "with respect to that person." Id. § 628(b). Because plaintiff was never considered for promotion, § 628(b) does not apply. Section 628(a) also does not apply because plaintiff does not allege that his failure to be considered for

U.S.C. § 1558.  Plaintiff cannot possibly be eligible for consideration by a promotion board where the Navy has never determined, after considering the question anew, that plaintiff should not be selected for early retirement. The Court is in no position to make that determination itself, and to do so would be to cross over the line between permissible judicial review of military decisionmaking and unwarranted interference in military personnel matters.  See Kreis, 406 F.3d at 686 (recognizing that "the district court's jurisdiction does not reach military personnel decisions").

Moreover, plaintiff's invocation of the "second bite at the apple" doctrine, Pl. Opp. at 8, is unfounded.  The basis for the BCNR's decision not to correct plaintiff's record was that plaintiff failed to meet his evidentiary burden.  The BCNR's consideration of plaintiff's claim halted at the point it made that determination.  If the Court were to reverse that decision, this would indicate the Court's conclusion that the BCNR applied an incorrect standard when it placed this evidentiary burden on the plaintiff and required the burden to be met before the BCNR would consider whether legal error actually occurred.  The proper course of action would therefore be to remand to the BCNR so that it may apply the correct standard.  County of Los Angeles v. Shalala, 192 F.3d 1005, 1011 (D.C. Cir. 1999).  If the Court were to agree with plaintiff that the burden was on the Secretary to defend the validity of the equal opportunity instruction, the BCNR must be allowed an opportunity to consider plaintiff's petition in light of that requirement.

Plaintiff points out that the BCNR may deny a petition based on laches, but contends that because the BCNR did not do so when considering plaintiff's petition before, the Secretary is barred

---

promotion was because of any "administrative error" – which indicates an inadvertent technical oversight of some kind; rather, he raises a constitutional challenge to his selection for early retirement.  Plaintiff's suggestion would, again, render 10 U.S.C. § 1558(f) meaningless and allow any involuntarily retired servicemember to leapfrog over the special board requirement by seeking immediate promotion under 10 U.S.C. § 628 instead.

from raising such a defense either before this Court or before the BCNR on remand. However, neither the Secretary nor the BCNR had occasion to invoke laches in the prior BCNR proceedings because the BCNR never conducted an investigation into the background of and justification for the 1996 equal opportunity instruction. The BCNR may well see fit to consider the possibility of prejudice to the government if the Court were to reallocate the respective burdens between a BCNR applicant and the Navy in the way that plaintiff suggests is proper. The BCNR is in a better position than this Court to consider these issues, and there is no basis for denying the Secretary an opportunity to reach a new decision on plaintiff's petition in light of whatever corrected standards might be provided by the Court.[10]

In arguing that remand is unnecessary, plaintiff essentially contends that the Secretary has waived any right to determine whether – even if the equal opportunity instruction were deemed facially invalid – plaintiff's selection for early retirement should be declared void as a result. However, courts have consistently recognized that that decision is the Secretary's to make. Christian v. United States, 337 F.3d 1338, 1348-49 (Fed. Cir. 2003); Ricks v. United States, 65 Fed. Cl. 826, 833-34 (2005); Christensen v. United States, 60 Fed. Cl. 19, 28-29 (2004); Saunders v. White, 191 F. Supp. 2d 95, 138 (D.D.C. 2002). Indeed, the requirement in 10 U.S.C. § 1558(f) indicates that Congress intended to preserve the ultimate authority of the Secretary to make such decisions. If plaintiff had proceeded, as he should have, by requesting a special board to consider his selection

---

[10]Plaintiff also opposes the applicability of laches in this case on the ground that the Secretary has failed to point to specific evidence that might now be unavailable. Pl. Opp. at 4. The burden that would be involved in identifying such evidence is part of the problem. Furthermore, the Secretary has had no occasion at this point to search for such evidence because the BCNR never conducted an evidentiary investigation on the matter, and this case, in its current posture as an APA challenge to the BCNR decision (if the Court does not dismiss for lack of jurisdiction), must be decided on the administrative record.

for early retirement anew, and the Secretary had denied that request, § 1558(f) would clearly require this Court, if it were to reverse the Secretary's denial, to remand with instructions to convene a special board. Plaintiff should not be allowed to circumvent this requirement simply by not requesting a special board in the first place.

## V. PLAINTIFF'S CLAIM IS BARRED BY SOVEREIGN IMMUNITY BECAUSE THE ONLY RELIEF HE MIGHT ULTIMATELY OBTAIN AS A MATTER OF ENTITLEMENT IS MONETARY

As one member of the D.C. Circuit has recently confirmed, the APA's waiver of sovereign immunity only extends to actions "seeking relief other than money damages" and does not apply where a plaintiff seeks "equitable relief which 'in essence' represents a monetary recovery" even where money is not expressly requested in the Complaint. Larsen v. U.S. Navy, 525 F.3d 1, 7 (D.C. Cir. 2008) (Williams, J., concurring) (quoting Kidwell v. Dep't of the Army, 56 F.3d 279, 284 (D.C. Cir. 1995)). Thus, "where the relief sought lacks 'significant non-monetary value,' it will be treated as a form of money damages." Id. (quoting Tootle v. Sec'y of the Navy, 446 F.3d 167, 175 (D.C. Cir. 2006)) (citation omitted). In Larsen, while the other panel members ordered the case dismissed on mootness grounds, Judge Williams recognized that Navy chaplains seeking "constructive credit" toward their pay and retirement benefits were in essence seeking money damages, and he would therefore have ordered dismissal on sovereign immunity grounds. Id. at 8. This analysis is in line with Circuit precedent, as discussed in defendant's prior briefing. See Def. Op. Br. at 34-37.

Here, plaintiff's effort to overcome the sovereign immunity bar by arguing that he stands to gain something from this suit other than the monetary relief that would result from constructive credit falls flat. Plaintiff acknowledges that if his SERB were set aside, he would not be entitled to return to active duty as a Commander because he would have completed the maximum 28 years of

active service.  Pl. Opp. at 10 (citing 10 U.S.C. § 633).  Plaintiff also acknowledges that if he were considered for promotion to Captain, and were, as a result of that consideration, selected for promotion, he still would not be entitled to return to active duty because he would have completed the maximum 30 years of active service at that grade.  Id. (citing 10 U.S.C. § 634).  Indeed, plaintiff passed this 30-year point in April 2005, before plaintiff filed his Complaint in this case.[11]

Plaintiff's only claim to a nonmonetary stake in this case is based on the speculation that certain further steps, none of which are mandatory on the part of the Secretary, might occur.  First, plaintiff points out that because he is a Chaplain, his retirement might be deferred if the Secretary, after first determining that "such deferral is in the best interest of the [Navy]," exercises his discretion to do so.  Id. at 11; see 10 U.S.C. § 1251(c).  Plaintiff also points out that if he were selected for promotion to Captain, that promotion might lead to further promotions with related further extensions of the statutory limits on active service.  Pl. Opp. at 11 n.5 (citing 10 U.S.C. §§ 619, 635, 636).  Plaintiff has no entitlement to either a discretionary deferral of retirement or any of these possible promotions, and he cannot reasonably claim that this string of mere possibilities constitutes equitable relief "of considerable value independent of any future potential for monetary relief," Bublitz v. Brownlee, 309 F. Supp. 2d 1, 7 (D.D.C. 2004), particularly where plaintiff's entitlement to monetary relief exceeding $10,000, in the form of back pay, would arise as soon as plaintiff's SERB selection were declared void, before any of the allegedly significant nonmonetary

_____

[11]The fact that plaintiff had exceeded the statutory limit on years of service, even at the grade of Captain, prior to initiating this action contravenes plaintiff's suggestion that defendant's briefing schedule has "whittled away the time" that plaintiff could spend in active service.  Moreover, plaintiff's expressions of impatience ring hollow when one considers that he waited for nearly six years before raising any question at all concerning his selection for early retirement, and waited more than seven years before questioning the equal opportunity instruction.

benefits could be realized. The mere chance to be considered for a promotion is also not of considerable independent value. Bliss v. England, 208 F. Supp. 2d 2, 7 & n.2 (D.D.C. 2002) (questioning whether even the certainty of a higher rank at retirement could be considered of significant independent value). Plaintiff has failed to show that the equitable relief he claims to seek is substantial. Accordingly, the APA does not waive sovereign immunity here, and this case belongs in the Court of Federal Claims.[12]

## CONCLUSION

For the foregoing reasons and those previously submitted, defendant's cross-motion for summary judgment should be granted.

Dated: July 18, 2008                     Respectfully submitted,

                                         GREGORY G. KATSAS
                                         Assistant Attorney General
                                         JEFFREY A. TAYLOR
                                         United States Attorney
                                         VINCENT M. GARVEY
                                         Deputy Branch Director

                                         **/s/ Kathryn L. Wyer**
                                         KATHRYN L. WYER
                                         Trial Attorney, U.S. Department of Justice
                                         Civil Division, Federal Programs Branch
                                         20 Massachusetts Ave. NW
                                         Washington, D.C. 20530
                                         Telephone: (202) 616-8475 / Fax: (202) 616-8470
                                         kathryn.wyer@usdoj.gov
                                         *Attorneys for Defendant*

---

[12]As defendant has previously noted, because in the Federal Circuit the statute of limitations on such claims begins to run on the date of the SERB selection, regardless of any subsequent correction board proceeding, plaintiff's claim would be subject to dismissal in the Court of Federal Claims as untimely, but this has no bearing on the sovereign immunity analysis. See Def. Op. Br. at 35 n.15 (citing Martinez v. United States, 333 F.3d 1295, 1320 (Fed. Cir. 2003) (en banc)).